1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Jeffery D. McFarland (Bar No. 157628)
2     jeffmcfarland@quinnemanuel.com
      Stan Karas (Bar No. 222402)
3     stankaras@quinnemanuel.com
      A.J. Bedel (Bar No. 243603)
4     ajbedel@quinnemanuel.com
      865 South Figueroa Street, 10th Floor
5     Los Angeles, California 90017-2543
      Telephone:    (213) 443-3000
6     Facsimile:    (213) 443-3100

7  Attorneys for Defendant ACER AMERICA
   CORPORATION

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13  KEVIN EMBRY, an individual, on behalf of      CASE NO. C09 01808 HRL
    himself, the general public and those similarly
14  situated,                                     NOTICE OF REMOVAL OF ACTION TO
                                                  FEDERAL COURT
15              Plaintiff,
                                                  [Diversity Jurisdiction, 28 U.S.C. §§
16        vs.                                     1332(d)(2), 1453, 1441, 1446]

17  ACER AMERICA CORPORATION, a
    California corporation; and Does 1 through 50,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

22689/2885100.2

                                                                        Case No.
        NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR
2  ATTORNEYS OF RECORD:
3    PLEASE TAKE NOTICE that defendant Acer America Corporation ("Acer") hereby
4  removes this action to the United States District Court for the Northern District of California, and
5  in support thereof, respectfully shows the Court as follows:
6
7                          **STATEMENT OF THE CASE**
8
9    i.    Plaintiff seeks to certify a nationwide class of Acer customers who purchased and
   Acer computer "that was advertised or marketed by [Acer] to include a Microsoft Windows
10 operating system but did not include removable media (such as CD-rom or DVD-rom) with the
11 same functionality as the Windows operating system that could be separately purchased from
12 Microsoft." *See* Compl. ¶ 28.
13   ii.   Plaintiff seeks, on behalf of himself and the purported class, compensatory
14 damages, restitution, statutory penalties, injunctive relief, and attorneys' fees and costs. *See* Prayer
15 for Relief, Compl. at 17.
16   iii.  This action was filed on March 25, 2009, and is removable under the Class Action
17 Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b).  Acer has satisfied all
18 procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United States
19 District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446
20 and 1453.
21
22                               **JURISDICTION**
23   iv.   This court holds diversity jurisdiction over this action, according to 28 U.S.C. §
24 132 (d)(2).
25
26
27
28

## THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

iv.     CAFA fundamentally changed the legal standards governing removal jurisdiction. Believing that state courts were not adequately protecting defendants against class action abuses, Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court." S. Rep. No. 109-14, at *43 (2005). Rather than emphasize a strict construction of the statute against removal jurisdiction, Congress instructs district courts to "err in favor of exercising jurisdiction." *Id.* at 42-43. As shown below, the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2), are satisfied.

v.     ***Class Action.*** This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiff styles his complaint a "Class Action" and alleges that he brings it "on behalf of himself and all others similarly situated." Compl. ¶ 28.

vi.     ***Diversity of Citizenship.*** At the time this lawsuit was filed and as of the date of this notice, Acer was and is a California corporation with its principal place of business in San Jose. *See* Compl. ¶ 3. At the time of the filing of this action and as of the date of this notice, the named plaintiff, Kevin Embry, was and is a resident and citizen of Illinois. *See id.* ¶ 2. Because at least one member of the proposed class is from a state other than California, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

Acer's alleged California citizenship does not affect its right to remove this action. 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought.")

vii.     ***Amount in Controversy.*** Defendant believes that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, satisfying the amount in

22689/2885100.2

1   controversy requirement of 28 U.S.C. § 1332(d)(2). Plaintiff's request includes a class action

2   demand for the following:

3           (1)     Restitution damages under California Business & Professions Code §§

4   17200, et seq. and 17500, et seq.;

5           (2)     Compensatory and punitive damages;

6           (3)     Injunctive relief;

7           (4)     Costs; and

8           (5)     Attorneys' fees.

9   *See* Prayer for Relief, Compl. at 17.   Aggregation of these potential damages and expenses brings

10  this matter within the purview of CAFA.

11          Under CAFA, the amount in controversy is determined by aggregating the claims of all

12  individual class members. 28 U.S.C. § 1332(d)(6).  A court must "assume that the allegations of

13  the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims

14  made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d

15  993, 1001 (C.D. Cal. 2002) (quotations omitted); *see also Theis Research, Inc. v. Brown & Bain*,

16  400 F.3d 659, 664 (9th Cir. 2005) ("The question is not whether [the defendant] was successful in

17  its . . . defense.  The question is whether the amount of damages [the plaintiff] claimed in its

18  complaint was asserted in good faith; if so, that amount controls for purposes of diversity

19  jurisdiction.").  Thus, it is irrelevant to assessing the amount in controversy that Acer denies

20  liability and denies that plaintiffs are entitled to the type and amount of relief requested.  Rather,

21  the Court should consider that plaintiff may try to seek as damages a refund of the purchase price

22  of the numerous computers at issue, in addition to other monetary claims.  Acer has sold more

23  than ten thousand of the computers at issue, which easily satisfies the jurisdictional requirement.

24          Further, where, as here, the complaint does not state the amount in controversy, the Court

25  should conduct an independent common sense review of that jurisdictional issue. *Fiore v. First*

26  *American Title Ins. Co.*, 2005 WL 3434074, *3 (S.D.Ill. 2005) (denying motion to remand in a

27  case removed under CAFA based on a "common sense" reading of a complaint brought on behalf

28  of a large class with potentially significant claims, and rejecting as "wishful thinking" plaintiff's

1   claims that the complaint seeks less than the jurisdictional amount); *see also Bosinger v. Philips*

2   *Plastics Corp.*, 57 F.Supp.2d 986, 988 (S.D.Cal. 1999) (where the complaint does not state the

3   amount in dispute, the court may perform an independent analysis of the allegations upon a

4   motion to remand); *Lininger v. State Farm Fire & Cas.*, 958 F. Supp. 519 (D.Kan. 1997) (finding

5   federal jurisdiction based upon an independent examination of the complaint, and rejecting

6   plaintiff's stipulation that he sought less than $50,000).

7           Moreover, the costs of injunctive relief sought by plaintiff also contribute to the

8   amount in controversy substantially.  In determining the value of the requested injunctive relief

9   under CAFA, the Court may consider the defendant's cost of compliance.  S. Rep. No. 109-14, at *

10  41 (because CAFA permits aggregation of damages, the cases valuing injunction solely from the

11  perspective of its benefit to the class are no longer relevant).  *See also* 15 JAMES WM. MOORE ET

12  AL., MOORE'S FEDERAL PRACTICE § 102.109 [6][b]; Sarah S. Vance, *A Primer On the Class*

13  *Action Fairness Act of 2005*, 80 TUL. L. REV. 1617, 1629 (2006) ("the proper approach to valuing

14  claims for injunctive relief under CAFA seems to be to use the total benefit to the plaintiff class <u>or</u>

15  <u>the aggregate cost to the defendant.</u>") (emphasis added).  Although plaintiff does not specify the

16  injunctive relief he seeks, it appears that he is demanding that Acer include with its computers

17  back-up disks that it sells for $25.00.  Considering the volume of computers at issue, the requested

18  injunctive relief would be quite costly.

19          Finally, plaintiff's demand for punitive damages and attorneys' fees supports a finding that

20  the jurisdictional threshold of the amount in controversy is satisfied.  Punitive damages are part of

21  the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

22  Attorneys' fees, if authorized by statute or contract, are also part of the calculation.  *Kroske v. U.S.*

23  *Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  The litigation of this nationwide class action is

24  likely to be lengthy and complex.

25          viii.    ***Number of Proposed Class Members.***  As Plaintiff admits in his Complaint, the

26  proposed nationwide Class is comprised of "more than 500 persons."  Compl. ¶ 30.  Accordingly,

27  the action satisfies the requirement of 28 U.S.C. § 1332(d)(5) that the proposed class include at

28  least 100 persons.

1    ix.    **Timeliness.** This removal notice is timely filed as required by 28 U.S.C. § 1446(b).

2    Acer was served with the Complaint on March 26, 2009 and files this notice within thirty days

3    after receipt of the Complaint.

4    x.    **Exceptions Do Not Apply.** The exceptions to removal under 28 U.S.C. §§ 1332(d)

5    and 1446 do not apply.

6

7    ## THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

8    xi.    Acer has complied with 28 U.S.C. §§ 1446(a) & (d). Under 28 U.S.C. § 1446(a), a

9    true and correct copy of all of the process, pleadings, or orders on file in the state court or served

10   on Acer in the state court are attached as Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), a notice of

11   filing of removal, with a copy of this notice of removal attached thereto, has been filed with the

12   clerk of the Superior Court of the State of California, County of Santa Clara, Case No. 109-CV-

13   138187, and Acer has served a notice of filing of removal, with a copy of the notice of removal

14   attached thereto, on plaintiff's attorneys. Copies of the notice and the certificate of service of the

15   notice to plaintiff and the Superior Court of the State of California, County of Santa Clara, are

16   attached as Exhibit 2. (Exhibit A to Exhibit 2, which is a copy of this notice, is not attached for

17   the Court's convenience. Defendant will provide it upon request.)

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

By this notice, Acer does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Acer intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Acer prays that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that Acer obtain all additional relief to which it is entitled.

DATED: April 23, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Jeffery D. McFarland / AJB_
Jeffery D. McFarland
Attorneys for defendant ACER AMERICA
CORPORATION

22689/2885100.2

-7-

Case No.
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT 1

1   **GUTRIDE SAFIER LLP**
    ADAM J. GUTRIDE (State Bar No. 181446)
2   SETH A. SAFIER (State Bar No. 197427)
    835 Douglass Street
3   San Francisco, California 94114
    Telephone: (415) 336-6545
4   Facsimile: (415) 449-6469

5

6   Attorneys for Plaintiff

7

    ENDORSED

    2009 MAR 25 P 2: 01

    David H. Yamasaki, Chief of the Superior Court
    County of Santa Clara, California
    By_____
    A. Thao, Deputy Clerk

7         SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             COUNTY OF SANTA CLARA

9                   **109CV138187**

10   KEVIN EMBRY, an individual, on behalf of himself, the
11   general public and those similarly situated

12     Plaintiff,

13       v.

14   ACER AMERICA CORPORATION; AND DOES 1
15   THROUGH 50

16     Defendants

CASE NO.

UNLIMITED CIVIL CASE

CLASS ACTION COMPLAINT
FOR FALSE ADVERTISING;
VIOLATION OF THE CALI-
FORNIA CONSUMERS LE-
GAL REMEDIES ACT;
FRAUD, DECEIT AND/OR
MISREPRESENTATION; AND
UNFAIR BUSINESS PRAC-
TICES

JURY TRIAL DEMANDED

17

18

19

20

21

22

23

24

25

26

27

28

-1-

Class Action Complaint

FAXED

1    Kevin Embry, by and through his counsel, brings this Class Action Complaint against

2  Defendants, on behalf of himself and those similarly situated, for violations of sections 17200 and

3  17500 *et seq.* of the California Business and Professions Code; violation of the California

4  Consumers Legal Remedies Act; and fraud, deceit and/or misrepresentation. The following

5  allegations are based upon information and belief, including the investigation of Plaintiff's

6  counsel, unless stated otherwise.

7                                    **INTRODUCTION**

8        1.     Defendants unfairly, unlawfully and deceptively market and advertise personal

9  computers as including genuine Microsoft Windows Vista or Windows XP operating systems.  In

10  fact, Defendants only provide to their customers a subset of the Windows Vista or XP

11  functionality.  Moreover, Defendants do not include with their computers any removable media

12  (such as CD-roms or DVD-roms), so if the operating system fails, consumers have no way to

13  troubleshoot the system or restore it.   Defendants instead charge customers an additional

14  approximately $25, to obtain CD-roms with copies of the preinstalled software, but these CD-

15  roms also do not have the full functionality of the Microsoft Windows operating systems.

16                                    **PARTIES**

17        2.     Kevin Embry ("Plaintiff") is, and at all times alleged in this Class Action

18  Complaint was, an individual and a resident of the City of Bloomington, Illinois.

19        3. ·     Defendant Acer America Corporation is a corporation incorporated under the laws

20  of the state of California, having its principal place of business in San Jose, California.

21        4.      The true names and capacities of Defendants sued as Does 1 through 50 inclusive

22  are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

23  section 474 of the California Code of Civil Procedure.  Plaintiff will seek leave of Court to amend

24  this Class Action Complaint when said true names and capacities have been ascertained.

25        5.     The Parties identified in paragraphs 3 through 4 of this Class Action Complaint are

26  collectively referred to hereafter as "Defendants" or "Acer."

27        6.     At all times herein mentioned, each of the Defendants was the agent, servant,

28  representative, officer, director, partner or employee of the other Defendants and, in doing the

1    things herein alleged, was acting within the scope and course of his/her/its authority as such

2    agent, servant, representative, officer, director, partner or employee, and with the permission and

3    consent of each Defendant.

4         7.    At all times herein mentioned, Defendants, and each of them, were members of,

5    and engaged in, a joint venture, partnership and common enterprise, and acting within the course

6    and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

7         8.    At all times herein mentioned, the acts and omissions of Defendants, and each of

8    them, concurred and contributed to the various acts and omissions of each and all of the other

9    Defendants in proximately causing the injuries and damages as herein alleged.

10         9.    At all times herein mentioned, Defendants, and each of them, ratified each and

11    every act or omission complained of herein.  At all times herein mentioned, the Defendants, and

12    each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

13    proximately causing the damages, and other injuries, as herein alleged.

14                     **JURISDICTION AND VENUE**

15         10.    This action is brought by Plaintiff pursuant, *inter alia*, to the California Business

16    and Professions Code, section 17200, *et seq.*  Plaintiff and Defendants are "persons" within the

17    meaning of the California Business and Professions Code, section 17201.

18         11.    The injuries, damages and/or harm upon which this action is based, occurred or

19    arose out of activities engaged in by Defendants within, affecting, and emanating from, the State

20    of California.

21         12.    Defendants have engaged, and continue to engage, in substantial and continuous

22    business practices in the State of California, including in the City of San Jose and County of

23    Santa Clara.

24         13.    Accordingly, Plaintiff alleges that jurisdiction and venue are proper in this Court.

25                     **SUBSTANTIVE ALLEGATIONS**

26           **Defendants Market, Advertise and Sell Nationwide Computers**

27         14.    Acer is one of the world's five biggest vendors of personal computers ("PCs").

28         15.    In each of the PCs that Defendants sell, they market and advertise that the PC

1   includes a particular "Genuine Windows" operating system.   For example, Acer markets and

2   advertises, without limitation, that their computers include the following:

3       Genuine Windows Vista® Home Premium.

4       The Windows Genuine Advantage

5       About genuine Windows®:

6       Genuine Windows software is published by Microsoft and is supported by Microsoft or an
        authorized licensor. Genuine Microsoft® Software gives you access to all the latest
7       updates and helps keep your computer performing at its best by helping protect you from
        the risks and problems of counterfeit software.

8
        Acer supports genuine Microsoft software. Microsoft products are licensed by Acer and
9       accompanied by a Microsoft Certificate of Authenticity (COA) affixed to your computer.
        You can find out if you're running Genuine Windows by clicking Validate Windows on
10      www.microsoft.com/genuine. Microsoft values your privacy and does not use any
        information collected during the validation process to contact or identify you. Read the
11      Windows Genuine Advantage Privacy Statement.

12  But Defendants do not provide to their customers the represented Windows operating system.

13  Rather, Defendants deceptively provide to their customers an installed, OEM version of the

14  Windows operating system with less functionality than the genuine Windows system, including

15  missing parts of the startup repair and system recovery functionality.

16      16.     With respect to certain other software that is preinstalled on their PCs, when

17  Defendants advertise that such software is preinstalled, they place an asterisk on marketing

18  materials to denote that the software is "*OEM, not full-featured, version." Defendants do not

19  include such an asterisk with regard to the Windows software.  The omission of this asterisk adds

20  to the deception.

21      17.     Moreover, Defendants do not include with their PCs any removable media—i.e.,

22  CDs or DVDs—containing the Windows operating system or other software.  Other PC

23  manufacturers, by contrast, regularly include such media, and reasonable consumers expect such

24  media to be included in the box with a new PC.  Instead of including the media, Defendants

25  charge customers an additional approximately $25 plus shipping if they wish to receive copies of

26  the "System Disk" and "Recovery Disks."  In their marketing materials and packaging for the

27  PCs, however, Defendants do not disclose the absence of the media or the additional cost required

28  to purchase it.

1      18.    When customers do purchase the "System Disk" and "Recovery Disks,"

2  Defendants provide disks that again lack the full functionality of the Windows operating system,

3  including many of Windows' troubleshooting and restoration features and utilities, including

4  without limitation the "memtest" and "bootfix" utilities. But Defendants do not disclose the

5  limited functionality of the System Disk and Recovery Disks prior to charging customers the

6  additional fee for purchase of those disks.

7      19.    Defendants are aware that the missing disks, options and utilities are required to

8  diagnose, reboot and/or restore customers' PCs when they malfunction.

9      20.    Defendants engage in these deceptive acts to increase their revenues.

10  **Defendants Intentionally Omitted To Inform Plaintiff That He Was Not Purchasing A**
11  **"Full-Featured" Version Of His Windows Operating System Software, Including A Version**
      **Of His Windows Operating System Software On CD Or DVD.**

12      21.    On or about February 16, 2008, Plaintiff purchased from Walmart an Acer Aspire

13  5920 notebook computer for approximately $698.00. Plaintiff made the purchase after seeing that

14  the computer was advertised and marketed as including the genuine Windows Vista® operating

15  system.

16      22.    On their website, Defendants further marketed and advertised the Aspire

17  computers as including certain additional software such as, without limitation, anti-virus software

18  and CD maker software. Unlike the genuine Windows Vista® operating system software, the

19  antitrust virus and CD marker software representations were followed by an asterisk and a

20  disclaimer. Specifically, they state "Anti-virus software (trial version)*" and "NTI CD-Maker™

21  Gold*." Defendants' marketing and advertising materials further explained that this software was

22  "*OEM, not full-featured, version."

23      23.    Based on Plaintiff's prior experience with PCs purchased at retail, Plaintiff had

24  expected at the time of purchase that the computer would include a CD or DVD containing the

25  operating system and other software. Defendants, however, intentionally, unlawfully and

26  deceptively failed to inform Plaintiff that he would not receive a DVD or CD for his Windows

27  Vista® software and/or that the Windows Vista® software was incomplete. Moreover, unlike the

28  included anti-virus and CD-maker software, Defendants intentionally failed to inform Plaintiff,

1  and those similarly situated, that the include Microsoft operating system software was an "OEM"

2  and not a "full-featured version."

3      24.     On or around February 18, 2008, the computer would not boot. Plaintiff wanted to

4  run diagnostics on his computer that he knew to be included with the Windows operating system,

5  but because there were no disks included with the computer, there was nothing he could do.

6      25.     Plaintiff called Acer on around February 18, 2008 to explain that he wanted to run

7  certain diagnostic tools that should have been resident on an included Windows Vista CD or

8  DVD. Defendants informed Plaintiff that they could not send the official Windows Vista DVD or

9  CD to him, and if he wanted that CD he would have to purchase a new retail copy of Windows

10 Vista from Microsoft or a local retailer. Defendants alternatively suggested that Plaintiff could

11 buy from them several recovery CDs. Plaintiff purchased the recovery CDs from Defendants and

12 paid via money order approximately $25.00, including shipping and handling.

13     26.     While waiting for the CDs to arrive, Plaintiff returned the computer to Walmart to

14 be exchanged for another one of the identical type and price on or about February 23, 2008.

15 Walmart did not charge any money for the exchange.

16     27.     In late February and March 2009, Plaintiff started experiencing trouble with his

17 computer. Plaintiff attempted to diagnose and repair the problems, including by defragmenting

18 his hard drive. After the attempt at defragmentation, the computer crashed and would not reboot.

19 As Plaintiff did not have the Windows Vista start up disk, he could not repair or diagnose the

20 problem(s). Although Plaintiff had received three CDs from Acer in exchange for the $25 he

21 paid—one called "System Disk" and two called "Recovery Disk"—Plaintiff could not use those

22 CDs to troubleshoot or fix the problems with his PC, because the disks do not include the

23 troubleshooting and restoration applications that are part of Microsoft Vista. Rather, unlike a

24 genuine Windows program, the CDs merely permitted Plaintiff to reinstall the factory-installed

25 version of Windows and erase all applications he had subsequently installed. Plaintiff also tried

26 to use his own CD on which he had burned a copy of the Windows software that had been

27 preinstalled on his hard drive, but that was also ineffective, presumably because the OEM version

28 of Windows Vista that had been preinstalled by Acer did not contain all features of Windows

1  Vista. Plaintiff tried to obtain a copy of Windows Vista directly from Microsoft but was told that

2  Microsoft could not provide it and that he would have to contact Acer.

3                                    **CLASS ALLEGATIONS**

4         28.    Plaintiff brings this action against Defendants on behalf of himself and all others

5  similarly situated, as a class action pursuant to section 382 of the California Code of Civil

6  Procedure and section 1781 of the California Civil Code. Plaintiff seeks to represent a group of

7  similarly situated persons. The group is defined as follows:

8         All persons who, from March 24, 2005 through the present, purchased in the
          United States a PC manufactured by Defendants that was advertised or mar-
9         keted by Defendants to include a Microsoft Windows operating system but
          did not include removable media (such as a CD-rom or DVD-rom) with the
10        same functionality as the Windows operating system that could be separately
          purchased from Microsoft.
11

12        29.    This action has been brought and may properly be maintained as a class action

13  against the Defendants pursuant to the provisions of California Code of Civil Procedure section

14  382 because there is a well-defined community of interest in the litigation and the proposed class

15  is easily ascertainable.

16        30.    Numerosity: Plaintiff does not know the exact size of the class, but it is estimated

17  that it is composed of more than 500 persons. The persons in the class are so numerous that the

18  joinder of all such persons is impracticable and the disposition of their claims in a class action

19  rather than in individual actions will benefit the parties and the courts.

20        31.    Common Questions Predominate: This action involves common questions of law

21  and fact to the potential class because each Class Member's claim derives from the deceptive,

22  unlawful and/or unfair statements and omissions that led customers to believe that they would be

23  (but were not) provided with a complete version of the Windows operating system, including the

24  utilities and/or CD(s) or DVD(s) necessary to repair, restore and/or diagnosis their computers.

25  The common questions of law and fact predominate over individual questions, as proof of a

26  common or single set of facts will establish the right of each member of the Class to recover.

27  Among the questions of law and fact common to the class are:

28        a)     Whether Defendants unfairly, unlawfully and/or deceptively failed to

-6-

Class Action Complaint

1  inform consumers that they were purchasing an incomplete Windows operating system—i.e., a

2  operating system that did not include the necessary Windows operating system disks and utilities

3  necessary to reboot, restore, or diagnose problems with their computers;

4          b)     Whether Defendants unfairly, unlawfully and/or deceptively failed to

5  inform class members that they were purchasing a Windows operating system that was OEM, and

6  not a full-featured version;

7          c)     Whether Defendants' advertising and marketing regarding the computers

8  that they sold was likely to deceive Class Members or was unfair;

9          d)     Whether Defendants engaged in the alleged conduct knowingly, recklessly,

10  or negligently;

11          e)     The amount of revenues and profits Defendants received and/or the amount

12  of monies or other obligations lost by Class Members as a result of such wrongdoing;

13          f)     Whether Class Members are entitled to injunctive and other equitable relief

14  and, if so, what is the nature of such relief; and

15          g)     Whether Class Members are entitled to payment of actual, incidental,

16  consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the

17  nature of such relief.

18     32.     Typicality: Plaintiff's claims are typical of the class because Plaintiff purchased a

19  PC from Defendants that included a Windows operating system that was incomplete and/or not as

20  represented. Thus, Plaintiff and Class Members sustained the same injuries and damages arising

21  out of Defendants' conduct in violation of the law. The injuries and damages of each Class

22  Member were caused directly by Defendants' wrongful conduct in violation of law as alleged.

23     33.     Adequacy: Plaintiff will fairly and adequately protect the interests of all Class

24  Members because it is in his best interests to prosecute the claims alleged herein to obtain full

25  compensation due to him for the unfair and illegal conduct of which he complains. Plaintiff also

26  has no interests that are in conflict with or antagonistic to the interests of Class Members.

27  Plaintiff has retained highly competent and experienced class action attorneys to represent his

28  interests and that of the class. No conflict of interest exists between Plaintiff and Class Members

1   hereby, because all questions of law and fact regarding liability of Defendants are common to

2   Class Members and predominate over any individual issues that may exist, such that by prevailing

3   on his own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members.

4   Plaintiff and his counsel have the necessary financial resources to adequately and vigorously

5   litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to

6   the Class Members and are determined to diligently discharge those duties by vigorously seeking

7   the maximum possible recovery for Class Members.

8       34.    Superiority: There is no plain, speedy, or adequate remedy other than by

9   maintenance of this class action. The prosecution of individual remedies by members of the class

10  will tend to establish inconsistent standards of conduct for the Defendants and result in the

11  impairment of Class Members' rights and the disposition of their interests through actions to

12  which they were not parties. Class action treatment will permit a large number of similarly

13  situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

14  and without the unnecessary duplication of effort and expense that numerous individual actions

15  world engender. Furthermore, as the damages suffered by each individual member of the class

16  may be relatively small, the expenses and burden of individual litigation would make it difficult

17  or impossible for individual members of the class to redress the wrongs done to them, while an

18  important public interest will be served by addressing the matter as a class action.

19      35.    Nexus to California. The State of California has a special interest in regulating the

20  affairs of corporations that do business here. Defendants have their principal place of business in

21  California, and the acts complained of herein emanated from decisions made by Defendants in

22  California. Accordingly, there is a substantial nexus between Defendants' unlawful behavior and

23  California such that the California courts should take cognizance of this action on behalf of a

24  class of individuals who reside any where in the United States.

25      36.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

26  management of this action that would preclude its maintenance as a class action.

27

28

# CAUSES OF ACTION

## PLAINTIFF'S FIRST CAUSE OF ACTION
### (False Advertising, Business and Professions Code § 17500, et seq. ("FAL"))
### On Behalf Of Himself and the Class

37.    Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

38.    Beginning at an exact date unknown to Plaintiff, but within three (3) years preceding the filing of the Class Action Complaint, Defendants have made untrue, false, deceptive and/or misleading statements in connection with the advertising and marketing of their PCs throughout the United States.

39.    Defendants have made representations and statements (by omission and commission) that lead reasonable customers to believe that they will be provided with a complete Windows operating system, including all of the system utilities and CDs or DVDs necessary to reboot, restore and/or diagnose their computers.   Defendants, however, deceptively omit to inform customers that (1) they are receiving an OEM version of the Windows operating system, (2) their Windows operating system is not full-featured, (3) the packaging does not contain the Windows operating system software CDs, DVDs or utilities necessary to reboot, restore and/or diagnose their computers, (4) an additional approximately $25 must be paid to obtain copies of the System Disk and the Recovery Disks, and (5) the System Disk and the Recovery Disks do not contain the full features of the advertised Windows operating system.

40.    Plaintiff and those similarly situated relied to their detriment on Defendants' false, misleading and deceptive advertising and marketing practices.   Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, purchasing different computers, software or different warranties.

41.    Defendants' acts and omissions are likely to deceive the general public.

42.    Defendants engaged in these false, misleading and deceptive advertising and marketing practices to increase their profits.   Accordingly, Defendants have engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and

1  Professions Code.

2      43.    The aforementioned practices, which Defendants have used, and continue to use,

3  to their significant financial gain, also constitute unlawful competition and provide an unlawful

4  advantage over Defendants' competitors as well as injury to the general public.

5      44.    Plaintiff seeks, on behalf of those similarly situated, full restitution of monies, as

6  necessary and according to proof, to restore any and all monies acquired by Defendants from

7  Plaintiff, the general public, or those similarly situated by means of the false, misleading and

8  deceptive advertising and marketing practices complained of herein, plus interest thereon.

9      45.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit

10  Defendants from continuing to engage in the false, misleading and deceptive advertising and

11  marketing practices complained of herein.  The acts complained of herein occurred, at least in

12  part, within three (3) years preceding the filing of this Class Action Complaint.

13      46.    Plaintiff and those similarly situated are further entitled to and do seek both a

14  declaration that the above-described practices constitute false, misleading and deceptive

15  advertising, and injunctive relief restraining Defendants from engaging in any such advertising

16  and marketing practices in the future.  Such misconduct by Defendants, unless and until enjoined

17  and restrained by order of this Court, will continue to cause injury in fact to the general public

18  and the loss of money and property in that the Defendants will continue to violate the laws of

19  California, unless specifically ordered to comply with the same.  This expectation of future

20  violations will require current and future customers to repeatedly and continuously seek legal

21  redress in order to recover monies paid to Defendants to which Defendants are not entitled.

22  Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate

23  remedy at law to ensure future compliance with the California Business and Professions Code

24  alleged to have been violated herein.

25      47.    As a direct and proximate result of such actions, Plaintiff and the other members of

26  the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property

27  as a result of such false, deceptive and misleading advertising in an amount which will be proven

28  at trial, but which is in excess of the jurisdictional minimum of this Court.

1    48.    As a direct and proximate result of such actions, Defendants have enjoyed, and

2    continue to enjoy, significant financial gain in an amount which will be proven at trial, but which

3    is in excess of the jurisdictional minimum of this Court.

4                          PLAINTIFF'S SECOND CAUSE OF ACTION
         (Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, et seq.)
5                              On Behalf of Himself and the Class

6    49.    Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint

7    as if set forth herein.

8    50.    This cause of action is brought pursuant to the California Consumers Legal

9    Remedies Act, California Civil Code § 1750, et seq. ("CLRA").

10   51.    Defendants' actions, representations and conduct have violated, and continue to

11   violate the CLRA, because they extend to transactions that are intended to result, or which have

12   resulted, in the sale or lease of goods or services to consumers.

13   52.    Plaintiff and other Class Members are "consumers" as that term is defined by the

14   CLRA in California Civil Code § 1761(d).

15   53.    The PCs that Plaintiff (and others similarly situated Class Members) purchased

16   from Defendants were "goods" within the meaning of California Civil Code § 1761.

17   54.    The Recovery Disks and System Disks that Plaintiff (and others similarly situated

18   Class Members) purchased from Defendants were "goods" within the meaning of California Civil

19   Code § 1761.

20   55.    By engaging in the actions, representations and conduct set forth in this Class

21   Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(2), § 1770(a)(3),

22   § 1770(a)(5), § 1770(a)(7), and § 1770(a)(9) of the CLRA.  In violation of California Civil Code

23   §1770(a)(2), Defendants' acts and practices constitute misrepresentations of the source,

24   sponsorship, approval, or certification of goods or services.  In violation of California Civil Code

25   §1770(a)(2), Defendants' acts and practices constitute misrepresentations of the affiliation,

26   connection, or association with, or certification by, another.  In violation of California Civil Code

27   §1770(a)(5), Defendants' acts and practices constitute improper representations that the goods or

28   services that they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or

-11-

1  quantities, which they do not have. In violation of California Civil Code §1770(a)(7),

2  Defendants' acts and practices constitute improper representations that the goods or services that

3  they sell are of a particular standard, quality, or grade, or that goods are of a particular style or

4  model, when they were not. In violation of California Civil Code §1770(a)(9), Defendants

5  advertise goods or services with intent not to sell them as advertised.

6       56.     Specifically, Defendants acts and practices lead customers to believe that they will

7  be provided with a complete and genuine Microsoft Windows operating system, as certified by

8  Microsoft, including all of the system utilities and CDs or DVDs necessary to reboot, restore

9  and/or diagnose their computers that are elements of official Microsoft Windows operating

10  system. To the contrary, Defendants sold to consumer PCs with a limited, OEM version of the

11  Windows operating system that did not include the CDs, DVDs or utilities necessary to reboot,

12  restore and/or diagnose their computers. Further, the CDs that are subsequently provided at an

13  additional charge do not include the full features of the Windows operating system.

14       57.     Plaintiff requests that this Court enjoin Defendants from continuing to employ the

15  unlawful methods, acts and practices alleged herein pursuant to California Civil Code

16  § 1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the

17  future, Plaintiff and the other members of the Class will continue to suffer harm.

18       58.     **CLRA § 1782 NOTICE. Irrespective of any representations to the contrary in**

19  **this Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for**

20  **damages under any provision of the CLRA.** Plaintiff, however, hereby provides Defendants

21  with notice and demand that within thirty (30) days from that date, Defendants correct, repair,

22  replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of

23  herein. Defendants' failure to do so will result in Plaintiff amending this Class Action Complaint

24  to seek, pursuant to California Civil Code § 1780(a)(3), on behalf of himself and those similarly

25  situated Class Members, compensatory damages, punitive damages and restitution of any ill-

26  gotten gains due to Defendants' acts and practices.

27       59.     Plaintiff also requests that this Court award him his costs and reasonable attorneys'

28  fees pursuant to California Civil Code § 1780(d).

## PLAINTIFF'S THIRD CAUSE OF ACTION
### (Fraud, Deceit and/or Misrepresentation)
### On Behalf of Himself and The Class

60.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

61.     On or about February 16, 2008, Defendants fraudulently and deceptively failed to inform Plaintiff that the PC he was purchasing did not include a complete Windows operating system, including all of the system utilities and CDs or DVDs necessary to reboot, restore and/or diagnose their computers.  Defendants also fraudulently and deceptively failed to inform him that the PC he was purchasing, in fact, only included an OEM version of the Windows operating system, that the Windows operating system on his PC was not, in fact, "Genuine," and that the included Windows operating system did not include the CDs, DVDs or utilities necessary to reboot, restore and/or diagnose his computer.

62.     These omissions were material at the time they were made.  They concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to purchase his computer.

63.     In not so informing Plaintiff, Defendants breached their duty to him.  Defendants also gained financially from, and as a result of, their breach.

64.     Plaintiff and those similarly situated relied to their detriment on Defendants' fraudulent omissions.  Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, purchasing different computers, software or additional warranties.

65.     Defendants had a fiduciary duty to inform Class Members at the time of their purchase of their computer, of the true nature of the Microsoft operating software that they were purchasing.  Defendants omitted to provide this information to Class Members.  Class Members relied to their detriment on Defendants' omissions.  These omissions were material to the decisions of the Class Members to purchase their computers.  In making these omissions, Defendants breached their duty to Class Members.  Defendants also gained financially from, and as a result of, their breach.

-13-

Class Action Complaint

66. Defendants had a fiduciary duty to inform Class Members at the time of their purchase of their computers of the true nature of the Microsoft operating systems that was includes with the PCs that they were purchasing. Defendants omitted to provide this information to Class Members. Class Members relied to their detriment on Defendants' omissions. These omissions were material to the decisions of the Class Members to purchase their computers. In making these omissions, Defendants breached their duty to Class Members. Defendants also gained financially from, and as a result of, their breach.

67. By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiff and those similarly situated to alter their position to their detriment. Specifically, Defendants fraudulently and deceptively induced Plaintiff and those similarly situated to, without limitation, to purchase certain PCs.

68. Plaintiff and those similarly situated justifiably and reasonably relied on Defendants' omissions, and, accordingly, were damaged by the Defendants.

69. As a direct and proximate result of Defendants' misrepresentations, Plaintiff and those similarly situated have suffered damages, including, without limitation, the amount they paid for their PCs, for System Disks and Recovery Disks, and/or for new retail copies of Windows.

70. Defendants' conduct as described herein was willful and malicious and was designed to maximize Defendants' profits even though Defendants knew that it would cause loss and harm to Plaintiff and those similarly situated.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
**(Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200, et seq.)**
**On Behalf of Himself and the Class**

71. Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

72. Within four (4) years preceding the filing of this Class Action Complaint, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices in California by engaging in the unfair, deceptive and unlawful

-14-

1   business practices outlined in this Class Action Complaint.   In particular, Defendants have

2   engaged, and continue to engage, in unfair, unlawful and deceptive trade practices by without

3   limitation the following:

   a.   failing to inform Plaintiff, and those similarly situated, that they were purchasing a

5        PC with an OEM version of the Windows operating system;

6   b.   failing to inform Plaintiff, and those similarly situated, that they were purchasing a

7        PC with a Windows operating system that did not include all of the system utilities

8        and CDs or DVDs necessary to reboot, restore and/or diagnose their computers;

9   c.   falsely and deceptively informing Plaintiff, and those similarly situated, that they

10       were purchasing a PC with a "Genuine" Windows operating system;

11  d.   affirmatively deceiving their customers into believing that they were purchasing a

12       complete or standard version of the Windows operating system;

13  e.   violating the CLRA; and

14  f.   violating the FAL.

15       73.   Plaintiff and those similarly situated relied to their detriment on Defendants'

16  unfair, deceptive and unlawful business practices.  Had Plaintiff and those similarly situated been

17  adequately informed and not intentionally deceived by Defendants, they would have acted

18  differently by, without limitation, purchasing different computers, software or different

19  warranties.

20       74.   Defendants' acts and omissions are likely to deceive the general public.

21       75.   Defendants engage in these unfair practices to increase their profits.  Accordingly,

22  Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200,

23  et seq. of the California Business and Professions Code.

24       76.   The aforementioned practices, which Defendants have used, and continue to use,

25  to their significant financial gain, also constitute unlawful competition and provide an unlawful

26  advantage over Defendants' competitors as well as injury to the general public.

27       77.   Plaintiff seeks, on behalf of those similarly situated, full restitution of monies, as

28  necessary and according to proof, to restore any and all monies acquired by Defendants from

1   Plaintiff, the general public, or those similarly situated by means of the unfair and/or deceptive

2   trade practices complained of herein, plus interest thereon.

3       78.     Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit

4   Defendants from continuing to engage in the unfair trade practices complained of herein.  The

5   acts complained of herein occurred, at least in part, within four (4) years preceding the filing of

6   this Class Action Complaint.

7       79.     Plaintiff and those similarly situated are further entitled to and do seek both a

8   declaration that the above-described trade practices are unfair, unlawful and/or fraudulent and

9   injunctive relief restraining Defendants from engaging in any of such deceptive, unfair and/or

10  unlawful trade practices in the future.   Such misconduct by Defendants, unless and until enjoined

11  and restrained by order of this Court, will continue to cause injury in fact to the general public

12  and the loss of money and property in that the Defendants will continue to violate the laws of

13  California, unless specifically ordered to comply with the same.  This expectation of future

14  violations will require current and future customers to repeatedly and continuously seek legal

15  redress in order to recover monies paid to Defendants to which Defendants are not entitled.

16  Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate

17  remedy at law to ensure future compliance with the California Business and Professions Code

18  alleged to have been violated herein.

19      80.     As a direct and proximate result of such actions, Plaintiff and the other members of

20  the Class have suffered and continue to suffer injury in fact and have lost money and/or property

21  as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an

22  amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this

23  Court.   Among other things, Plaintiff and the class lost (1) the portion of the amount they paid

24  for their PCs that is attributable to the operating system and (2) the additional amounts they paid

25  to obtain the System Disk, Recovery Disks, or retail versions of Windows operating systems.

26      81.     As a direct and proximate result of such actions, Defendants have enjoyed, and

27  continue to enjoy, significant financial gain in an amount which will be proven at trial, but which

28  is in excess of the jurisdictional minimum of this Court.

-16-

Class Action Complaint

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    A.    On Causes of Action Numbers 1 and 4 against Defendants and in favor of Plaintiff and the other members of the Class:

        1.  For restitution pursuant to, without limitation, the California Business & Professions Code §§ 17200, et seq. and 17500, et seq;

        2.  For injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, et seq and 17500, et seq;

    B.    On Cause of Action Number 2 against Defendants and in favor of Plaintiff and the other members of the Class:

        1.  For restitution and injunctive relief pursuant to California Civil Code section 1780;

        2  [Reserved]; and

        3  [Reserved]

    C.    On Cause of Action Number 3 against Defendants and in favor of Plaintiff and the other members of the Class:

        1.  An award of compensatory damages, the amount of which is to be determined at trial; and

        2.  An award of punitive damages, the amount of which is to be determined at trial;

    D.    On all causes of action against Defendants and in favor of Plaintiff, class members and the general public:

        1.  For reasonable attorneys' fees according to proof pursuant to, without limitation, the California Legal Remedies Act and California Code of Civil Procedure § 1021.5;

        2.  For costs of suit incurred; and

        3.  For such further relief as this Court may deem just and proper.

Class Action Complaint

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated:  March 24, 2009                         GUTRIDE SAFIER LLP

_____
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
835 Douglass Street
San Francisco, California 94114

Attorneys for Plaintiff

-18-

# EXHIBIT 2

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Jeffery D. McFarland (Bar No. 157628)
   jeffmcfarland@quinnemanuel.com
   Stan Karas (Bar No. 222402)
   stankaras@quinnemanuel.com
   A.J. Bedel (Bar No. 243603)
   ajbedel@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant ACER AMERICA
CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>ACER AMERICA CORPORATION, a California corporation; and Does 1 through 50,<br><br>        Defendants. | CASE NO. 109-CV-138187<br><br>NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT |

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR

2   ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that Defendant Acer America Corporation has removed

4   this action to the United States District Court for the Northern District of California.  A

5   true and correct copy of the notice of removal filed in the federal court is appended hereto

6   as Exhibit A (exhibits to this Exhibit, which are the complaint and the instant notice of

7   removal are omitted for the Court's convenience, but will be provided upon request).

8   Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until

9   the case is remanded."

10

11  DATED: April 23, 2009              QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
12

13                                     By _Jeffey D. McFarland /AJB_

14                                        Jeffery D. McFarland
                                          Attorneys for Defendant ACER AMERICA
15                                        CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

22689/2896623.1

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3 Street, 10th Floor, Los Angeles, California 90017-2543.

4      On April 23, 2009, I served true copies of the following document(s) described as
**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** on the parties in this action
5 as follows:

6      Adam J. Gutride, Esq.
       Seth A. Safier, Esq.
7      GUTRIDE SAFIER LLP
       835 Douglass Street
8      San Francisco, California 94114
       Telephone: (415) 336-6545
9      Facsimile: (415) 449-6469

10 **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by
   FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive
11 documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or
   provided for, addressed to the person(s) being served.

12
       I declare under penalty of perjury under the laws of the State of California that the
13 foregoing is true and correct.

14     Executed on April 23, 2009, at Los Angeles, California.

15

16

17     Sabrina Blank

18

19

20

21

22

23

24

25

26

27

28

22689/2899650.1