**\*\* E-filed January 28, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated,<br><br>Plaintiff,<br>v.<br><br>ACER AMERICA CORPORATION and DOES 1–50,<br><br>Defendants.<br>_____/ | No. C09-01808 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>[Re: Docket No. 39] |

Plaintiff Kevin Embry sued defendant Acer America Corporation ("Acer"), a personal computer manufacturer, on behalf of himself and a putative class of consumers who purchased Acer's computers. Embry alleges that Acer advertised its computers as having a fully functional version of the Microsoft Windows ("Windows") operating system, but that it instead shipped computers with Original Equipment Manufacturer ("OEM") versions that lacked full functionality.

Embry now moves to compel further responses to interrogatories and requests for production ("RFPs"), and he also moves for sanctions. Acer opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, this court grants plaintiff's motion in part and denies it in part.

///

///

## DISCUSSION

Embry served Acer with interrogatories and RFPs in August 2009. Following Acer's initial response—which included only objections—Embry claims he offered to limit the requests to seek information pertaining only to class certification issues. Embry alleges that even so, Acer still failed to provide full and complete responses to his requests.

Acer counters that many of Embry's requests are merely "fishing expeditions" because, it says, his complaint only alleges that the OEM version of Windows is missing two files: the "memtest" and "bootfix" utilities. It argues that as a result, it is inappropriate for Embry to propound discovery concerning other differences that may exist between the OEM and retail versions of Windows.

Nonetheless, the plain language of Embry's complaint makes clear that it is not so limited. For example, he pleads that Acer provided an "OEM version of the Windows operating system with less functionality than the genuine Windows system, including missing parts of the startup repair and system recovery functionality." (Compl. ¶ 15.) Later, he alleges that the recovery disks that one could purchase from Acer "lack the full functionality of the Windows operating system, including many of Windows' troubleshooting and restoration features and utilities, including without limitation the 'memtest' and 'bootfix' utilities." (Compl. ¶ 18.)

Yet Acer argues that Embry's discovery requests are still inappropriate because they speak to the merits of the complaint in violation of this case's bifurcated discovery schedule. It asserts that there is no dispute that Embry meets the numerosity requirement for class certification because his defined class includes everyone who purchased an Acer computer with a Windows installation in the past five years. Embry disputes the idea that his discovery requests are limited only to the merits; instead, he claims they also apply to class certification because he must show that his claims are typical of the class and that there are common issues of fact and law. He further avers that the requested information might help him to narrow the class definition or designate subclasses.

The distinction between class and merits discovery in this case is not as clear-cut as Acer suggests that it is—but that does not mean that there is no distinction at all. Although Acer argues that numerosity is not an issue in this case, it is only one factor of many that Embry must show to

pursue his case as a class action. As a result, discovery concerning Acer's computers and software installations may speak to both the merits of the case and Embry's ability to successfully move for class certification. On the other hand, discovery seeking the specific differences between the software Acer advertised and that which it installed, as well as customer complaints for the same, would have little to no impact on class certification. Embry's requests that seek this sort of information therefore should be deferred until the merits phase of this case.

Accordingly, Embry's motion is GRANTED as follows:

1. *Interrogatory Nos. 1 and 2*: For each computer model that Acer sold since March 24, 2005 that is no longer listed on its public website, it shall provide the model number, the version of Windows it advertised would be installed, and the version of Windows it actually installed. For those computer models Acer does currently advertise on its website, it shall provide the version of Windows it installed for each model.
2. *Interrogatory No 4*: Acer's contentions that class members understood that they would receive an OEM, incomplete, or not full-featured version of Windows could affect the definition of the class; as such, Acer shall provide a response to this interrogatory.
3. *RFP No. 1*: Acer shall produce documents as appropriate for the above interrogatories.
4. *RFP Nos. 2 and 4*: Acer shall produce its marketing materials concerning OEM Windows and documents reflecting any "notice, disclosure, definition, or disclaimers" that it provided to customers concerning OEM Windows that are not available on its website, as such information could affect class certification.
5. *RFP No. 3*: Acer shall produce responsive documents that are not available on its website, as limitations on potential class members' rights could affect class certification.
6. If Acer withholds any documents pursuant to this order on privilege grounds, it shall provide an appropriate privilege log.

Embry's motion is DENIED as follows:

1. *Interrogatory Nos. 3 and 6*: the court is unpersuaded that information about specific software differences and marketing contacts is relevant to class discovery.

///

3

2. *RFP Nos. 5, 6, and 14*: the court is unpersuaded that documents relating to contracts and agreements concerning OEM Windows are relevant to class discovery.

3. *RFP Nos. 9, 10, 11:* Embry has not convinced the court that documents concerning threatened or actual lawsuits against Acer, or investigations into software differences, are relevant to class discovery.

4. *RFP Nos. 20 and 21*: Although the court is dubious that Acer's objections to these requests on asserted burden and privacy grounds are entirely germane, neither is the court convinced that such information is relevant to class certification.

5. *RFP No. 12*: Acer indicated at the motion hearing that it already had produced a copy of its document retention policy; as such, no further production is necessary at this time.

6. Embry's request for sanctions is DENIED.[1]

Acer shall provide updated responses as directed above within fourteen days of this order. Furthermore, the parties shall meet and confer in good faith in an attempt to agree to a stipulated protective order that will apply in this case. If the parties are unable to come to an agreement by **February 10, 2010**, the court shall set a briefing schedule for entry of a protective order as determined by the court.

Dated: January 28, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Embry failed to move for sanctions separately, as required by N.D. Cal. Civ. L.R. 7-8. Nonetheless, this denial is based on the merits of his request.

4

**C 09-01808 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Adam Gutride | adam@gutridesafier.com |
| Adam Joseph Bedel | ajbedel@quinnemanuel.com |
| Jeffery David McFarland | jdm@quinnemanuel.com, lig@quinnemanuel.com |
| Seth Adam Safier | seth@gutridesafier.com |
| Stan Karas | stankaras@quinnemanuel.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**