**** E-filed July 16, 2010 ****

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KEVIN EMBRY, and individual, on behalf of himself, the general public and those similarly situated,

Plaintiff,

v.

ACER AMERICA CORPORATION, a California corporation, and Does 1 through 50,

Defendants.

________________________________________/

No. C09-01808 JW (HRL)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION ATTENDANCE**

**[Re: Docket No. 62]**

**BACKGROUND**

This is a putative class action suit against defendant Acer America Corporation ("Acer"), a personal computer manufacturer. Plaintiff Kevin Embry ("Embry") alleges that Acer advertised its computers as having a fully functional version of the Microsoft Windows operating system ("Windows"), but instead installed Original Equipment Manufacturer ("OEM") versions that lacked full functionality as compared to the retail version.

In January, this Court denied in part Embry's previous motion to compel partly because he sought discovery about "the specific differences between the software Acer advertised and that which it installed, as well as customer complaints for the same." (Docket No. 51 (the "January 28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Order") at 3.) The Court explained that discovery of this sort would have little-to-no impact on class certification and should therefore be deferred until the merits phase of this case. (*Id.*)

Some months later, after settlement talks apparently fell apart, Embry filed a deposition notice for Acer's Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deponent on eight different topics in preparation for his class certification motion (the deadline for which is August 2). (Docket No. 62 ("Motion"), Ex. 3.) After Acer initially refused to supply a deponent, Embry moved to compel the deposition. (Motion.) Acer subsequently agreed to produce a FRCP 30(b)(6) deponent for five of the topics, and so only three disputed topics remain. (Docket No. 68 ("Opp'n.) at 3; Docket No. 69 ("Reply") at 2.) They are:

(1) Topic 3: Customer complaints or inquiries about the features, functions, or use of WINDOWS OPERATING SYSTEM SOFTWARE, and YOUR customer service practices with respect to such complaints and inquiries;

(2) Topic 5: YOUR knowledge of the WINDOWS OPERATING SYSTEMS and PCs that PLAINTIFF purchased; and

(3) Topic 7: The number of, and possible methods for identifying, members of the proposed class set forth in paragraph 28 of the Complaint.

(Motion, Ex. 3.)

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the July 20, 2010 hearing is vacated.

**DISCUSSION**

*Topic 3*

Acer argues that the information sought by Topic 3 was already ruled upon by this Court in its January 28 Order. It is correct. Topic 3 seeks information related to customer complaints about the OEM version of Windows that was included with or preinstalled on Acer's computers, but this Court already determined that such information is not related to class certification when it denied

United States District Court
For the Northern District of California

Embry's previous motion to compel responses to two of its requests for production of documents.[1] Thus, Acer does not have to provide a deponent on this topic.

*Topic 5*

Topic 5 is somewhat vague. Acer claims that what Embry seeks is testimony about the differences between the retail version of Windows and the OEM version that was installed on Embry's computer. (Opp'n. at 4.) Embry denies this and instead claims that Topic 5 is meant to cover "information about the product he purchased," such as "whether [the OEM software] was loaded on his computer exactly as it was licensed from Microsoft or whether it was modified by [Acer]." (Reply at 4.)

Despite Embry's attempt to clarify the language of Topic 5, it still sounds like he is trying to elicit "the specific differences between the software Acer advertised and that which it installed" — information for which this Court already denied a motion to compel. (January 28 Order at 3.) Nevertheless, the Court fails to see how the information sought by Topic 5 (as clarified by Embry) relates to class certification. In his reply, Embry makes a conclusory statement that such information is related to class certification because it would help him establish typicality and commonality, but he offers no explanation of how it would do so. (*See* Reply at 3.) Thus, because Topic 5 seeks more-or-less the same information that this Court previously ruled was not related to class certification and Embry has not convinced the Court otherwise, Acer does not have to provide a deponent on this topic, either.

---

[1] The Court denied Embry's motion to compel responses to, among other things, his Requests for Production Nos. 20 and 21. (January 28 Order at 4.) Embry's Request for Production No. 20 sought "[a]ll telephone logs, correspondence, memoranda, complaints, complaint reports, claims, training manuals, news reports, lawsuits, databases, and other DOCUMENTS that RELATE TO any claims, complaints, inquiries, questions or contentions RELATED TO or concerning OEM SOFTWARE, including WINDOWS OPERATING SYSTEM SOFTWARE." (Docket No. 40 at 20.) And his Request for Production No. 21 sought "[a]ll telephone logs, correspondence, memoranda, complaints, complaint reports, claims, training manuals, news reports, lawsuits, databases, and other DOCUMENTS that RELATE TO any claims, complaints, inquiries, questions or contentions RELATED TO or the inability of the CUSTOMER to reboot his or her PC after a system failure concerning OEM SOFTWARE, including WINDOWS OPERATING SYSTEM SOFTWARE." (Docket No. 40 at 21.)

United States District Court
For the Northern District of California

*Topic 7*

Acer argues that the information sought by Topic 7 relates to an allegation that Judge Ware dismissed at the pleading stage. In his reply, Embry tries to avoid this conclusion by arguing that Judge Ware's dismissal only related to his allegation that Acer failed to initially provide recovery disks and was not related to his allegation that the recovery disks he subsequently purchased "lack[ed] the full functionality of the Windows operating systems." (Reply at 4.)

Judge Ware's order, however, appears to capture all of Embry's allegations regarding the recovery disks. (*See* Docket No. 19 at 9-10 n9.) Indeed, Judge Ware wrote: "In the absence of any alleged representations *regarding the inclusion* or *content* of the recovery disks, the Court finds that Plaintiff's claims on this basis are without merit. Accordingly, the Court GRANTS Defendant's Motion to Dismiss *as to the sub-issue of misrepresentations and damages associated with the recovery disks*." (*Id*. (emphasis added)) As such, information about the individuals who purchased back-up or recovery disks with versions of Windows from Acer is not relevant to Embry's class certification motion, and therefore Acer does not have to produce a deponent on this topic.

**CONCLUSION**

Based on the foregoing, Embry's motion to compel Acer to produce a FRCP 30(b)(6) deponent on Topics 3, 5, and 7 of his deposition notice is DENIED. As the parties represent that Acer will produce a FRCP 30(b)(6) deponent on Topics 1, 2, 4, 6, and 8, the Court DENIES AS MOOT Embry's motion regarding those topics. The July 20, 2010 hearing on Embry's motion is VACATED.

**IT IS SO ORDERED.**

Dated: July 16, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C09-01808 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Adam Gutride | adam@gutridesafier.com |
| Adam Joseph Bedel | ajbedel@quinnemanuel.com |
| Jeffery David McFarland | jdm@quinnemanuel.com, lig@quinnemanuel.com |
| Seth Adam Safier | seth@gutridesafier.com |
| Stan Karas | stankaras@quinnemanuel.com, marthaherrera@quinnemanuel.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California