*E-FILED 01-26-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated,<br><br>  Plaintiff,<br>  v.<br><br>ACER AMERICA CORPORATION; and DOES 1 THROUGH 50,<br><br>  Defendant.<br>_____/ | No. C09-01808 JW (HRL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION ATTENDANCE**<br><br>[Re: Docket Nos. 97 and 101] |

   This is a putative class action suit against defendant Acer America Corporation (Acer), a personal computer manufacturer. Plaintiff Kevin Embry alleges that Acer advertised its computers as having a fully functional version of the Microsoft Windows operating system (Windows), but instead sold stripped-down Original Equipment Manufacturer (OEM) versions of Windows that lacked full functionality as compared to the retail version customers expected to receive.

   Several months ago, Judge Ware (1) denied as premature plaintiff's motion for class certification; (2) opened merits discovery, with all discovery to be completed by February 4, 2011; and (3) set an April 25, 2011 hearing on plaintiff's renewed motion for class certification and defendant's summary judgment motion. (Docket No. 95).

Plaintiff now moves this court for an order compelling discovery with respect to approximately 100 requests for production and interrogatories.[1] He also moves for an order compelling Acer to appear for a Fed. R. Civ. P. 30(b)(6) deposition and to produce Jenda Shen, Sharon Hogan, and Mark Groveunder for deposition in their individual capacities. Acer opposes the motions. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants both motions in part and denies them in part.

Fundamentally, the parties dispute the scope of discovery Embry is entitled to seek. This court focuses here on Embry's motion to compel documents and written discovery because both sides agree that the primary issues in dispute are raised in connection with that motion. That is, however, the extent of the parties' agreement on these issues. Based on the briefing, it appeared that each side was taking extreme positions, with Embry demanding production of documents responsive to very broadly worded requests; Acer taking a perhaps unduly narrow view of relevance; and both sides accusing the other of being unreasonable. As discussed at the motion hearing, such extreme positions, coupled with the usual finger-pointing, does not aid this court's resolution of the matter. This court agrees that many of Embry's requests, as drafted, are overbroad. At the same time, however, this court is unpersuaded by the degree of diligence with which Acer purports to have complied with its discovery obligations.

The instant motions do not present a situation where Acer claims that it has conducted a diligent inquiry and reasonable search and produced all relevant, non-privileged documents and information it has within its possession, custody, or control. There is no claim that relevant responsive documents do not exist. Instead, the resounding theme of Acer's opposition is that Embry's requests are simply too broad; and, on that basis, Acer apparently believes it is justified in refusing to conduct a reasonable search for whatever universe of relevant documents may be encompassed by plaintiff's requests. To be sure, Acer says that it has produced responsive documents and will continue to do so. For example, this court is told that some 11,000 pages of documents were produced, albeit only after briefing on the instant motions

---

[1] In his reply, Embry says that he will defer moving on Request for Production No. 15 until after Judge Ware rules on class certification issues. Accordingly, his motion to compel as to that request is denied as moot.

2

closed. Reportedly, all or most of those documents came from the files of a single engineer named Hugo Chang. Embry claims that those documents identify others at Acer who likely have relevant documents and information; but, as far as he can tell, no documents have been produced from anyone other than Chang. Acer seemed to acknowledge as much at the motion hearing, asserting that it believes its document production is complete because relevant documents have been produced from Chang's files. Acer further suggested—unconvincingly—that the burden is on Embry to identify other Acer custodians with responsive documents. Perhaps not surprisingly, then, Embry says that the 11,000-page production does not resolve his concerns. And, frankly, after having considered Acer's oral arguments, this court is unpersuaded that Acer has lived up to its discovery obligations to search for and produce relevant, responsive, non-privileged documents and information in a reasonable and workmanlike fashion.

A. <u>Embry's Motion to Compel Documents and Interrogatory Answers</u>

    1. <u>Documents relating to Acer's version of Windows and other OEM software (Requests for Production 2, 5, 6, 7, 8, 9-11, 14, 24, 25, 26, 27, 28 (2d Set), 31, 33, 34, 39-42, 48, 49, 68, 73, 74-77, 81-90)</u>.

        a. <u>Retail and Acer's Versions of Windows</u>

In essence, plaintiff seeks documents pertaining to (a) the functionality of Acer's version of Windows and the retail version of Windows; and (b) any differences between Acer's version of other third-parties' software and the retail versions of that software. To the extent his requests seek information concerning, relating to, or pertaining to the Acer-installed and retail versions of Windows, plaintiff's motion is granted.

To the extent plaintiff seeks documentation pertaining to software *other* than Windows, this court generally agrees that the requests are overbroad and seek irrelevant information. However, information concerning the reasons why Acer reportedly included a disclaimer for some OEM software, but did not include a similar disclaimer for its version of Windows, is relevant or reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Embry's motion to compel that particular category of documents is granted. The fact that Acer

3

concedes that it did not include a disclaimer for Windows does not give Acer a pass on producing all responsive, non-privileged documents in its possession, custody, or control.

### b. Disks Containing the OEM Version of Windows

Plaintiff seeks a copy of each version of the Windows software installed on Acer computers sold during the class period. Such discovery indisputably is relevant. As briefed, this issue focused on production of so-called "Gold Master" disks. However, plaintiff says that he did not request production of "Gold Master" disks *per se*, and that the issue of "Gold Master" disks arose only because Acer, in opposition to class certification, reportedly contended that previously produced disks did not contain what originally was on Acer's computers. During oral argument, defense counsel eventually explained that Acer uses hard drives, not disks, to load Windows onto its computers. The hard drives containing the information plaintiff seeks reportedly are located in either Austin, Texas or San Jose, California; and, at the motion hearing, Acer agreed that plaintiff may inspect those drives. This court wonders why Acer's offer was not made sooner. Plaintiff's motion is granted as follows: Acer shall forthwith make those hard drives available for inspection. Plaintiff shall be permitted to make a copy of those hard drives to assist his expert's evaluation and analysis.[2]

### c. Discovery relating to Recovery Disks

To the extent Embry now seeks reconsideration of this court's July 16, 2010 order denying certain discovery concerning Acer's recovery disks, his motion is denied.

### 2. Acer's Marketing and Packaging Materials (2, 28 (3d set), 29-30, 32-34, 43-47)

These requests essentially seek all documents (including internal memos, drafts, and correspondence) relating to (a) the marketing of any OEM software; (b) packaging on personal computers sold during the class period; (c) specification sheets and user manuals for personal

---

[2] Acer's contention that the hard drives cannot be replicated is dubious. Defendant used the hard drives to install Windows onto its computers, but according to Acer, copying those drives would only result in recovery disks which do not actually contain a copy of what was installed on Acer's computers. As stated during the motion hearing, Acer's contentions, at least as explained to this court by defense counsel, make no sense. If this court were to take a cynical view, it would appear that Acer was attempting to obfuscate the issues rather than identify for the court what relevant and responsive information it has available.

4

1  computers sold during the class period; and (d) the inclusion or omission of disclaimers
2  indicating that any Acer product contained an OEM version that was different from (i.e., not
3  fully-functional) the retail version.

4  To the extent these requests seek information concerning, relating to, or pertaining to the
5  Acer versions of Windows, plaintiff's motion is granted. Plaintiff's motion to compel broad
6  discovery pertaining to software other than Windows is denied. However, as discussed above,
7  Acer shall produce all responsive, non-privileged documents concerning, pertaining to, or
8  relating to the reasons why Acer reportedly included a disclaimer for some software, but did not
9  include a similar disclaimer for its version of Windows.

10      3.    <u>Customer Documents, Service Records and Related Documents (Requests for Production Nos. 2-4, 9-11, 17, 19-21, 32-40, 50-67, 69-72, and 76-77; Interrogatories 4-7)</u>

12  In sum, plaintiff seeks discovery as to (1) whether Acer received complaints from
13  customers who expected a full version of Windows and (2) how Acer responded to such
14  complaints. Plaintiff argues that this discovery is relevant to show, for example, whether there
15  was any customer deception and whether Acer knew that its customers felt they were being
16  misled. The main point of contention here seems to be *how* any relevant discovery should be
17  extracted from Acer's customer database. Acer argues that plaintiff's proposed search terms
18  (e.g., "Windows," "reboot," or "hard drive") would cause its database to crash. Acer says that it
19  is in the process of running searches that, in its view, are more focused and targeted to identify
20  relevant information. Plaintiff believes that Acer likely is running searches that are unduly
21  narrow in scope.

22  This court agrees that to the extent plaintiff's requests are worded in way so as to
23  encompass customer-related matters that have nothing to do with the issues in dispute, they are
24  overbroad. Additionally, all limitations agreed to by plaintiff in his reply brief shall apply. (*See*
25  Docket No. 109, Reply at 9 n.5). Nevertheless, this court believes that Embry is entitled to
26  searches that will yield meaningful results; and, as discussed above, this court is unpersuaded
27  that Acer has complied with its reasonably construed discovery obligations.
28

5

To the extent it has not already done so, Acer shall produce its search results to Embry forthwith, along with a list of the search terms Acer used to generate those results. Plaintiff shall then be permitted to provide Acer with up to 15 search terms or queries that are reasonably tailored to capture information relevant to issues in dispute. Acer shall run those searches and produce the results to Embry. If Acer believes that plaintiff's proposed terms would present an undue burden, then Acer shall, pursuant to plaintiff's offer to assume the entire burden of the search and production, permit plaintiff's expert to conduct the searches on Acer's database or a copy of the database.[3]

4. <u>Information re licensing, pricing, revenues and damages (16, 18, 22, 91–99; Interrogatory Nos. 1–5)</u>

Inasmuch as damages discovery has not been bifurcated, Acer's objection as to the claimed prematurity of the requested discovery is overruled. Acer's confidentiality objections are also overruled because there is a stipulated protective order in place.

Plaintiff's motion is granted as to documents concerning, relating to, or pertaining to Microsoft, Windows, the particular functions or utilities at issue in this litigation, as well as documents sufficient to show the factors that Acer considers in pricing its computers. To the extent OEM software other than Windows factors into Acer's pricing decisions, that information shall be produced. Acer's licensing agreements shall be produced in unredacted form. Plaintiff's motion is otherwise denied.

5. <u>Interrogatory 6</u>

Plaintiff's motion to compel as to this interrogatory (which essentially asks for the identities of Acer employees or agents who were involved in the marketing, sales, or customer service relations for Acer's personal computers during the relevant period) is granted.

---

[3] At the motion hearing, defense counsel stated that he did not believe the information in Acer's customer database was capable of being copied. Acer, however, has presented no declaration to that effect.

6

6. Request for Production No. 1

Plaintiff's motion to compel as to this document request (seeking production of documents identified or referenced in responses to interrogatories) is granted.

In view of the currently scheduled February 4, 2011 fact discovery cutoff, Acer shall produce all responsive, non-privileged documents and serve its answers to interrogatories **no later than February 1, 2011**.

B. Plaintiff's Motion to Compel Depositions

Plaintiff's motion appears to be moot in some respects, because Acer advises that it will appear for a Fed. R. Civ. P. 30(b)(6) deposition. Additionally, the parties reportedly have scheduled the depositions of Jenda Shen and Sharon Hogan and are in the process of scheduling Mark Groveunder's deposition. The limitations discussed above with respect to plaintiff's document requests and interrogatories shall apply to any deposition testimony sought.

C. Parties' respsective requests for sanctions.

Plaintiff's request for sanctions is denied, as is Acer's request for sanctions against plaintiff.

SO ORDERED.

Dated: January 26, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:09-cv-01808-JW Notice has been electronically mailed to:

2  Adam Gutride     adam@gutridesafier.com

3  Adam Joseph Bedel     ajbedel@quinnemanuel.com

4  Jeffery David McFarland     jdm@quinnemanuel.com, lig@quinnemanuel.com

5  Seth Adam Safier     seth@gutridesafier.com

6  Stan Karas     stankaras@quinnemanuel.com, calendar@quinnemanuel.com, marthaherrera@quinnemanuel.com

7

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.