*E-FILED 06-06-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated,<br><br>         Plaintiff,<br>   v.<br><br>ACER AMERICA CORPORATION; and DOES 1 THROUGH 50,<br><br>         Defendant. | No. C09-01808 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FOURTH MOTION TO COMPEL AND FOR SANCTIONS**<br><br>[Re:  Docket No. 128] |

This is a putative class action suit against defendant Acer America Corporation (Acer), a personal computer manufacturer. Plaintiff Kevin Embry alleges that Acer advertised its computers as having a fully functional version of the Microsoft Windows operating system (Windows), but instead sold stripped-down Original Equipment Manufacturer (OEM) versions of Windows that lacked full functionality as compared to the retail version customers expected to receive.

Plaintiff moves to compel supplemental initial disclosures and additional depositions. He also seeks evidentiary sanctions. Defendant opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

Embry's overriding concern here is that Acer might try to introduce documents or

1  witnesses in opposition to plaintiff's renewed class certification motion (or, perhaps, in any
2  later proceedings) that were not disclosed during discovery. As discussed during the motion
3  hearing, this court finds Embry's motion to be largely premature.

4  With respect to Acer's initial disclosures, this court believes that Fed. R. Civ. P. 26
5  requires the identification of any known witnesses by name, and not merely by category. At the
6  same time, however, the court also finds that plaintiff's myriad discovery requests, which are
7  very broad and which have been the subject of several motions to compel, likely would have
8  unearthed witnesses with knowledge relevant to the issues in dispute. And, indeed, plaintiff has
9  deposed a number of witnesses in discovery. Plaintiff's arguments as to the necessity of a
10 supplemental round of disclosures at this time is denied. Acer nonetheless is reminded of its
11 ongoing duty to timely supplement under Fed. R. Civ. P. 26(e).

12 As for the requested additional depositions:  In connection with plaintiff's renewed
13 class certification motion, Embry is permitted to depose any witness that Acer relies upon in its
14 opposition, even if that witness has already been deposed—unless the testimony relied upon by
15 Acer is a carbon copy of the testimony Acer relied upon during Embry's first class certification
16 motion. Any deposition of Acer's witnesses taken in connection with plaintiff's renewed class
17 certification motion will not count against the ten-deposition limit. Acer will produce all such
18 witnesses for deposition in California, with the travel expenses to be borne by Acer. The parties
19 shall cooperate in deposition scheduling to ensure that all additional depositions are completed
20 in timely fashion and without derailing the court's class certification briefing and hearing
21 schedule.

22 Inasmuch as it is unknown what documents or witnesses Acer will rely upon in
23 opposition to plaintiff's renewed class certification motion (or in any later proceedings),
24 Embry's motion for evidentiary sanctions is denied as premature. The denial is, however,
25 without prejudice to Embry to seek such relief from Judge Ware.

26 SO ORDERED.

27 Dated:  June 6, 2011

   _____
   HOWARD R. LLOYD
28 UNITED STATES MAGISTRATE JUDGE

2

5:09-cv-01808-JW Notice has been electronically mailed to:

Adam Gutride     adam@gutridesafier.com

Adam Joseph Bedel     ajbedel@quinnemanuel.com

Jeffery David McFarland     jdm@quinnemanuel.com, lig@quinnemanuel.com

Seth Adam Safier     seth@gutridesafier.com

Stan Karas     stankaras@quinnemanuel.com, calendar@quinnemanuel.com, marthaherrera@quinnemanuel.com

Todd Michael Kennedy     todd@gutridesafier.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.