*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>    Plaintiff,<br><br>         v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50<br><br>    Defendants | CASE NO.  CV-09-1808 JW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  September 19, 2011<br>Time:  9:00 am<br>Place:  Courtroom 15, 18th Floor<br>Judge:  Hon. James Ware |

Plaintiff Kevin Embry ("Plaintiff" or "Class Representative") and Defendant Acer America Corporation ("Acer" or "Defendant") have moved the Court for preliminary approval of a proposed class action settlement, the terms and conditions of which are set forth in the Settlement Agreement filed with the Court on August 30, 2010 (Dkt.# 177, Ex. 1), as amended on September 16, 2011 (Dkt.# 185) and October 17, 2011 (Dkt.# 189) ("Settlement Agreement").

Having considered all matters submitted to it at the hearing on the motion the and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

1.  The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2.  The Court preliminarily approves the Settlement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3.  For purposes of the Settlement only, the Court certifies the Settlement Class, which consists of all persons who, from March 24, 2005, through May 1, 2011, purchased in the United States a PC manufactured by Defendants that was advertised or marketed by Defendants to include a Microsoft Windows operating system, except for purposes of resale. Excluded from the Settlement Class are the Honorable Judge James Ware, David A. Rotman, any member of their immediate families, any government entity, Acer, any entity that directly or indirectly controls, or is controlled by, or is in common control with Acer, any of Acer's officers, directors, employees, legal representatives, heirs, successors, or assigns, and any persons who timely opt-out of the Settlement Class.

4.  The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representative is typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims

1 and disputes at issue in this Action.

2     5. The Court conditionally designates the law firm of Gutride Safier LLP as Class Counsel and Plaintiff Kevin Embry as Class Representative for purposes of this Settlement. The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members. The Court designates, and approves, Rust Consulting, Inc. to serve as Claims Administrator.

    6. Not later than January 9, 2012, Representative Plaintiff and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs and incentive awards to the Representative Plaintiff.

    7. A Final Approval Hearing shall be held before this Court at 9:00 a.m. on February 13, 2012, at the United States District Court for the Northern District of California, San Francisco Division, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and incentive awards should be approved

    8. The Court approves, as to form and content, the Class Notice and the Claim Form, substantially similar to the forms attached as Exhibits B1 ("Summary Published Notice"), B2 ("Long Form Notice") and B3 ("Summary Email Notice") to the Settlement Agreement. Defendant shall have discretion to make non-material minor revisions to the notice before emailing or mailing, with the consent of Class Counsel. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by Defendant, subject to Class Counsel's approval and oversight as set forth in paragraph 3.4 of the Settlement Agreement, which is not to be unreasonably withheld.

    9. A settlement website shall be operative no later than the first publication of the Summary Published Notice and Summary Email Notice. The settlement website shall contain downloadable copies of this Preliminary Approval Order, the Long Form Notice, the Settlement Agreement, the Claim Form, and, when filed, Class Counsel's application for attorneys' fees, costs, and incentive awards. The settlement website shall also contain appropriate links through

1  which Settlement Class Members can submit online requests to opt out of the class.

2        10.   Within fourteen (14) days after this Preliminary Approval Order is entered,
3  Summary Email Notice will be provided by email to all Settlement Class Members for whom an
4  email address is known to Defendants.  The Summary Published Notice shall also be published
5  once each in the *USA Today* in a size equivalent to a one eighth-page ad, for two consecutive
6  week.

7        11.   The Court finds that the Parties' plan for providing notice to the Settlement
8  Class (the "Notice Plan") described in section IV of the Settlement Agreement is the best
9  practicable notice in the circumstances and is reasonably calculated to provide notice to the
10 Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of
11 the Settlement Agreement, and the Final Approval Hearing, and complies fully with the
12 requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other
13 applicable law.

14       12.   Any member of the Settlement Class who desires to be excluded from the
15 Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must
16 submit an online request for exclusion by January 23, 2012 or, mail to the Claim Administrator,
17 pursuant to the instructions set forth in the Long Form Notice and on the settlement website, a
18 timely and valid written request for exclusion, received (not postmarked) no later than
19 January 23, 2012.  No one shall be permitted to exercise any exclusion rights on behalf of any
20 other person, whether as an agent or representative of another or otherwise, except upon proof of
21 a legal power of attorney, conservatorship, trusteeship, or other legal authorization that predates
22 the Class Notice, and no one may exclude other persons within the Settlement Class as a group,
23 class, or in the aggregate.

24       13.   At least fifteen (14) days prior to the hearing on Final Approval, the Claim
25 Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice
26 described herein, have excluded themselves from the Settlement Class in a valid and timely
27 manner, and Plaintiff's Counsel shall file that list with the Court. The Court retains jurisdiction to
28 resolve any disputed exclusion requests.

14. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the Settlement or intervene in the Action.

15. Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Settlement Agreement. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court and serve upon Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice a written objection to the Settlement ("Objection"). The Objection must satisfy the requirements set forth in section 7.4 of the Settlement Agreement and must be filed and served no later than January 23, 2012. Any Settlement Class Member who does not submit a timely Objection in accordance with the Settlement Agreement and as set forth herein shall not be treated as having filed a valid objection to the Settlement.

16. Any Settlement Class Member who wishes to intervene in the Action must file a motion or application to do so with the Court and contemporaneously serve it upon Class Counsel and Counsel for Defendant at the addresses set forth in the Class Notice by January 23, 2012.

17. Any Class Member who wishes to appear at the Final Approval Hearing must file a notice of his or her intention to do so with the Court and contemporaneously serve it upon Class Counsel and Counsel for the Defendant at the addresses set forth in the Class Notice no later than January 23, 2012.

18. The Parties shall file their motions for Final Approval no later than January 9, 2012 and their reply in support of that motion and responses to any objections and requests to intervene no later than January 30, 2012.

19. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement

Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

20. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by Order of the Court.

The Motion for Class Certification is DENIED as moot. (Docket Item No. 150.)

**IT IS SO ORDERED** .

Dated: October 24, 2011

_____
JAMES WARE
United States District Chief Judge