IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Kevin Embry, | NO. C 09-01808 JW |
| Plaintiff, v. | **ORDER DENYING PLAINTIFF CLASS MEMBERS' MOTION TO INTERVENE** |
| ACER America Corp., | |
| Defendant. | |

Presently before the Court is Objectors'[1] Motion to Intervene.[2] Objectors seek to intervene and object to the class action settlement preliminarily approved by the Court on October 24, 2011. (See Docket Item No. 195.) The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Objectors' Motion to Intervene.

The Ninth Circuit requires that a movant seeking to intervene under Fed. R. Civ. P. 24(a)(2) demonstrate that: (1) the motion is timely; (2) the applicant has a significant protectable interest; (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the parties to the action. United States v. Aerojet Gen. Corp., 606 F.3d 1142, 1148

---

[1] Objectors are Enzo R. Cannata and Mia G. Cannata, who are members of the class action settlement by virtue of their ownership of Acer AS 410 computers.

[2] (Motion to Intervene and Objections to Class Action Settlement, hereafter, "Motion," Docket Item No. 200.)

(9th Cir. 2010) (citations omitted). In determining whether a proposed intervenor's interests are adequately represented, the court considers three factors: (1) "whether the interest of a present party is such that it will undoubtedly make all of [the] proposed intervenor's arguments"; (2) "whether the present party is capable and willing to make such arguments"; and (3) "whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." See Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted). "If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." Id. (citation omitted). Accordingly, in the context of class actions, courts generally find that an objector to a proposed settlement who is free to opt out of the class or voice objections at the final fairness hearing is adequately represented and not entitled to intervene. See, e.g., Yoshioka v. Charles Schwab Corp., No. C-11-1625 EMC, 2011 WL 6748984, at *14 (N.D. Cal. Dec. 22, 2011); Cohorst v. BRE Properties, Inc., No. 10cv2666 JM, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011).

Here, although Objectors raise a number of objections to merits of the proposed settlement and the claims process, they assert no reason why their interests are not adequately represented as class members entitled to object.[3] To the contrary, none of Objectors' asserted objections are unique to their interest in the litigation; all represent the sorts of generalized objections that tend to be raised through the review process.[4] Further, the proposed settlement does not impair Objectors' ability to protect their interests, as Objectors are free to opt out of the settlement if they desire to do so. Thus, the Court finds that the ability to object as members of the class, in combination with the ability to opt out of the settlement, adequately protects the interests of Objectors, and that Objectors have therefore not asserted any basis for allowing intervention.

---

[3] (See Motion.)

[4] (See, e.g., Motion at 2 (objecting to the claims process as being overly burdensome); id. at 4-5 (contending that a low number of objectors does not necessarily indicate class approval).)

2

Accordingly, the Court DENIES Objectors' Motion to Intervene. The Court will consider the objections to the settlement raised in Objectors' Motion as part of its overall evaluation of the fairness of the settlement.

Dated: January 27, 2012

JAMES WARE
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Gutride adam@gutridesafier.com
Adam Joseph Bedel ajbedel@quinnemanuel.com
Jeffery David McFarland jdm@quinnemanuel.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Sam P. Cannata samcannata@cannataphillipslaw.com
Seth Adam Safier seth@gutridesafier.com
Stan Karas stankaras@quinnemanuel.com
Todd Michael Kennedy todd@gutridesafier.com

**Dated: January 27, 2012**                                **Richard W. Wieking, Clerk**

                                                                        **By:**    **/s/ JW Chambers**
                                                                                **Susan Imbriani**
                                                                                **Courtroom Deputy**