1    **GUTRIDE SAFIER LLP**
     ADAM J. GUTRIDE (State Bar No. 181446)
2    SETH A. SAFIER (State Bar No. 197427)
     835 Douglass Street
3    San Francisco, California 94114
     Telephone: (415) 336-6545
4    Facsimile: (415) 449-6469

5    Attorneys for Plaintiff KEVIN EMBRY

6                    UNITED STATES DISTRICT COURT

7                  NORTHERN DISTRICT OF CALIFORNIA

8                      SAN FRANCISCO DIVISION

9    KEVIN EMBRY, an individual, on behalf        CASE NO.  CV-09-1808 (JW)
     of himself, the general public and those
10   similarly situated                           **PLAINTIFF'S OPPOSITION TO MOTION
                                                   TO SUBSTITUTE SAM P. CANNATA AS
11        Plaintiff,                               OBJECTOR**

12             v.

13   ACER AMERICA CORPORATION;
     AND DOES 1 THROUGH 50
14
          Defendants
15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     INTRODUCTION

On January 24, 2012, Enzo R. Cannata and Mia G. Cannata ("Objectors") filed a motion to intervene and objections to the class action settlement ("Objections"). (Dkt.# 200.) Objectors were represented by their father, Sam P. Cannata ("Mr. Cannata"), a notorious professional objector. On February 1, Mr. Cannata filed a motion to withdraw the Objections on the grounds that Objectors are not class members. At the same time, he moved to substitute himself, in *pro per,* as the objector.[1] The first request should be granted, but the second should not. Plaintiff agrees that Objectors are not class members and thus have no standing to object, as more fully explained in his reply brief at pages 8-10. (Dkt.# 202.) But Mr. Cannata's request to "substitute" himself as a class member is untimely, procedurally improper, and futile.

## II.    ARGUMENT

### A.     Mr. Cannata's Objection Is Untimely.

Mr. Cannata provides no explanation as to why he failed to file a timely objection on his own behalf. He does not argue that the class definition is confusing, nor that he misunderstood it. Nor does he dispute that he personally received notice of the settlement and the objection deadline; he even attaches a November 9, 2011 email addressed to samcannata1@roadrunner.com (his work email address). (Dkt.# 213, p.4.) That email notice, as well as the Court's October 24, 2011 order granting preliminary approval makes clear that untimely objections are waived:

> Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Settlement Agreement….The Objection must satisfy the requirements set forth in section 7.4 of the Settlement Agreement and must be filed and served no

---

[1] Mr. Cannata has a pattern of making unsuccessful objections in *pro per. See, e.g., Trombley v. Nat'l City Bank*, 2011 U.S. Dist. LEXIS 137898 at *57(D.D.C. Dec. 1, 2011) (objecting in *pro per* that the claims form is confusing, and that the claims mechanism places the burden on the customer, rather than the bank, to find records, which will deter customers from making claim; rejected); *Schulte v. Fifth Third Bank*, 2011 U.S. Dist. LEXIS 83423 at *37 (N.D. Ill. July 29, 2011) (arguing in *pro per* that the issue of attorney's fees should be "deferred until such time as the Court has received reports indicating the amount of monetary relief that has actually been delivered to the Class."; rejected); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 642 (S.D. Cal. 2011) (arguing in *pro per* "that the attorneys' fees are unreasonable under both the percentage and lodestar methods contending the percentage should be based on the amount of the fund actually claimed by class members and the lodestar amount has little evidentiary support" and "that Clorox's agreement not to oppose an application for attorneys' fees up to $2.25 million is not binding on the Court."; rejected)

later than January 23, 2012. Any Settlement Class Member who does not submit a timely Objection in accordance with the Settlement Agreement and as set forth herein shall not be treated as having filed a valid objection to the Settlement.

(Preliminary Approval Order, Dkt.# 195, ¶ 15.)  Mr. Cannata provides no argument to justify re-consideration of the Order or relief from it.   The time deadline must be enforced.  *See, e.g., Californians for Disability Rights, Inc. v. Cal. DOT*, 2010 U.S. Dist. LEXIS 62837 (N.D. Cal. June 2, 2010) (stating that "the Court's preliminary approval order expressly alerted the public that to be considered, objections were to be submitted to the Court and Class counsel by no later than March 30, 2010" and finding an objection filed thereafter to be untimely and that it "need not be considered."); *Glass v. UBS Fin. Servs.*, 15 Wage & Hour Cas. 2d (BNA) 1208 (N.D. Cal. Jan. 17, 2007) (rejecting attempt to evade that objection deadline by, like here, submitting untimely objections to the settlement in the form of another motion).

**B.     A Motion To Substitute Is Procedurally Improper.**

Mr. Cannata cannot cure his failure to file a timely objection by seeking to "substitute" in for his children, whom he now admits lack standing to file their own objection because they are not class members.  A lack of standing cannot be cured by substitution or amendment of parties; rather, the party with standing must bring its own separate claims within the appropriate time period.  *See, e.g., Thome v. United States FDA*, 2011 U.S. Dist. LEXIS 81985 (N.D. Cal. July 27, 2011) (holding that a person without standing may not amend to substitute a new person in order to cure a lack of standing, because a plaintiff may not create standing by amendment when none exists.); *Lans v. Gateway 2000*, Inc., 84 F. Supp. 2d 112, 115 (D.D.C. 1999) (denying motion to amend to substitute party with standing to bring a claim to replace litigant who lacked standing); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (holding that the longstanding and clear rule is that if standing is lacking at the commencement, it cannot be aided by the intervention of a person with a sufficient claim.); *Vianix Del. LLC v. Nuance Commc'ns, Inc.*, 2009 U.S. Dist. LEXIS 40992, 09 WL 1364346 at *2 (D. Del. May 12, 2009) (denying plaintiff's motion for leave to amend to substitute a party with standing where plaintiff lacked standing from the inception.)

1

**C.     There Still Is No Evidence That Mr. Cannata Is A Class Member.**

2       In addition to being procedurally invalid, the motion to substitute should be denied as fu-

3   tile because Mr. Cannata has still failed to provide evidence establishing class membership.  He

4   provides no evidence—not even a declaration—establishing that he purchased an Acer computer.

5   Instead, he merely attaches a copy of the class notice addressed to "samcan-

6   nata1@roadrunner.com"—his work email address.  Even if this email were "evidence" of a pur-

7   chase (rather than merely of a product registration), it is unclear whether it was Mr. Cannata or

8   his law firm—Cannatta Philips LPA, LLC—that purchased the Acer computer.

9       As noted in Plaintiff's reply brief filed more than a week ago (Dkt.# 202, p. 8-9), the fail-

10  ure to provide evidence of class membership deprives the objector of standing to object.  *See*

11  *Feder v. Electronic Data Sys. Corp.*, 248 Fed. Appx. 579, 581, 2007 WL 2800135, at *2 (5th Cir.

12  2007) (objectors have burden of proving standing; "unsupported assertions of class membership"

13  do not suffice); *see also In re Initial Pub. Offering Sec. Litig.*, 2011 U.S. Dist. LEXIS 103698

14  (S.D.N.Y. Aug. 25, 2011) (holding that because "objector submitted no evidence whatsoever of

15  the sole basis for his alleged class membership until roughly two years after the deadline to do so

16  — nor referenced that alleged class membership in his objections — he has given up his "legal

17  rights and options in this settlement.")  Even before the filing of Plaintiff's reply brief, Mr. Can-

18  nata was well-aware of the requirement for evidence of class membership.  When he submitted

19  the Objections on behalf of his children, he argued that the lack of evidence was justified because

20  Objectors were "minor" and thereby should not have their personal information filed in public

21  documents.  (Dkt.# 200.)  Mr. Cannata himself has no such excuse.

22
        **D.     For the Benefit of Class Members, the Court Should Expressly Hold
23             That Mr. Cannata Is Not An Objector And Has No Standing To
               Object.**

24      Mr. Cannata's goal is to hold up the resolution of this case for years by creating standing

25  to file a frivolous appeal.  In order to prevent this from occurring, his request for substitution

26  should be denied for all the above reasons and the legitimate class members not be made to

27  needlessly wait to receive compensation for their injuries.  *See San Francisco NAACP v. San*

28  *Francisco Unified School Dist.*, 59 F. Supp. 2d 102, 1033 (N.D. Cal. 1999) (striking objection of

non-class members); *accord In re Veterans' Industries, Inc.,* 8 Cal. App. 3d 902, 926-27 (1970) (affirming order striking objections where objector did not have standing).

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff requests that (i) the motion to withdraw the Objections be granted; (ii) the motion to substitute be denied.

DATE:  February 9, 2012

GUTRIDE SAFIER LLP

/s/ Seth A. Safier /s/
Adam Gutride
Seth A. Safier
Attorneys for Plaintiff

1

**PROOF OF SERVICE**

I, Seth A. Safier, declare:

2

3      My business address is 835 Douglass, San Francisco, California.  I am employed in the
County of San Francisco, where this mailing occurs.  I am over the age of 18 years and not a

4      party to the within cause.

5      On February 9, 2012, I served the following documents:

6      **PLAINTIFF'S OPPOSITION TO MOTION TO SUBSTITUTE SAM P. CANNATA AS
OBJECTOR**

7

8      on the following person(s) in this action by placing a true copy thereof as follows:

9      Jeff McFarland (jeffmcfarland@quinnemanuel.com)      Sam P. Cannata
Stan Karas (skaras@quinnemanuel.com)                 Cannata Phillips LPA, LLC

10     Quinn Emanuel Urquhart & Sullivan, LLP              9555 Vista Way, Ste. 2000
865 South Figueroa Street, 10th Floor               Cleveland, OH 44125

11     Los Angeles, CA 90017

12     Joseph Darrell Palmer
Law Offices of Darrell Palmer

13     603 North Highway 101, Ste. A

14     Solana Beach, CA 92075

15

16     [X]      BY EMAIL DELIVERY.  I caused said documents to be delivered by ECF to the
above-mentioned persons.

17

I declare under penalty of perjury under the laws of the United States that the foregoing is

18     true and correct and that this document was executed on February 9, 2012, at San Francisco,
California.

19                                                    /s/ Seth A. Safier

20                                           _____
Seth A. Safier, Esq.

21

22

23

24

25

26

27

28