IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Kevin Embry, | NO. C 09-01808 JW |
| Plaintiff, | **ORDER ALLOWING WITHDRAWAL AND SUBSTITUTION OF OBJECTORS; OVERRULING OBJECTIONS** |
| v. | |
| ACER America Corp., | |
| Defendant. | |

Presently before the Court is Samuel Cannata's Motion for Withdrawal of Objectors Enzo R. Cannata and Mia G. Cannata and Substitution of Sam Cannata as Objector.[1] Samuel Cannata previously filed objections on behalf of his minor children, Enzo and Mia Cannata, who received Acer computers as gifts during the class period.[2] Cannata now seeks to withdraw his minor children as objectors and substitute himself, on the ground that he purchased the computers for his children, and thus is the true class member at issue. (Motion at 1-2.) Class counsel objects to the Motion on the ground that Mr. Cannata's objections are time-barred, as the deadline for class members to object to the settlement was January 23, 2012.[3]

---

[1] (Motion for Withdrawal of Objectors Enzo R. and Mia G. Cannata's [sic], Motion to Substitute Class Member Sam P. Cannata as Objector Adopting and Incorporating Objections to Class Action Settlement, hereafter, "Motion," Docket Item No. 213.)

[2] (Motion to Intervene and Objections to Class Action Settlement, hereafter, "Objections," Docket Item No. 200.)

[3] (Plaintiff's Opposition to Motion to Substitute Sam P. Cannata as Objector at 2-3, Docket Item No. 214.)

Upon review, the Court finds good cause to allow substitution and consider Mr. Cannata's objections on the merits. Although the Motion was filed after the deadline for filing objections had passed, the timely filing of the Objections, albeit under the wrong name, put class counsel on notice of the objections and provided an opportunity to respond. Further, based on the representations in the Objections and the Motion regarding ownership of the Acer computers,[4] the filing of the Objections under the incorrect names appears to be based on a good faith mistake regarding the class makeup. Thus, the Court finds that declining to consider Mr. Cannata's objections on the merits on the basis of such a mistake is unwarranted. Accordingly, the Court GRANTS Mr. Cannata's Motion for Withdrawal and Substitution of Objector.[5]

Upon review of Mr. Cannata's objections, however, the Court finds that none of the stated objections merit disapproval of the settlement. Mr. Cannata's first objection to the settlement is that the claims process is overly burdensome. (Objections at 2.) It is true that some burden is imposed by the requirement that class members provide documentation in order to collect certain benefit options. However, the Court carefully reviewed the claims process during preliminary settlement approval. In so doing, the Court found that the claims process was not overly burdensome in light of the need of Defendant to receive some documentation of class members' expenses. Further, the Court has not been presented with any evidence showing that lack of required documentation has prevented class members from making claims. Thus, the Court finds that the claims process is not overly burdensome, and OVERRULES that objection to the settlement.

Mr. Cannata's second objection to the settlement is that the Court should not award attorney fees before the claims deadline has passed, so that the Court can better assess the reasonableness of the requested fee award. (Objections at 2-3.) The Court finds, however, that the summary of hours

---

[4] (See Objections at 1; Motion at 1-2.)

[5] At oral argument on the Motion for Final Settlement Approval, class counsel sought leave of the Court to take discovery regarding Mr. Cannata and other objectors in order to move the Court to require an appellate bond. The Court finds that since no appeal has been filed, an order allowing discovery would be premature at this time. Accordingly, the Court DENIES the Motion for Discovery as premature, without prejudice to class counsel to file a renewed Motion for Discovery should circumstances warrant doing so.

2

provided by class counsel,[6] as well as information on claims received to date,[7] adequately allows the Court to assess counsel's request for fees. Thus, the Court does not find good cause to delay the awarding of fees until the claims deadline has passed, and OVERRULES that objection to the settlement.

Finally, Mr. Cannata objects that the "clear sailing" provision of the Settlement Agreement, wherein Defendant agreed not to oppose class counsel's request for up to $1.2 million in fees and costs, is inappropriate and should not be afforded any weight by the Court. (Objections at 3-4.) The Court finds, however, that while independent review by the Court of any request for fees is necessary with or without a "clear sailing" provision, the presence of such a provision within a settlement agreement is not inherently suspect or inappropriate. Rather, such provisions are regularly accepted as part of settlement agreements.[8] Thus, the Court finds that the presence of a "clear sailing" provision does not constitute a basis to deny approval of the settlement, and OVERRULES this objection to the settlement.[9]

In sum, the Court finds that each of Mr. Cannata's objections does not merit disapproval of the Class Action Settlement.[10]

---

[6] (See Docket Item No. 198-1.)

[7] (See Docket Item No. 211.)

[8] See Hartless v. Clorox Co., 273 F.R.D. 630, 645 n.6 (S.D. Cal. 2011).

[9] The Court observes that although Mr. Cannata objects to both the timing of the fee award and the presence of a "clear sailing" provision, he has not objected to the fee request itself as being unreasonable, based on the hours submitted or hourly rates of class counsel. (See Objections.)

[10] Although Mr. Cannata purports to make five objections to the settlement, the Court observes that the last two "objections" do not raise specific objections to the settlement but instead make generalized points about the role of objectors in a class action settlement. As these contentions do not address the merits of the settlement at issue, the Court does not address them here.

3

Accordingly, the Court OVERRULES each objection.

Dated: February 14, 2012

JAMES WARE
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Gutride adam@gutridesafier.com
Adam Joseph Bedel ajbedel@quinnemanuel.com
Jeffery David McFarland jdm@quinnemanuel.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Sam P. Cannata samcannata@cannataphillipslaw.com
Seth Adam Safier seth@gutridesafier.com
Stan Karas stankaras@quinnemanuel.com
Todd Michael Kennedy todd@gutridesafier.com

**Dated:  February 14, 2012**                                       **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
              **Susan Imbriani**
              **Courtroom Deputy**