UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50<br><br>Defendants | CASE NO. CV-09-1808 JW<br><br>ORER OVERRULING OBJECTIONS OF CHRISTOPHER BANDAS<br><br>Date: February 13, 2011<br>Time: 9:00 am<br>Place: Courtroom 15, 18th Floor<br>Judge: Hon. James Ware |

-1-

1  Prior to the final approval hearing, Christopher Bandas filed a timely objection to the
2  settlement and notice of his intent to appear at the final approval hearing. (Docket No. 199.) Mr.
3  Bandas did not in fact appear.   Having considered Mr. Bandas' written objections, they are
4  overruled for the reasons stated below.
5  Mr. Bandas first objected that the Class Counsel was obligated to submit time records to
6  support a fee award. The law is to the contrary. *See Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir.
7  2004) (detailed time records not required); *Faigman v. AT&T*, 2011 WL 672648 (N.D. Cal. 2011)
8  (declaration sufficient); *Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 255 (2001)
9  ("California case law permits fee awards in the absence of detailed time sheets"); *see also Fiori et
10 al v. Dell, Inc, et al*, 5:09-cv- 01518-JW (N.D. Cal. Feb. 21, 2011, Dkt.## 212, 216) (rejecting
11 same argument by Bandas' attorney, Joseph D. Palmer).
12 Bandas next objected that this settlement is a "coupon" settlement requiring "heightened
13 scrutiny" and that the award of fees should be deferred until all claims have been submitted.  The
14 Court disagrees with both the premises and the conclusion.  This settlement is not a "coupon"
15 settlement as it provides "no coupon, voucher or discount that would partly defray the cost of
16 making a new purchase of goods or services from the defendant" or that "might induce a the
17 [class] member to make a purchase he or she would not otherwise have made, which may actually
18 produce a net benefit for the defendant." *Chavez v. Netflix, Inc*., 162 Cal. App. 4th 43 (2008).
19 Rather, class members get free software, hardware, repairs or cash.  Nor do coupon settlements
20 require "heightened scrutiny," as the standard for approval of such settlements under the Class
21 Action Fairness Act appears to be identical to that under Federal Rule of Civil Procedure 23(e).
22 Compare 28 USC § 1712(e) ("In a proposed settlement under which class members would be
23 awarded coupons, the court may approve the proposed settlement only after a hearing to
24 determine whether, and making a written finding that, the settlement is fair, reasonable, and
25 adequate for class members.") to Fed. R. Civ. P. 23(e)(2) ("If the proposal would bind class
26 members, the court may approve it only after a hearing and on finding that it is fair, reasonable,
27 and adequate."). Even were "heightened scrutiny" required, Bandas does not explain why the
28 settlement would fail to survive such scrutiny.  As this Court explained in its Order granting final

approval (Docket No. 218), the settlement is fair, reasonable and adequate, and Class Counsel's request for fees should be approved based on the lodestar-multiplier and cross-check methods.

Bandas finally argues that the existence of a "quick pay" provision "may" create a conflict between Class Counsel and the Class. Based on the declarations of counsel, the Court finds that terms regarding attorneys' fees were not negotiated until after agreement as to all other substantive terms. Thus, the Court is not persuaded that any such conflict exists here.

Accordingly, all of Mr. Bandas' objections are OVERRULED.

**IT IS SO ORDERED** this ____ day of _____, 2012.

_____
HON. JAMES WARE
UNITED STATES DISTRICT COURT