Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Christopher Bandas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, individually and on behalf of himself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50,<br><br>    Defendants. | Case No. 09-cv-1808-JW<br><br>**OBJECTOR BANDAS' RESPONSE TO CLASS COUNSEL'S PROPOSED ORDER ON OBJECTION**<br><br>Date: February 13, 2012<br>Time: 9:00 a.m.<br>Place: Courtroom 15, 18th Floor<br>Judge: Hon. James Ware |

Objector Chris Bandas responds to Class Counsel's proposed order regarding his objection, filed on February 15, 2012.

While Mr. Bandas is familiar with the protocol of submitting proposed orders for consideration with a motion, it appears that Class Counsel has exceeded its limits.

Rather than requesting that the Court clarify its order approving the settlement reached herein, Class Counsel submitted further argument, and in fact, constitutes further ex parte argument to the Court, after the Final Order has been lodged. This is inappropriate. While Mr. Bandas can appreciate Class Counsel's wish to save judicial resources by submitting a further proposed order, this proposed "orer" is unacceptable.

Following are the terms of the proposed order which should be struck:

1. The caption of the pleading should have been entitled "[PROPOSED] ORDER" rather than simply, "ORER."

2. Mr. Bandas' appearing or not appearing at the Fairness Hearing is irrelevant. Rule 23 does not require objectors to appear. Class Counsel's statement that "Mr. Bandas did not in fact appear." is argument, and is improper in a court order. Page 2, lines 2-3.

3. Second paragraph, regarding the objection about submission of contemporaneous time records. Class Counsel's proposed language: "The law is to the contrary." In fact, Mr. Bandas made this objection because case law supports his position, as demonstrated in his objection. While the Court may agree or disagree with Mr. Bandas, the law is <u>not</u> to the contrary, but rather there appears to be a split in authority. The Court may overrule the objection, but it should not be based upon the assertion that "the law is to the contrary." Page 2, line 6.

4. Second paragraph, parenthetical comment regarding Mr. Bandas' attorney's objection history: "rejecting same argument by Bandas' attorney, Joseph D. Palmer." Page 2, lines 10-22. A jurist would rarely stoop to this type of characterization regarding one's attorney's litigation history, nor is it relevant toward the Court's consideration of the issue. The objection stands or falls on its merits, rather than on who made the argument. See generally, Federal Rules of Evidence, Rules 403, excluding irrelevant evidence for fear of prejudice and confusion, and 404(a)(1), character evidence. Accordingly, this parenthetical suggestion should be struck.

5. Third paragraph, lines 13-14: "The Court disagrees with both the premises and the conclusion." This is argument, rather than a ruling on an objection. Further, the language of this sentence again attacks and denigrates the attorney and/or objector, by disagreeing with "both" the premises and the conclusion. Courts typically simply sustain or overrule an objection, as shown in the Court's Order Allowing Withdrawal, filed February 14, 2012 (Doc. 217): "the Court finds good cause; accordingly, the Court grants Mr. Cannata's motion." Page 2, lines 1, 8. "Upon review of Mr. Cannata's objections, the Court finds that none of the objections merit disapproval of the settlement." "Thus, the Court finds that the claims process is not overly burdensome, and overrules that objection." Page 2, lines 10, 18. The suggested language in the proposed order herein, therefore, constitutes

impermissible character argument, and strays beyond the permissible boundaries of a proposed order. This language should be struck.

6. The remainder of paragraph 3 is simply argument, rather than a decision on an objection. The rebuttal to whether a coupon settlement requires heightened scrutiny is irrelevant. Mr. Bandas simply mentioned to the Court that this type of settlement required heightened scrutiny because of the nature of the benefit. The Court, after reading the objection, presumably gave further scrutiny to the settlement, and approved it as stated in the Final Order. The entirety of the third paragraph is therefore irrelevant and should be struck. The Court's Final Order speaks for itself with respect to the scrutiny accorded to the agreement.

7. Further evidence of Class Counsel's improper character attack is found on page 2, lines 27-29: "Bandas does not explain why the settlement would fail to survive such scrutiny." This type of personal attack would not typically appear in a court order, and in fact highlights the irrelevance of Class Counsel's argument.

8. Class Counsel's argument regarding attorneys' fees constitutes essentially a non-sequitur: because there are declarations to the effect that attorneys' fees were not negotiated until after the agreement in principle, there is no conflict regarding the "quick pay" provision. Page 3, lines 3-6. One does not logically follow the other. Nor is there any support for this argument. This paragraph should similarly be struck for its argumentative and irrelevant substance.

For these reasons, Objector Bandas urges the Court to revisit, and rewrite the proposed order submitted with respect to his objection.

LAW OFFICES OF DARRELL PALMER

Dated: February 15, 2012         By: ____/s/ Joseph Darrell Palmer_____
                                      Joseph Darrell Palmer
                                      Attorney for Objector, CHRISTOPHER BANDAS

OBJECTOR BANDAS' RESPONSE TO CLASS COUNSEL'S PROPOSED ORDER ON OBJECTION

# CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2012, I electronically filed the foregoing OBJECTOR BANDAS' RESPONSE TO CLASS COUNSEL'S PROPOSED ORDER ON OBJECTION with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system, to wit:

     /s/ Joseph Darrell Palmer
     Joseph Darrell Palmer
     Attorney for Objector