**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for Plaintiff KEVIN EMBRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>        Plaintiff,<br><br>                v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50<br><br>        Defendants | CASE NO.  CV-09-1808 (JW)<br><br>PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; DECLARATION OF SETH A. SAFIER IN SUPPORT THEREOF<br><br>[Local Rule 7-11]<br><br>Judge:  Hon. James Ware |

Pursuant to Local Rule 7-11, Plaintiff, Kevin Embry ("Plaintiff") moves for administrative relief granting him permission to depose and seek documents from Sam Cannata, Esq. and Christopher Bandas, Esq. and the custodian of records for the Law Offices of Darrell Palmer.

## I.   **Introduction**

Out of 14 million Acer computer purchases, the only objections to the settlement were filed by well-known professional objectors, attorneys Sam P. Cannata, Christopher Bandas and Joseph Darrell Palmer.  After the Court approved the settlement, Mr. Palmer filed an appeal on behalf of Mr. Bandas, and Mr. Cannata filed an appeal in *pro per*.  The appeals will delay the provision of settlement benefits to more than 16,000 class members claimant and in many cases entirely eliminate the value of the settlement benefits, as the class members will be unable to use their computers until they receive their promised recovery disks.

Plaintiff will soon be filing a motion for an appeal bond.  Plaintiff also will be asking the Court of Appeal to dismiss the appeals as frivolous and to award "delay damages" to the Class under 28 U.S.C. § 1912, among other relief.  *See* Fed. R. Civ. P. 38, 39; *see also De Witt v. Western Pac. R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983) (sanctions imposed under F.R.A.P. 38 and 28 U.S.C. § 1912 for filing a frivolous appeal); *Arizona Elec. Power Co-op, Inc. v. Berkeley*, 59 F.3d 988, 993-94 (9th Cir. 1995) (same).

This motion focuses on discovery needed to prove to the Court of Appeal that these objectors have a practice of making frivolous objections and bringing appeals for an improper purpose.  Judges in this District and elsewhere have repeatedly found Mr. Palmer, Mr. Bandas and Mr. Cannata have made frivolous objections; it appears that they have made it their practice to automatically appeal from those District Court rulings in order to delay the class action settlement and extort fees from the parties.  It further appears that in *virtually every* case, the objectors have dismissed or abandoned the appeals before they could be heard and without obtaining any changes to the settlement.  Plaintiff needs discovery to determine, *inter alia*: (1) whether Mr. Bandas, Mr. Cannata or Mr. Palmer have received money to dismiss or abandon those appeals, and if so the circumstances surrounding the appeal and payment; (2) whether Mr. Bandas, Mr. Cannata or Mr. Palmer has ever previously been accused of and/or sanctioned for filing frivolous objections and appeals, and the nature of those accusations and/or

findings; (3) whether there is a bona-fide attorney-client relationship between Mr. Bandas and his purported attorney, as would be reflected in a written retainer agreement; (4) whether the appeal process is being used to violate professional rules regarding sharing of attorneys' fees, in that Mr. Bandas or Mr. Cannata's children (who were the original objectors) have been offered or promised any share of attorneys' fees that could be recovered in connection with the pursuit of the objection and appeal.

In nearly identical circumstances, Judge Wilken has granted similar motions for discovery against these same objectors; the orders had the salutary effect of causing the objections to be immediately withdrawn, even though the discovery was never actually taken. *See Sullivan v. Kelly Services, Inc.,* 4:08-cv-03893-CW (N.D. Cal. Aug. 03, 2011, Dkt.# 121 (ordering discovery), Aug. 5, 2011, Dkt.# 122 (withdrawing objections); *In re: Static Random Access Memory (SRAM) Antitrust Litigation,* 4:07-md-01819-CW (N.D. Cal. Sept, 23, 2011, Dkt.# 1393 (ordering objectors to appear for deposition and produce documents); Oct. 27 , 2011, Dkt.# 1414 (objector refused to appear for deposition; motion for sanctions was filed and Mr. Palmer appears to have abandoned the objections.); *Kramer v. Autobytel Inc, et al*, 10-cv-02722-CW (N.D. Cal. Jan. 12, 2012) (ordering objectors to appear for deposition and produce documents);, Jan. 23, 2012, Dkt.# 143 (withdrawing objections)).

## II.   **Procedural Background**

On October 24, 2011, this Court preliminarily approved this settlement and scheduled a final hearing for February 13, 2012.  On January 9, 2012, Plaintiff filed a motion for final approval and an award of attorneys' fees and costs.  (Dkt.# 198.)  The motion was also posted to the settlement website. (Dkt.# 204, ¶ 8.) On January 23, 2012, the Law Offices of Darrell Palmer filed (via ECF) an objection on behalf of Christopher Bandas.  The next day, the Clerk of this Court filed an objection on behalf of Enzo and Mia Cannata that it had received in the mail.  Sam P. Cannata of Cannata Phillips LPA, LCC purported to represent the Cannata objectors.  (Dkt.# 200.)

Plaintiff investigated the objections, objectors and their counsel.  He then drafted and served subpoenas on Mr. Bandas and on Mr. Cannata's clients.  Although they did not move for a protective order or move to quash, Mr. Bandas and the Cannatas refused to appear for deposition and did not produce the requested documents and information.  Mr. Cannata subsequently sought and was granted

1  leave to substitute in *pro per* as the objector in lieu of his children.  (Dkt.# 217.)   On March 19, Plaintiff

2  served a subpoena on Mr. Cannata, a true and correct copy of which is attached as Exhibit D.

3        On February 14, this Court granted final approval to the settlement and overruled all objections.

4  (Dkt. # 217, 218.)  In its order the Court retained jurisdiction over the case to effect implementation of

5  the settlement agreement.  (Dkt.# 218, ¶ 17.)

6  **III.   <u>Argument</u>**

7        Federal Rule of Civil Procedure 30(a)(1) provides that "[a] party may, by oral questions, depose

8  any person, including a party, without leave of court" with certain exceptions provides in Rule 30(a)(2),

9  which are inapplicable here.  "Although Courts do not usually allow discovery from absent class

10  members, the rules pertaining to such discovery are flexible, especially where the proposed deponents

11  have been identified as potential witnesses or have otherwise "injected" themselves into the litigation.

12  *See Antoninetti v. Chipotle, Inc.*, 2011 U.S. Dist. LEXIS 54854 at *3-4 (S.D. Cal. May 23, 2011), *citing*

13  *Mas v. Cumulus Media Inc.*, 2010 U.S. Dist. LEXIS 130269, *3 (N.D. Cal. Nov. 22, 2010).  Depositions

14  of absent class members are permitted when they are necessary and do not take advantage of the absent

15  class members.  *Id.*

16        Discovery may proceed after judgment, even once a notice of appeal has been filed.  *See, e.g.,*

17  *Campbell v. Blodgett*, 982 F.2d 1356, 1357 (9th Cir. 1993) (district court retains jurisdiction to issue

18  discovery order)

19        The discovery is sought to determine whether there is a bona fide class member who is pursuing

20  objections; whether the purpose of the objection is to benefit the class or the objectors (possibly through

21  an illegal fee-sharing arrangement); and whether there is a pattern of filing objections and appeals in bad

22  faith for financial gain.  Plaintiff already knows that there are a large number of cases in which the

23  identical objections by the identical objectors were overruled, but has not been able to determine how

24  much money was paid to these objectors in exchange for them dismissing or abandoning their appeals.

25  In many of the cases, the underlying objections are identical to those made here.[1]

26  

27  [1] Based on information gleaned from filings in other cases, Mr. Cannata has objected, in pro per, in the

28  following cases:  *In re HP Inkjet Printer Litig.*, 2011 U.S. Dist. LEXIS 65199 (N.D. Cal. June 20, 2011)

Even if the Court would typically be reluctant to permit discovery against objectors, such relief is warranted against the particular objectors here.  Judge Wilken has labeled Mr. Bandas' objections as "unfounded" and "patently frivolous."  *See Conroy*, 2006 U.S. Dist. LEXIS 96169 at *11-12 (N.D. Cal. Aug. 10, 2006).  Judge Pro of the District of Nevada held that Mr. Bandas had filed objections that were

(Cannata objection in pro per); *Hartless v. Clorox Co.*, 273 F.R.D. 630 (S.D. Cal. 2011) (Cannata, in pro per, presenting almost identical objections); *Trombley v. Nat'l City Bank*, 2011 U.S. Dist. LEXIS 137898 (D.D.C. Dec. 1, 2011) (Cannata, in pro per, presenting almost identical objections); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560 (N.D. Ill. 2011) (Cannata objecting in pro per); *In re Merck & Co. Vytorin ERISA Litig.*, 2010 U.S. Dist. LEXIS 12344 (D.N.J. Feb. 9, 2010) (Cannata objecting in pro per).  Mr. Cannata also frequently represents family members in objections. *See, e.g., In Re: Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation*, (Dkt.# 110) Case No. 1:09-cv-07670 (N.D. Ill. 2011) (objections on behalf of his wife, Jill Cannata.)   To best of Plaintiff's knowledge, Cannata's objections in all the other cases have been overruled.  *See, e.g., Masters v. Lowe's Home Center*, No. 3:09-cv-02555. (Dkt.# 63) (S.D. Ill. July 14, 2011) (finding objection to be "without merit"); *Schulte v. Fifth Third Bank*, 09-CV-6655, 2011 WL 3269340, at *17 (N.D. Ill. July 29, 2011); *Marsikyan v. Mercedes-Benz, USA, LLC*, No. 08-04876, (Dkt.# 124) (C.D. Cal. May 17, 2010).

Mr. Palmer has unsuccessfully represented objectors in the following cases:  *Smith et al v. Wal-Mart Stores, Inc.,* 4:06-cv-02069-SBA (N.D. Cal. Sept. 7, 2010, Dkt.# 409; Dkt.## 426, 438); *Yeagley v. Wells Fargo & Company et al.,* 3:05-cv-03403-CRB (N.D. Cal. June 8, 2007, Dkt.# 135; Dkt.## 135, 142); *In re: Static Random Access Memory (SRAM) Antitrust Litigation*, 4:07-md-01819-CW (N.D. Cal. Sept. 1, 2011, Dkt.# 1385; Dkt.## 1391, 1393, 1408); *Sullivan v. Kelly Services, Inc.,* 4:08-cv-03893-CW (N.D. Cal. July 25, 2011, Dkt.# 117; Dkt.# 144); *Kramer v. Autobytel Inc et al.,* 4:10-cv-02722-CW (N.D. Cal. Jan. 5, 2012, Dkt.# 128; Dkt.# 148); *Chuck Browning v. Yahoo!, Inc.,* 5:04-cv-01463-HRL (N.D. Cal. May 15, 2007, Dkt.# 159: Dkt.# 200); *In re Mercury Interactive Securities Litigation*, 5:05-cv-03395-JF (N.D. Cal. Jan. 13, 2011, Dkt.# 401; Dkt.# 416); *The NVIDIA GPU Litigation*, 5:08-cv-04312-JW (N.D. Cal. Nov. 5, 2010, Dkt.# 296); *Fiori et al v. Dell, Inc, et al*, 5:09-cv-01518-JW (N.D. Cal. Feb. 21, 2011, Dkt.# 212; Dkt.# 216); *Yingling et al v. eBay, Inc.*, 5:09-cv-01733-JW (N.D. Cal. Feb. 14, 2011, Dkt.# 212; Dkt.# 218); *In re MagSafe Apple Power Adapter Litigation*, 5:09-cv-01911-JW (N.D. Cal. Jan, 6, 2012, Dkt.# 86); *In Re: Wachovia Corp.,* 5:09-md-02015-JF (N.D. Cal. Mar. 10, 2011, Dkt.# 124; Dkt## 207, 210; *In re: Google Buzz Privacy Litigation*, 5:10-cv-00672-JW (N.D. Cal. Jan. 10, 2011, Dkt.# 179; Dkt.# 128).  He has also represented himself in pro per in a number of objections, none of which were successful. *See, e.g., Berger v. Property I.D. Corp.*, Case No. 05-5373 GHK (C.D. Cal. Jan. 28, 2009, Dkt.# 899, 900).

Attorney Bandas has unsuccessfully represented objectors in the following cases: *Smith et al v. Wal-Mart Stores, Inc.*, 4:06-cv-02069-SBA (N.D. Cal. Sept. 9. 2010, Dkt.## 409, 419, working with Mr. Palmer); *In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 4:02-md-01486-PJH (N.D. Cal. Oct. 3, 2006, Dkt.# 1081); *Conroy, et al v. 3M Corporation, et al*, 4:00-cv-02810-CW (N.D. Cal. Feb. 3, 2006, Dkt.## 216, 217, 238); *Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008); and *Fleury et al v. Cartier International et al*, 3:05-cv-04525-EMC (N.D. Cal. Mar. 18, 2008, Dkt.## 220. 221, 278).

"not supported by law or the facts and are indeed meritless" and that he had "a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class." *In Re: Wal-Mart Wage And Hour Employment Practices Litigation,* 2010 U.S. Dist. LEXIS 21466 at *16-17 (D. Nev. Mar. 8, 2010).  In a recent case involing both Cannata and Palmer, the court found objector's appeal "to be frivolous, unreasonable and groundless" and ordered expedited discovery.  *See, e.g., Gemelas v. Dannon Co*., 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010) (finding $275,000 appeal bond appropriate and granting leave to conduct discovery.)

The canons of professional ethics also impose on every lawyer the obligation "not to clog the courts with frivolous motions or appeals." *Polk County v. Dodson*, 454 U.S. 312, 323 (1981).   "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit."  *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990).  Moreover, "[T]he decision to appeal should be a considered one, . . . not a knee-jerk reaction to every unfavorable ruling." *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989), *quoting DeWitt v. Western Pac. R.R. Co*., 719 F.2d 1448, 1451 (9th Cir. 1983).

If this Court does not believe it is appropriate for deposition and document discovery to go forward, it should at a minimum order each of the objectors and their counsel to provide declarations listing all prior class action settlements to which objections were made, the trial court's resolution of those objections, whether an appeal was filed, how the appeal was resolved, whether any changes were made to the settlement, and how much money was paid to the objectors and their counsel.  In a similar case in Fresno Superior Court, Judge Hamilton found that attorney Palmer was a "professional objector" and ordered him to file with the Court a declaration (1) setting forth the name of all prior objections, including the name of the objectors, (2) set forth in which of the cases the objection was withdrawn after settlement, (3) attach any ruling on the objections, and (4) set forth which of the cases involved Edward Siegel, another notorious professional objector.  *See Lane v. Stewart Title*, Case No. 07-CECG-01735 (Hamilton, J., Fresno Superior Court Sept. 29, 2010).   Attorney Palmer disobeyed the Order and refused to file a declaration.  *See* www.fresno.courts.ca.gov/_pdfs/tentative_rulings/.../09-29-2010.pdf.  Instead, he withdrew the objections.

**IV.   Conclusion**

For the foregoing reasons, this Court should grant Plaintiff permission to depose and obtain documents from Christopher Bandas, Sam Cannata, and the custodian of records for the Law Offices of Darrell Palmer.

DATE:  March 20, 2012

GUTRIDE SAFIER LLP

/s/ Seth A. Safier /s/
Adam Gutride
Seth A. Safier
Attorneys for Plaintiff

1

2                        <u>**DECLARATION OF SETH A. SAFIER**</u>

3              I, Seth A. Safier, declare and state that:

4         1.      I am an attorney licensed to practice law in the State of California and in this Court, and

5    am counsel of record for Plaintiff in the above captioned matter.

6         2.      I am a partner in Gutride Safier LLP ("GSLLP").  The information below is stated based

7    on personal knowledge.  I am competent to testify to the facts set forth below, and if called as a witness

8    and placed under oath, I would testify to those facts.

9         3.      On January 30, 2012, I caused subpoenas to be served on Christopher Bandas, true and

10   correct copies of which are attached hereto as Exhibit A.  On that same day, Mr. Palmer sent me the

11   letter, attached hereto as Exhibit B, refusing to comply with the subpoena.

12        4.      On January 26, 2012, I caused subpoenas to be served on Mia and Enzo Cannata.  Soon

13   thereafter, I spoke with Sam Cannata who indicated that he would withdraw the objections.  When he

14   withdrew the objections, however, he sought leave to substitute himself as an objector and the Court

15   granted his request.  On March 19, 2012, I caused a subpoena to be served on Sam Cannata, a true and

16   correct copy of which is attached as Exhibit C.

17            I declare under penalty of perjury under the laws of the United States that the foregoing is true of my

18   own personal knowledge. Executed at San Francisco, California, this 20th day of March 2012.

19

20   _____

21                                                      Seth A. Safier, Esq.

22

23

24

25

26

27

28

# EXHIBIT A

AO 88 (Rev. 07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| KEVIN EMBRY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   09-cv-1808-JW |
| ACER AMERICA CORPORATION | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  CHRISTOPHER BANDAS, 500 N. Shoreline Blvd., Suite 1020 Corpus Christi, Texas 78471

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | United States District Court, 450 Golden Gate Ave, San Francisco, CA 94102 | Courtroom No.: | Courtroom 15, 18th Floor |
|---|---|---|---|
| | | Date and Time: | 1/24/2012   9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
See Attachment B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  1/25/2012

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Kevin Embry
_____ , who issues or requests this subpoena, are:

Seth A. Safier, Esq., Gutride Safier LLP, 835 Douglass Street, San Francisco, CA 94115, seth@gutridesafier.com, 415-336-6545

AO 88  (Rev.07/10)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT B

The definitions below are incorporated into each request for production.  You are directed to respond to each special interrogatory as if the definitions were set forth therein.

1.	"YOU" means Christopher Bandas, his agents and assigns; and any PERSON acting on behalf of any of the aforementioned.

2.	"PLAINTIFF" means Plaintiff Kevin Embry, his agents and assigns; and any PERSON acting on behalf of any of the aforementioned.

3.	The terms "DOCUMENT" or "DOCUMENTS" mean, without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing, record, or recording of every type, form, and description that is in the possession, custody, or control of the responding party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, including, by way of illustration and not limitation, the following items: notes, correspondence, communications of any nature (including intra-company communications and correspondence), electronic mail messages, telegrams, cables, memoranda (including internal memoranda), notebooks of any nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of any nature, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports AND/OR summaries of interviews; reports AND/OR summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports

of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including all modifications or revisions thereof); reports AND/OR summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks AND/OR scripts; drafts of original or preliminary notes on, and marginal comments appearing on, any document; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy or any other storage or recording medium within the scope of California Evidence Code § 250.

      4.     The terms "DOCUMENT" or "DOCUMENTS" mean, without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing, record, or recording of every type, form, and description that is in the possession, custody, or control of the responding party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, including, by way of illustration and not limitation, the following items: notes, correspondence, communications of any nature (including intra-company communications and correspondence), electronic mail messages, telegrams, cables, memoranda (including internal memoranda), notebooks of any nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of any nature, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports AND/OR summaries of interviews; reports AND/OR summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports

of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including all modifications or revisions thereof); reports AND/OR summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks AND/OR scripts; drafts of original or preliminary notes on, and marginal comments appearing on, any document; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy or any other storage or recording medium within the scope of California Evidence Code § 250.

       4.     As used herein the term document also includes any document, which did exist, but as of the date of response and production has been destroyed, lost, misplaced, or is otherwise unavailable. For any such document, the response must to the extent possible identify the document by date, subject matter, author, addressee, and persons to whom the document was distributed; must state whether the document was lost, destroyed, or misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the document.

       5.     The terms "RELATES," "RELATED," "RELATE," "RELATED TO" and "RELATING TO" mean concerning, mentioning, indicating, disclosing, discussing, constituting, analyzing, serving as a basis for, relying upon, supporting, describing, referring or in any other way bearing upon or illuminating the subject matter into which inquiry is made.

       6.     "AND/OR" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

       7.     "INCLUDE," "INCLUDES," and "INCLUDING" shall include by reference without limitation.

       8.     The term "PERSON(S)" includes the plural as well as the singular and includes any person, firm, association, partnership, corporation, AND/OR any other form

of legal entity.

9.     The terms "IDENTIFY" and "IDENTIFICATION" mean:

a.     With reference to DOCUMENTS, state the type of DOCUMENT (e.g. letter, interoffice memorandum), and provide information sufficient to enable PLAINTIFF to identify the DOCUMENT to obtain its production by DEFENDANT, such as its date, the name of the signer or signers, the name of the author or authors, the name of the recipient or recipients, and the title, heading, or subject matter of the DOCUMENT.

b.     With reference to a PERSON, furnish information sufficient to enable PLAINTIFF to identify and to locate the PERSON, including, to the extent the information is available to you, the full name, the present or last known residence address and business address and telephone numbers (business and residence) of the PERSON.

10.     "SETTLEMENT" means the class action settlement in *Embry v. Acer America Corporation*, Case No. 09-cv-1808 (JW).

11.     "LITIGATION" means *Embry v. Acer America Corporation*, Case No. 09-cv-1808 (JW).

## **REQUESTS FOR PRODUCTION**

a.     ALL DOCUMENTS that RELATE TO YOUR purchase or ownership of an Acer brand computer;

b.     ALL DOCUMENTS that RELATE TO YOUR any contact YOU have had with Acer;

c.     ALL DOCUMENTS that RELATE TO any communication YOU have had with Joseph Darrell Palmer concerning this LITIGATION including YOUR retainer or engagement agreement;

d.     ALL DOCUMENTS that RELATE TO any communication YOU have had with Joseph Darrell Palmer concerning this any other class action litigation where

YOU and/or Joseph Darrell Palmer have filed objections on behalf of YOU or any other person;

   e.  ALL DOCUMENTS that RELATE TO YOUR communication with any lawyer concerning the SETTLEMENT or LITIGATION;

   f.  ALL DOCUMENTS that RELATE TO the SETTLEMENT;

   g.  ALL DOCUMENTS that RELATE TO the LITIGATION;

   h.  ALL DOCUMENTS that RELATE any other objection YOU have made to any other class action settlements, whether on behalf of YOU or on behalf of any client or other person;

   i.  ALL DOCUMENTS that RELATE TO any other class actions of which YOU are (or have been) a class member;

   j.  ALL DOCUMENTS that RELATE TO YOUR objection(s) to the SETTLEMENT; and

   k.  ALL DOCUMENTS that RELATE TO any money YOU have ever received from Joseph Darrell Palmer.

# EXHIBIT B

**LAW OFFICES OF DARRELL PALMER**

PHOENIX OFFICE

67 E. WELDON AVE., STE. 100
PHOENIX, AZ 85012

603 North Highway 101 Ste A ♦ SOLANA BEACH ♦ CALIFORNIA 92075
VOICE 858.792.5600 ♦ FAX 858.792.5655
darrell.palmer@palmerlegalteam.com
Licensed to practice law in California, Arizona & Colorado

SAN MATEO OFFICE

120 NORTH EL CAMINO REAL
SAN MATEO, CA 94401

January 30, 2012

## Via Fax and U.S. Mail

Seth Safier
GUTRIDE SAFIER LLP
835 Douglass Street
San Francisco, CA 94115
Fax: (415)449-6469

> Re: *Embry v. Acer America Corp.*
> Objector Christopher Bandas
> Case Number: 09-cv-1808(JW)

Mr. Safier:

We are in receipt of your deposition notice and subpoena for Christopher Bandas, and take this opportunity to urge you to withdraw it. We are aware that this is a tactic engaged in by class counsel to scare off objectors, but it is procedurally infirm and will not be enforced by the Court.

The first problem is that you have completely flouted Local Rule 37-3, which provides as follows:

> Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court, for good cause shown.

Accordingly, your subpoena and accompanying notice is "not enforceable" at all. This rule clearly states that you must obtain an order from the Court, and must demonstrate good cause before obtaining this order. I also note that you are aware of Rule 37-3, which rule was cited in the Court's order setting the discovery cut-off for February 28, 2011. (Doc. 121) The Court did not extend the cut-off in any other order. Since the subpoena is not enforceable, Mr. Bandas will not be appearing for his deposition.

Irrespective of this total failure to follow local rules, the deposition notice is improper because you must obtain permission from the court prior to taking discovery from an unnamed class member. Cal. Prac. Guide, *Federal Civ. Proc. Before Trial,* 10:749 ("the party seeking discovery from unnamed class members is required to obtain a court order before service of interrogatories, taking of depositions, or other form of discovery is sought." *In re Carbon Dioxide Industry Antitrust Litig.,* 155 F.R.D. 209, 212 (M.D.Fla. 1993)). You have not sought,

Seth Safier
Tuesday, January 31, 2012
Page 2 of 3

or obtained this permission. Your notice, then, is invalid and unenforceable under this criteria as
well. If you like, I can provide you with court orders confirming our position.

The court in *Clark v. Universal Builders*, 501 F.2d 324 (7th Cir. 1973), stated that a strong
showing of necessity must be made before allowing discovery from unnamed class members:

> In appropriate circumstances absent class members may be propounded written
> interrogatories on a showing that the information requested is **necessary to trial
> preparation** and that the interrogatory is not designed as a tactic to take undue advantage
> of the class members or as a stratagem to reduce the number of claimants. The party
> seeking discovery has the burden of demonstrating its merits.

501 F.2d at 340 (emphasis added). In the present case, there is no "trial preparation," since the
case is settled. Therefore, the depositions are not necessary to trial preparation. Further, it was
apparent from the docket report that discovery is closed. It is clear then, that this deposition
notice is "designed as a tactic" to "reduce the number" of objectors (*Clark, supra*), and will not
meet the strong showing of necessity required to convince the court that these depositions are
appropriate.

It is irrelevant whether the plaintiff or the defendant is seeking discovery: "Absent a
showing of particularized need, the Court will not permit general discovery from passive class
members. . . . The Court has determined, above, that non-representative class members **shall not
be subject to discovery** absent a showing of particularized need for information that cannot be
obtained from class representatives. *In re Carbon Dioxide, supra*, 155 F.R.D. at 212. The fact
that Mr. Bandas has objected does not transform his status into a representative class member:
"By virtue of not being chosen as class representatives, the plaintiffs remain as passive class
members, on equal footing with all other non-representative class members." *In re Carbon
Dioxide, supra*, at 211-12. Allowing discovery from non-representative class members without a
prior court order undermines the entire purpose and structure of Rule 23:

> Discovery proceedings, such as the proposed interrogatories, are improper, directed as
> they are to members of the class who are not named plaintiffs. . . . It is not intended that
> members of the class should be treated as if they were parties plaintiff, subject to the
> normal discovery procedures, because if that were permitted, then the reason for the rule
> would fail.

*Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132.

Third: due to the fact that a settlement has already been reached, there is no reasonable
purpose for "discovery," other than harassment. The discovery sought is not relevant to "any
party's claim or defense" (FRCP 26(b)(1)), because the case is settled. Therefore, there are no
pending claims or defenses, and whatever you seek to discover from Mr. Bandas is simply not
relevant. Further, under Rule 26(b)(2)(C)(iii), the court *must* limit discovery when "the burden

Seth Safier
Tuesday, January 31, 2012
Page 3 of 3

or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Because the case **is already resolved,** there can be no importance attached to the proposed discovery, which can only be described as burdensome and clearly intended solely for harassment purposes and designed to chill class members' rights to object to settlements.

Fourth: A court order is required when seeking discovery after the discovery cut-off under the federal rules as well as the local rules (see above, Rule 37-3). *See,* Federal Rules of Civil Procedure, Rule 16(b)(3): the scheduling order "must" limit the time to complete discovery. A party may obtain relief from the cut-off date by demonstrating good cause for allowing further discovery. *See,* Rule 16(b)(4): a party must demonstrate "good cause" and obtain the judge's consent. This further underscores our initial contention that you must obtain a court order obtaining permission to take this deposition. As mentioned, discovery closed on February 28, 2011, notwithstanding the motions to compel other depositions after the cut-off, which depositions **were** noticed before the cut-off. You have not obtained any court order to reopen discovery for further depositions, nullifying the legal effect of your deposition notice.

Finally, it is unclear why you assume the Northern District of California has personal jurisdiction over a Texas resident. Being a class member of a case venued in the Northern District does not make every class member subject to that state's personal jurisdiction. Class members do not submit to personal jurisdiction merely by filing objections to a settlement. There has been no "purposeful availment," or minimum contacts. Your subpoena for his personal appearance at the fairness hearing is similarly defective, and as such, legally ineffective.

Mr. Bandas provided his proof of class membership as an exhibit to his deposition. Discovery is over. If you would like to discuss any of these issues further, please feel free to call me.

Very Truly Yours,

Janine R. Menhennet

# EXHIBIT C

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Kevin Embry | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    09-cv-1808 (JW) |
| | ) | |
| Acer America Corporation | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of                                    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Enzo R. Cannata, 14944 Hillbrook Dr., Hunting Valley, OH 44022

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| 130 Battery St # 580  San Francisco, CA 94111-4905 | 2/8/2012 ; 10:00 am |

The deposition will be recorded by this method:   video, stenography

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    1/25/2012

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Kevin Embry
_____ , who issues or requests this subpoena, are:
Seth A. Safier, Esq., Gutride Safier LLP, 835 Douglass Street, San Francisco, CA 94115, seth@gutridesafier.com, 415-336-6545

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed

information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT B

The definitions below are incorporated into each request for production.  You are directed to respond to each special interrogatory as if the definitions were set forth therein.

1.      "YOU" means Enzo R. Cannata and Mia G. Cannata, their agents and assigns; and any PERSON acting on behalf of any of the aforementioned.

2.      "PLAINTIFF" means Plaintiff Kevin Embry, his agents and assigns; and any PERSON acting on behalf of any of the aforementioned.

3.      The terms "DOCUMENT" or "DOCUMENTS" mean, without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing, record, or recording of every type, form, and description that is in the possession, custody, or control of the responding party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, including, by way of illustration and not limitation, the following items: notes, correspondence, communications of any nature (including intra-company communications and correspondence), electronic mail messages, telegrams, cables, memoranda (including internal memoranda), notebooks of any nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of any nature, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports AND/OR summaries of interviews; reports AND/OR summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports

of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including all modifications or revisions thereof); reports AND/OR summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks AND/OR scripts; drafts of original or preliminary notes on, and marginal comments appearing on, any document; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy or any other storage or recording medium within the scope of California Evidence Code § 250.

4.      As used herein the term document also includes any document, which did exist, but as of the date of response and production has been destroyed, lost, misplaced, or is otherwise unavailable.  For any such document, the response must to the extent possible identify the document by date, subject matter, author, addressee, and persons to whom the document was distributed; must state whether the document was lost, destroyed, or misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the document.

5.      The terms "RELATES," "RELATED," "RELATE," "RELATED TO" and "RELATING TO" mean concerning, mentioning, indicating, disclosing, discussing, constituting, analyzing, serving as a basis for, relying upon, supporting, describing, referring or in any other way bearing upon or illuminating the subject matter into which inquiry is made.

6.      "AND/OR" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

7.      "INCLUDE," "INCLUDES," and "INCLUDING" shall include by reference without limitation.

8.      The term "PERSON(S)" includes the plural as well as the singular and includes any person, firm, association, partnership, corporation, AND/OR any other form

of legal entity.

9.      The terms "IDENTIFY" and "IDENTIFICATION" mean:

a.      With reference to DOCUMENTS, state the type of DOCUMENT (e.g. letter, interoffice memorandum), and provide information sufficient to enable PLAINTIFF to identify the DOCUMENT to obtain its production by DEFENDANT, such as its date, the name of the signer or signers, the name of the author or authors, the name of the recipient or recipients, and the title, heading, or subject matter of the DOCUMENT.

b.      With reference to a PERSON, furnish information sufficient to enable PLAINTIFF to identify and to locate the PERSON, including, to the extent the information is available to you, the full name, the present or last known residence address and business address and telephone numbers (business and residence) of the PERSON.

10.     "SETTLEMENT" means the class action settlement in *Embry v. Acer America Corporation*, Case No. 09-cv-1808 (JW).

11.     "LITIGATION" means *Embry v. Acer America Corporation*, Case No. 09-cv-1808 (JW).

## REQUESTS FOR PRODUCTION

a.      ALL DOCUMENTS that RELATE TO YOUR purchase or ownership of an Acer brand computer;

b.      ALL DOCUMENTS that RELATE TO any contact YOU have had with Acer;

c.      ALL DOCUMENTS that RELATE TO any communication YOU have had with Sam P. Cannata concerning this LITIGATION including YOUR retainer or engagement agreement;

d.      ALL DOCUMENTS that RELATE TO any communication YOU have had with Sam P. Cannata concerning this any other class action litigation where Sam P.

Cannata has filed objections on behalf of YOU or any other person;

      e.     ALL DOCUMENTS that RELATE TO YOUR communication with any lawyer concerning the SETTLEMENT or LITIGATION;

      f.     ALL DOCUMENTS that RELATE TO the SETTLEMENT;

      g.     ALL DOCUMENTS that RELATE TO the LITIGATION;

      h.     ALL DOCUMENTS that RELATE any other objection YOU have made to any other class action settlement;

      i.     ALL DOCUMENTS that RELATE TO any other class actions of which YOU are (or have been) a class member;

      j.     ALL DOCUMENTS that RELATE TO YOUR objection(s) to the SETTLEMENT; and

      k.     ALL DOCUMENTS that RELATE TO any money YOU have ever received  from Sam P. Cannata.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Kevin Embry | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    09-cv-1808 (JW) |
| | ) | |
| Acer America Corporation | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mia G. Cannata, 14944 Hillbrook Dr., Hunting Valley, OH 44022

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:    130 Battery St # 580 San Francisco, CA 94111-4905 | Date and Time:<br>2/8/2012   1:00pm |
|---|---|

The deposition will be recorded by this method:   video, stenography

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    1/25/2012

*CLERK OF COURT*

OR

_____       _____
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Kevin Embry

, who issues or requests this subpoena, are:

Seth A. Safier, Esq., Gutride Safier LLP, 835 Douglass Street, San Francisco, CA 94115, seth@gutridesafier.com, 415-336-6545

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*


                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed

information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT B

The definitions below are incorporated into each request for production.  You are directed to respond to each special interrogatory as if the definitions were set forth therein.

1.      "YOU" means Enzo R. Cannata and Mia G. Cannata, their agents and assigns; and any PERSON acting on behalf of any of the aforementioned.

2.      "PLAINTIFF" means Plaintiff Kevin Embry, his agents and assigns; and any PERSON acting on behalf of any of the aforementioned.

3.      The terms "DOCUMENT" or "DOCUMENTS" mean, without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing, record, or recording of every type, form, and description that is in the possession, custody, or control of the responding party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, including, by way of illustration and not limitation, the following items: notes, correspondence, communications of any nature (including intra-company communications and correspondence), electronic mail messages, telegrams, cables, memoranda (including internal memoranda), notebooks of any nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of any nature, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports AND/OR summaries of interviews; reports AND/OR summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports

of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including all modifications or revisions thereof); reports AND/OR summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks AND/OR scripts; drafts of original or preliminary notes on, and marginal comments appearing on, any document; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy or any other storage or recording medium within the scope of California Evidence Code § 250.

  4. As used herein the term document also includes any document, which did exist, but as of the date of response and production has been destroyed, lost, misplaced, or is otherwise unavailable.  For any such document, the response must to the extent possible identify the document by date, subject matter, author, addressee, and persons to whom the document was distributed; must state whether the document was lost, destroyed, or misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the document.

  5. The terms "RELATES," "RELATED," "RELATE," "RELATED TO" and "RELATING TO" mean concerning, mentioning, indicating, disclosing, discussing, constituting, analyzing, serving as a basis for, relying upon, supporting, describing, referring or in any other way bearing upon or illuminating the subject matter into which inquiry is made.

  6. "AND/OR" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

  7. "INCLUDE," "INCLUDES," and "INCLUDING" shall include by reference without limitation.

  8. The term "PERSON(S)" includes the plural as well as the singular and includes any person, firm, association, partnership, corporation, AND/OR any other form

of legal entity.

    9.    The terms "IDENTIFY" and "IDENTIFICATION" mean:

    a.    With reference to DOCUMENTS, state the type of DOCUMENT (e.g. letter, interoffice memorandum), and provide information sufficient to enable PLAINTIFF to identify the DOCUMENT to obtain its production by DEFENDANT, such as its date, the name of the signer or signers, the name of the author or authors, the name of the recipient or recipients, and the title, heading, or subject matter of the DOCUMENT.

    b.    With reference to a PERSON, furnish information sufficient to enable PLAINTIFF to identify and to locate the PERSON, including, to the extent the information is available to you, the full name, the present or last known residence address and business address and telephone numbers (business and residence) of the PERSON.

    10.    "SETTLEMENT" means the class action settlement in *Embry v. Acer America Corporation*, Case No. 09-cv-1808 (JW).

    11.    "LITIGATION" means *Embry v. Acer America Corporation*, Case No. 09-cv-1808 (JW).

## REQUESTS FOR PRODUCTION

    a.    ALL DOCUMENTS that RELATE TO YOUR purchase or ownership of an Acer brand computer;

    b.    ALL DOCUMENTS that RELATE TO any contact YOU have had with Acer;

    c.    ALL DOCUMENTS that RELATE TO any communication YOU have had with Sam P. Cannata concerning this LITIGATION including YOUR retainer or engagement agreement;

    d.    ALL DOCUMENTS that RELATE TO any communication YOU have had with Sam P. Cannata concerning this any other class action litigation where Sam P.

Cannata has filed objections on behalf of YOU or any other person;

      e.     ALL DOCUMENTS that RELATE TO YOUR communication with any lawyer concerning the SETTLEMENT or LITIGATION;

      f.     ALL DOCUMENTS that RELATE TO the SETTLEMENT;

      g.     ALL DOCUMENTS that RELATE TO the LITIGATION;

      h.     ALL DOCUMENTS that RELATE any other objection YOU have made to any other class action settlement;

      i.     ALL DOCUMENTS that RELATE TO any other class actions of which YOU are (or have been) a class member;

      j.     ALL DOCUMENTS that RELATE TO YOUR objection(s) to the SETTLEMENT; and

      k.     ALL DOCUMENTS that RELATE TO any money YOU have ever received  from Sam P. Cannata.

**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>          Plaintiff,<br><br>                    v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50<br><br>          Defendants | CASE NO.  CV-09-1808 (JW)<br><br>CLASS LITIGATION<br><br>PLAINTIFF'S NOTICE OF DEPOSITION OF MIA G. CANNATA |

**TO CHRISTOPHER BANDAS AND HIS ATTORNEY OF RECORD:**

Please take notice that Plaintiff will take the deposition of Mia G. Cannata commencing on February 8, 2012 pursuant to the Federal Rules of Civil Procedure.  The deposition will be held at 130 Battery St # 580, San Francisco, CA 94111-4905.  It will commence at 1:00 p.m. on the day indicated above.  It will be taken before an officer authorized to administer oaths and conduct depositions, pursuant to Federal Rules of Civil Procedure, and will be recorded stenographically and on video tape, and may utilize instant visual display of the testimony.  If not completed within the day scheduled, the deposition will continue from day to day until completed.  Plaintiff reserves the right to use the video tape at trial.

1

DATED:  January 25, 2012                         GUTRIDE SAFIER LLP


_____
                                                 ADAM GUTRIDE
                                                 SETH A. SAFIER
                                                 Attorneys for Plaintiffs

**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>     Plaintiff,<br><br>         v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50<br><br>     Defendants | CASE NO.  CV-09-1808 (JW)<br><br>CLASS LITIGATION<br><br>PLAINTIFF'S NOTICE OF DEPOSITION OF ENZO R. CANNATA |

**TO CHRISTOPHER BANDAS AND HIS ATTORNEY OF RECORD:**

Please take notice that Plaintiff will take the deposition of Enzo R. Cannata commencing on February 8, 2012 pursuant to the Federal Rules of Civil Procedure.  The deposition will be held at 130 Battery St # 580, San Francisco, CA 94111-4905.  It will commence at 10:00 a.m. on the day indicated above.  It will be taken before an officer authorized to administer oaths and conduct depositions, pursuant to Federal Rules of Civil Procedure, and will be recorded stenographically and on video tape, and may utilize instant visual display of the testimony.  If not completed within the day scheduled, the deposition will continue from day to day until completed.  Plaintiff reserves the right to use the video tape at trial.

1

DATED:  January 25, 2012                    GUTRIDE SAFIER LLP

                                            _____
                                            ADAM GUTRIDE
                                            SETH A. SAFIER
                                            Attorneys for Plaintiffs

PLAINTIFF'S NOTICE OF DEPOSITION OF ENZO R. CANNATA

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Kevin Embry ) | |
| *Plaintiff* ) | Civil Action No.    09-cv-1808 (JW) |
| v. ) | |
| ) | (If the action is pending in another district, state where: |
| Acer America Corporation ) | District of                                  ) |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Sam Cannata, 9555 Vista Way, Ste. 200 Cleveland, OH 44125

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 130 Battery St # 580  San Francisco, CA 94111-4905 | Date and Time: 4/8/2012 ;  10:00 am |
|---|---|

The deposition will be recorded by this method:   video, stenography

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   3/19/2012

        *CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Kevin Embry
_____ , who issues or requests this subpoena, are:

Seth A. Safier, Esq., Gutride Safier LLP, 835 Douglass Street, San Francisco, CA 94115, seth@gutridesafier.com, 415-336-6545

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed

information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT B

The definitions below are incorporated into each request for production.  You are directed to respond to each special interrogatory as if the definitions were set forth therein.

1.      "YOU" means Sam Cannata, his agents and assigns; and any PERSON acting on behalf of any of the aforementioned.

2.      "PLAINTIFF" means Plaintiff Kevin Embry, his agents and assigns; and any PERSON acting on behalf of any of the aforementioned.

3.      The terms "DOCUMENT" or "DOCUMENTS" mean, without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing, record, or recording of every type, form, and description that is in the possession, custody, or control of the responding party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, including, by way of illustration and not limitation, the following items: notes, correspondence, communications of any nature (including intra-company communications and correspondence), electronic mail messages, telegrams, cables, memoranda (including internal memoranda), notebooks of any nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of any nature, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports AND/OR summaries of interviews; reports AND/OR summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports

of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including all modifications or revisions thereof); reports AND/OR summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks AND/OR scripts; drafts of original or preliminary notes on, and marginal comments appearing on, any document; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy or any other storage or recording medium within the scope of California Evidence Code § 250.

4.     As used herein the term document also includes any document, which did exist, but as of the date of response and production has been destroyed, lost, misplaced, or is otherwise unavailable.  For any such document, the response must to the extent possible identify the document by date, subject matter, author, addressee, and persons to whom the document was distributed; must state whether the document was lost, destroyed, or misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the document.

5.     The terms "RELATES," "RELATED," "relate," "RELATED TO" and "relating to" mean concerning, mentioning, indicating, disclosing, discussing, constituting, analyzing, serving as a basis for, relying upon, supporting, describing, referring or in any other way bearing upon or illuminating the subject matter into which inquiry is made.

6.     "AND/OR" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

7.     "INCLUDE," "INCLUDES," and "INCLUDING" shall include by reference without limitation.

8.     The term "PERSON(S)" includes the plural as well as the singular and includes any person, firm, association, partnership, corporation, AND/OR any other form

of legal entity.

9.    The terms "IDENITFY" and "IDENTIFICATION" mean:

        a.    With reference to DOCUMENTS, state the type of DOCUMENT (e.g. letter, interoffice memorandum), and provide information sufficient to enable PLAINTIFF to identify the DOCUMENT to obtain its production by DEFENDANT, such as its date, the name of the signer or signers, the name of the author or authors, the name of the recipient or recipients, and the title, heading, or subject matter of the DOCUMENT.

        b.    With reference to a PERSON, furnish information sufficient to enable PLAINTIFF to identify and to locate the PERSON, including, to the extent the information is available to you, the full name, the present or last known residence address and business address and telephone numbers (business and residence) of the PERSON.

10.    "SETTLEMENT" means the class action settlement in *Embry v. Acer America Corporation*, Case No. 09-cv-1808 (JW).

11.    "LITIGATION" means *Embry v. Acer America Corporation*, Case No. 09-cv-1808 (JW).

### REQUESTS FOR PRODUCTION

a.    ALL DOCUMENTS that RELATE TO YOUR purchase or ownership of an Acer brand computer;

b.    ALL DOCUMENTS that RELATE TO YOUR any contact YOU have had with Acer;

c.    ALL DOCUMENTS that RELATE TO any communication YOU have had with Sam P. Cannata, Enzo Cannata, Mia Cannata, Jill Cannata, Joseph Darrell Palmer, Christopher Bandas, and/or the Law Offices of Darrell Palmer concerning this LITIGATION including YOUR retainer or engagement agreement;

d.    ALL DOCUMENTS that RELATE TO any communication YOU have

had with Sam P. Cannata, Enzo Cannata, Mia Cannata, Jill Cannata, Joseph Darrell Palmer, Christopher Bandas, and/or the Law Offices of Darrell Palmer concerning this any other class action litigation where Sam P. Cannata has filed (INCLUDING as an attorney) objections on behalf of any other person;

      e.      ALL DOCUMENTS that RELATE TO YOUR communication with any other PERSON concerning the SETTLEMENT or LITIGATION;

      f.      ALL DOCUMENTS that RELATE TO the SETTLEMENT;

      g.      ALL DOCUMENTS that RELATE TO the LITIGATION;

      h.      ALL DOCUMENTS that RELATE any other objection YOU have made to any other class action settlement;

      i.      ALL DOCUMENTS that RELATE TO any other class actions of which you are (or have been) a class member;

      j.      ALL DOCUMENTS that RELATED TO YOUR objection(s) to the SETTLEMENT;

      k.      ALL DOCUMENTS that RELATE TO any other class action to which you objected on behalf of any other person; and

      l.      ALL DOCUMENTS that RELATE TO any money YOU have received from any other objection YOU have made to any other class action settlement.

1

<u>PROOF OF SERVICE</u>

2

3

I, Seth A. Safier, declare:

My business address is 835 Douglass, San Francisco, California.  I am employed in the County of
San Francisco, where this mailing occurs.  I am over the age of 18 years and not a party to the within cause.

4

5

On March 20, 2012, I served the following documents:

6

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; DECLARATION OF SETH A. SAFIER
IN SUPPORT THEREOF

7

8

on the following person(s) in this action by placing a true copy thereof as follows:

9

Jeff McFarland (jeffmcfarland@quinnemanuel.com)
Stan Karas (skaras@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

10

11

12

Joseph Darrell Palmer
Law Offices of Darrell Palmer
603 North Highway 101, Ste. A
Solana Beach, CA 92075

13

14

Sam P. Cannata
9555 Vista Way, Ste. 200
Cleveland, OH 44125

15

16

[X]      BY EMAIL DELIVERY.  I caused said documents to be delivered by ECF to the above-
mentioned persons.

17

18

I declare under penalty of perjury under the laws of the United States that the foregoing is true and
correct and that this document was executed on March 20, 2012, at San Francisco, California.

19

20

/s/ Seth A. Safier

21

_____

22

Seth A. Safier, Esq.

23

24

25

26

27

28