SAM P. CANNATA
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Telephone: (216) 438-5091
Facsimile:  (216) 587-0999
samcannata@cannataphillipslaw.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated,<br><br>           Plaintiff,<br><br>     vs.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50,<br><br>           Defendant. | Case No.: CV-09-1808 (JW)<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION FOR ADMINISTRATIVE RELIEF TO CONDUCT DISCOVERY**<br><br>**Judge:  Hon.  James Ware** |

COME NOW Objector SAM P. CANNATA ("Cannata"), hereby submits his Response in Opposition to Plaintiffs' Motion for Administrative Relief to Conduct Discovery for the following reasons:  (1) Plaintiff does not demonstrate to the Court that it has personal jurisdiction over an objector who is an Ohio resident; (2) Plaintiffs' allegations are false and misleading; (3) Plaintiffs' motion has been previously determined; and (4) there is no basis for taking the depositions of Objector.

**COURT HAS NO PERSONAL JURISDICTION OVER OBJECTOR**

Plaintiffs disregard the Federal Rules of Civil Procedure and do not provide evidence that this Court has personal jurisdiction over a non-party Ohio resident(s).  Therefore, Plaintiffs'

request for administrative relief to conduct discovery should be denied.

## PLAINTIFFS' ALLEGATIONS ABOUT CANNATA ARE MISLEADING

The main theme of the Plaintiffs' request for discovery in this case is that Objector's objections to the settlement are "frivolous" and "improper". Furthermore, Plaintiffs attempts to label Cannata as a frequent objector, who abusively pursues objections and appeals.

This particular Class Member cannot be penalized for his presence in other unrelated cases. See the Seventh Circuit's Opinion in *Vollmer v. Selden 350* F. 3d 656 (7th Cir. 2003). What occurred in other cases has no bearing on the facts and issues in the case at bar.

It is also important to point out that Plaintiffs' unjustified allegations in their Motion are improper, vexatious, and made in bad faith; and discovery is unnecessary to prove this. Plaintiff tries several times to have the Court rule that Cannata's objections were meritless or frivolous. However the Court rejected the Plaintiffs' assertions by rejecting the Plaintiffs' Proposed Order (Document 205) and striking, in its entirety, paragraph seven. See Amended Order at Paragraph 1, page 2 (Document 207) ("The Court ORDERS that paragraph seven of the Proposed Order be stricken in its entirety.")

In addition, even though the Court overruled Cannata's objections to the Settlement, the Court considered the objections, in earnest, and did not deem the objections to be frivolous (Document 217); despite Plaintiffs' on-going character assassination.

The Plaintiffs further mislead the Court by introducing *Gemelas v. Dannon Co.,* 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010), and misrepresents that Cannata and Palmer's appeal was frivolous, and they were ordered by the Court to put forth a $275,000 appeal bond. Motion at 6. This allegation is irresponsible and grossly misleading to this Honorable Court. Cannata and Palmer were not ordered to put forth such a bond. Contrary to the Plaintiffs' allegations, the Court approved payments to the objectors for their legal services in

the Settlement.

## PLAINTIFFS' MOTION HAS BEEN PREVIOUSLY DETERMINED

Plaintiffs request a post judgment deposition of class member Sam P. Cannata, an Ohio resident, but this Court has already decided this matter.

The Plaintiffs submitted similar, if not the same, subpoenas attached to their present motion to Enzo R. Cannata and Mia G. Cannata, the original objectors and each owners of an ACER computer, who were represented by Attorney Sam P. Cannata, prior to the fairness hearing. The stated purpose was to determine if there was some "frivolous" and nefarious purpose in Cannata's objection, and if his attorney had some unscrupulous purpose in representing them. These purposes are re-alleged in the Plaintiffs' motion at hand. In addition, Plaintiff s regurgitated this request for administrative relief prior to the fairness hearing, which was evidently denied. The Plaintiffs' proposed in their order overruling Cannata's objection stating, "the Court grants Plaintiffs' administrative motion for relief filed [] (Dkt #[])." Proposed Final Approval Order at 3, Paragraph 7 (Document 205). However, this administrative motion was never served on Cannata or their attorney of record, not allowing them the chance to respond.

Undeterred, Plaintiffs are now seeking the same discovery requests even though this Honorable Court previously ruled on the Plaintiffs' call for post-settlement discovery on unnamed class members in its Amended Order Requiring Modification of Proposed Final Approval Order, Document 207, stating "While the Court will consider all of the objections to the settlement, the Court does not find good cause to allow the depositions of Objectors at this time." Order at 1, Paragraph 1. Plaintiffs have already sought a ruling on this exact matter, and the Court ruled on it. *See generally, U.S. v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997)("Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has

already been decided by the same court, or a higher court in the identical case.").

In fact, Plaintiffs' Motion resembles, what should have been a motion for reconsideration, which requires, pursuant to Local Rule 7-9(b) a party to obtain leave of Court to file a motion for reconsideration. However, this Court has previously recognized three reasons for granting a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; or, 3) the need to correct clear error or prevent manifest injustice." The Court noted that these grounds are also reflected in Federal Rules of Civil Procedure, Rule 59(e). *Ankele v. Johnson,* 2005 WL 1459553 (N.D. Cal. 2005, J. Ware presiding). Nonetheless, Plaintiffs fail to show a law change, new evidence, or a Court error.

Plaintiffs' seems to bring their motion for discovery for the same or similar reasons requested before in order "to determine whether there is a bona fide class member who is pursuing objections; whether the purpose of the objection is to benefit the class or the objectors (possibly through an illegal fee-sharing arrangement); and whether there is a pattern of filing objections and appeals in bad faith for financial gain." Motion at 4. In fact, a review of the documents called for have the same purpose as the request for the Cannata depositions the Plaintiffs sought before the fairness hearing. These subpoenas were previously rejected by the Court as not demonstrating the need for discovery of unnamed class members.

Because the basis is the same and the Plaintiffs have not identified any "intervening change in the law," "new evidence," or "clear error", Plaintiffs' Motion should be denied.

### THERE IS NO BASIS TO TAKE A DEPOSITION

Plaintiffs claim that discovery is required to establish "whether there is a bona fide class member." Motion at 4. However, that is extraneous since Cannata followed the Settlement procedures and provided proof of his class membership with his objection, attaching the claim forms and an ACER email which stated that Cannata is a Class Member with a corresponding

serial number.

The Objections were put forth in good faith in accordance with the Settlement procedures delineated in the Settlement Notice and the objections identified genuine concerns. Notwithstanding, Plaintiff has the burden to show that the information requested is necessary for trial preparation and that the discovery is not used as a way to take undue advantage of the class members; to place impermissible hurdles before absentee class members in order to deter them; or a ploy to reduce the number of claimants. The party seeking discovery has the burden of demonstrating its merits.

Since there is no trial and the case is settled, depositions are not necessary and discovery is closed. Therefore it is apparent that the Plaintiffs are attempting to use impermissible tactics to place a chilling effect on the very class members they claim to represent. Notwithstanding, pursuant to Rule 26, it is critical that discovery is relevant to "any party's claim or defense"; but since the case is settled and judgment is rendered, how is discovery relevant to any party's claim or defense?

## CONCLUSION

Plaintiff does not demonstrate to the Court that it has personal jurisdiction over an objector who is an Ohio resident. Plaintiffs' allegations are false and misleading. Plaintiffs' motion has been previously determined. Plaintiffs' motion has no basis for taking the depositions of the Objector. For these reasons, Objector Cannata respectfully requests the Court to deny Plaintiffs' request for post-judgment discovery.

Dated:  April 3, 2012                    /s/ Sam P. Cannata
                                         Sam P. Cannata, Objector

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Objector/Appellant's Response in Opposition to Plaintiffs' Motion For Administrative Relief To Conduct Discovery been served with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

                                              /s/ Sam P. Cannata
                                              Sam P. Cannata, Objector