**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for Plaintiff KEVIN EMBRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>    Plaintiff,<br><br>            v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50<br><br>    Defendants | CASE NO.  CV-09-1808 (JW)<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION AND MOTION FOR APPEAL BOND**<br><br>Date:  April 30, 2012<br>Time:  9:00 am<br>Place:  Courtroom 9, 19th Floor<br>Judge:  Hon. James Ware |

Plaintiff respectfully submits this reply memorandum in support of his motion for an appeal bond. (Dkt.# 232.)

## I. INTRODUCTION

Objectors Christopher Bandas and Sam Cannata oppose Plaintiff's request for a $346,814.51 appeal bond, but neither argues that they cannot afford to pay for a bond. Nor do they dispute that they live outside of California, or otherwise suggest that there is not a substantial risk of non-payment if Plaintiff is awarded costs on appeal. Two of the three factors for imposing a bond accordingly remain uncontested.

Both objectors, in fact, appear to agree that an appeal bond is in order. Cannata states that Plaintiff "is entitled to a bond for actual costs," but concludes, without argument or evidentiary support, that this bond should be less than the $15,000 set forth in Plaintiff's motion. (Otherwise, Cannata almost exclusively argues that attorneys' fee cannot be included in the bond amount, but the argument is irrelevant, as Plaintiff does not request a bond for attorneys' fees.)

Bandas does not dispute that Plaintiff would be entitled to $15,000 in costs, but argues that his counsel should be trusted to pay this amount without imposition of a bond. He also claims to have done an "omnibus search of all federal cases" and found no precedent for the requested bond. Apparently, he missed *Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169 (N.D. Cal. Aug. 10, 2006) (court ordered joint and several appeal bond of $431,167 against counsel and objector), which is particularly troubling because the attorney against whom the bond was imposed was none other than Mr. Bandas.

Objectors are also quite concerned that an appeal bond will chill their "right" to appeal. In support of this argument, they cite several inapposite cases. They also generally contend, without adequately addressing any of Plaintiff's arguments, that the amount of the requested appeal bond is unfair and contrary to law. But they do nothing to establish that there is any reason for their appeals, other than to attempt to extort money for themselves, at the expense of the class. In sum, all of their arguments are either incorrect as a matter of law and fact or simply irrelevant. This Court should impose an appeal bond for $346,814.51.

## II. ARGUMENT

### A. Neither Objector Has Provided Any Reason To Believe That His Appeal Has Any Merit.

In determining whether to impose a bond, the Court is instructed to look at, *inter alia*, (i) the merits of the appeal, and (ii) whether the appellant has shown bad faith or vexatious conduct. *See Fleury v. Richemont North America, Inc., No*. C-05-4525 EMC, 2008 U.S. Dist. LEXIS 88166, at *6 (N.D. Cal. Oct. 21, 2008). Both objectors contend that their appeals are not frivolous or vexatious, but they provide no factual or legal support for the contention. Indeed, they fail to identify even *one* purported error by this Court that justifies an appeal. Nor do they cite even *one* case that would suport a claim of error.

Instead of providing any justification for having appealed, Cannata argues that this Court already determined that his objections were not frivolous. In fact, the Court made no such ruling, and it summarily overruled his objections. (Dkt.# 217.) He then argues that, "apparently, as a result of" his objections, this Court requested further information from Plaintiff's counsel. There is nothing in any order to suggest that this Court was basing any request for information on Cannata's objections, but if he is correct, then it appears the Court already granted relief he sought. If so, what is his good-faith reason to appeal?

Mr. Cannata does not dispute any of the evidence that Plaintiff put before the Court regarding his bad faith, vexatious conduct. He does not once, for example, deny that he has made the identical objections in numerous other cases and that every court has rejected them. (Dkt.# 232, p. 11.) Rather, he merely concludes that this Court cannot base its bond decision on the fact he is a "professional serial objector," but this misses the point, as the problem is not with Mr. Cannata's "profession," but rather with his conduct of repeatedly making objections that already have been adjudicated against him. (Id.)

Mr. Bandas contends that his appeal cannot be deemed frivolous because "the briefs have not been written." He further argues that he supported his objection with "case law from this circuit" establishing that detailed time sheets are mandatory under California law. But in fact, as was fully briefed in connection with the underlying objection, the Ninth Circuit has *expressly*

*rejected* Bandas' argument about time sheets, *see, e.g., Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (detailed time records not required); *see also In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935 (9th Cir. 2011), as have the courts in approximately one dozen instances in this District alone, including five cases in the past year, where Bandas made the exact same objection.[1]

In sum, neither objector has even attempted to establish that there is any merit to his appeal, let alone that the appeal is likely to succeed. The lack of merit to the appeals provides the third and final factor requring imposition of an appeal bond. *See Yingling v. eBay, Inc.*, 2011 U.S. Dist. LEXIS 79738, at *5 (N.D. Cal. July 5, 2011), *citing Fleury*, 2008 U.S. Dist. LEXIS 88166, at *8.

**B.     This Court Has the Authority to Impose a Significant Appeal Bond.**

Both objectors next contend that this Court does not have the authority to impose an appeal bond in the requested amount. Both pin their hopes *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). Plaintiff already discussed this case in his opening brief; it is inapposite to the request here.

Cannata argues that *Azizian* permits the inclusion of attorneys' fees on appeal in a bond only if there is a fee shifting statute at issue. But Cannata overlooks the fact that Plaintiff expressly *excluded* from his requested bond any amount for attorneys' fees. Plaintiff stated in his opening brief that "Plaintiff also will ask the Court of Appeal to award attorneys fees in

---

[1] *See, e.g., Smith et al v. Wal-Mart Stores, Inc.,* 4:06-cv-02069-SBA (N.D. Cal. Sept. 7, 2010, Dkt.# 409; Dkt.## 426, 438); *Yeagley v. Wells Fargo & Company et al.,* 3:05-cv-03403-CRB (N.D. Cal. June 8, 2007, Dkt.# 110; Dkt.## 135, 142); *In re: Static Random Access Memory (SRAM) Antitrust Litigation,* 4:07-md-01819-CW (N.D. Cal. Sept. 1, 2011, Dkt.# 1385; Dkt.## 1391, 1393, 1408); *Sullivan v. Kelly Services, Inc.,* 4:08-cv-03893-CW (N.D. Cal. July 25, 2011, Dkt.# 117; Dkt.# 144); *Kramer v. Autobytel Inc et al.,* 4:10-cv-02722-CW (N.D. Cal. Jan. 5, 2012, Dkt.# 128; Dkt.# 148); *Chuck Browning v. Yahoo!, Inc.,* 5:04-cv-01463-HRL (N.D. Cal. May 15, 2007, Dkt.# 159: Dkt.# 200); *In re Mercury Interactive Securities Litigation*, 5:05-cv-03395-JF (N.D. Cal. Jan. 13, 2011, Dkt.# 401; Dkt.# 416); *The NVIDIA GPU Litigation,* 5:08-cv-04312-JW (N.D. Cal. Nov. 5, 2010, Dkt.# 296); *Fiori et al v. Dell, Inc, et al,* 5:09-cv-01518-JW (N.D. Cal. Feb. 21, 2011, Dkt.# 212; Dkt.# 216); *Yingling et al v. eBay, Inc.*, 5:09-cv-01733-JW (N.D. Cal. Feb. 14, 2011, Dkt.# 212; Dkt.# 218); *In re MagSafe Apple Power Adapter Litigation,* 5:09-cv-01911-JW (N.D. Cal. Jan, 6, 2012, Dkt.# 86); *In Re: Wachovia Corp.,* 5:09-md-02015-JF (N.D. Cal. Mar. 10, 2011, Dkt.# 124; Dkt## 207, 210; *In re: Google Buzz Privacy Litigation,* 5:10-cv-00672-JW (N.D. Cal. Jan. 10, 2011, Dkt.# 179; Dkt.# 128).

connection with opposing the appeals, but does not ask this court to require a bond to be posted for that amount." (Dkt.# 332, p. 10.)  Cannata's failure to read Plaintiff's motion is but another example of the frivolous and vexatious nature of his involvement in this litigation.  As with his underlying objections, he merely submits a boilerplate brief from some other case, which he does not even bother to square the argument with the facts here.

Bandas seemingly understands that Plaintif is not seeking a bond for fees.[2]  He nevertheless cites *Azizian* for the proposition that only the Ninth Circuit may determine whether an appeal is frivolous.  This is again somewhat correct, but irrelevant to this motion.

In *Azizian*, the the district court concluded that the Ninth Circuit was likely to find an appeal on the merits frivolous and to award attorneys' fees as a sanction under Rule 38.  It accordingly imposed a bond that included an amount for attorneys' fees for the frivolous nature of the appeal.  The Ninth Circuit rejected this approach.  It held that "a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous under Federal Rule of Appellate Procedure 38."  499 F.3d at 960.  The Court expressed a concern that permitting the imposition of large, indeterminate bonds for attorneys' fees where the appeals *might* be found frivolous risks "impermissibly encumber[ing]" appellants' right to appeal and "effectively preempt[ing] this court's prerogative" to make its own frivolousness determination.  *Id*. at 961.

*Azizian* is inapposite because Plaintiff does not seek a bond for any attorneys' fees, nor does he seek a bond based on a finding of frivolousness.  Rather, he seeks a bond for delay damages and costs.  In other words, Plaintiff's request does not hinge on this Court, or the Court of Appeal, determining if these appeals will be adjudged frivolous, but rather only on whether or not the appeals are likely to succeed on this merits.  In other words, unlike the district court in *Azizian*, Plaintiff does does ask this Court to bond an amount to punish objectors for pursuing a frivolous appeal, but rather to ensure that the class members will be made whole when objectors' appeals are finally rejected.

---

[2] He states "the present bond request does not appear to be seeking costs in the form of attorneys' fees." (Dkt.# 239, p. 3.)

1   Bandas nevertheless claims that the bond will "chill out the objectors." As such, he
2   asserts that appeal bonds are disfavored. He ignores, however, all of the cases cited by Plaintiff
3   where hefty appeal bonds were imposed—including against these very objectors[3]—preferring the
4   four cases that he could locate, from around the country, where appeal bonds were rejected.[4]
5   These cases are easily distinguished.

6   In *Blessing v. Sirius XM Radio Inc.*, 2011-2 Trade Cas. (CCH) P77,699 (S.D.N.Y. Nov.
7   22, 2011), the Court denied a request for a $200,000 bond. But in that case request was to bond
8   attorneys' fees on appeal. Plaintiff does not seek such a bond. Further, the Court there found no
9   evidence of "a significant risk of nonpayment or that the Objectors have engaged in bad faith or
10  vexatious conduct." Here, Objectors do not contest the risk of nonpayment, and there is detailed
11  evidence of frivolous filings with no intent to benefit the class.

12  In *Hartless v. Clorox Company*, 06-cv-2705, CAB, Dkt.# 131, (May 6, 2011) (S.D. Cal.),
13  plaintiff's request for a bond was denied because the plaintiff accepted objector's counsel offer to
14  make a $3000 payment to plaintiff's counsel's trust account. No such offer has been made or
15  accepted in this litigation.

16  Finally, in *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, MDL No.
17  1967, Dkt.# 763 (July 26, 2011) (W.D. Mo), the Court denied the bond becaues it found that
18  some of the issues "are novel and are worthwhile subjects of an appeal." That is not the case in

---

[3] Bandas does address, and is very upset about, one case Plaintiff cited, *Gemelas v. Dannon Co.*, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010). Bandas does not dispute that the *Dannon* Court found a $275,000 appeal bond appropriate and granted leave to conduct discovery. He claims that Plaintiff misled this Court by stating that Cannata and Palmer were "involved" in this case. Plaintiff stands by his statement. That Cannata and Palmer were paid to drop their appeals and the remaining objector was later ordered to post a $275,000 appeal bond is meaningless; they were undeniably both involved in that case, as stated in Plaintiff's opening brief. Palmer and Bandas notably remain silent regarding the other cases that Plaintiff cited were their objections were found to be frivolous. *See, e.g., Conroy v. 3M Corporation, et al.*, Case No. C00-2810 CW (N.D. Cal. Aug. 10, 2006) (finding that "the Bandas Law Firm['s] objections to the proposed settlement were unfounded" and that its appeal was "unlikely to succeed."); *see also In re Wal-Mart Wage & Hour Empl. Practices Litig.*, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010).

[4] Due to inadeqaute citation, Plaintiff could not locate "*Kardonick v. JP Morgan Chase & Co.*, 10-23235-civ-WMH." (Dkt.# 239, p. 4:15.)

this litigation. Indeed, Objectors do not identify even *one* contention that they will make on appeal that has not already been rejected by the Ninth Circuit.

### C. It Is Appropriate To Include Delay Damages Of $276,164.51 In The Amount Of The Bond.

Bandas next argues that Plaintiff's request for delay damages is unsupportable because there is no underlying statute under which delay damages could be treated as "costs." He further claims that no "delay damages" can be awarded in the first instance, because the settlement benefits to the class have "not yet accrued" so there is no delay. These arguments miss the mark.

First, the imposition of a bond for delay does not require that Plaintiff's action include a cost shifting statute. *See In re Checking Account Overdraft Litig.*, 2012 U.S. Dist. LEXIS 18384 (S.D. Fla. Feb. 14, 2012) (finding a "highly detrimental impact of an appeal as to the entire class renders it appropriate for the Court to require any and all Objector-Appellants to post an appeal bond" for $616,338 bond without reference to cost shifting statute); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124 (S.D.N.Y. 1999) (imposing a $526,100 bond for delay costs without regard to cost shifting statute); *In re Wal-Mart Wage & Hour Empl. Practices Litig.*, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010) ($500,000 appeal bond imposed against Bandas client without regard to underlying costs shifting statute); *Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986-CIV, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006) (requiring "an appeal bond in an amount sufficient to cover the damages, costs and interest that the entire class will lose as a result of the appeal."); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003) (requiring objector to class action settlement to post $35,000 appeal bond because "damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond").

Even if a cost shifting staute was required, Plaintiff requested costs under section California Code of Civil Procedure section 1021.5. The California Supreme Court has stated that an award of attorneys' fees pursuant to section 1021.5 "is appropriate when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing

the lawsuit placed a burden on the plaintiff out of proportion to his individual stake in the matter." *In re Conservatorship of Whitley*, 50 Cal.4th 1206, 1215 (2010).[5]

Bandas does not challenge Plaintiff's delay costs calculations or supporting evidence but rather contends that delay damages are only available for "large amounts of cash." He offers no support for this contention. Indeed, the type of settlement is not relevant to the award of a bond for delay damages; the only distinction is how the delay damages are calculated—interest versus some other method.

Bandas finally contends that a bond is not appropriate for the delay damages because the settlement benefits have not yet accrued to class members. The argument, of course, is contrary to all of the above cited cases. The case he cites in support of this proposition, *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007), is an outlier that this Court should not follow.

**D.    It Is Appropriate To Include Administrative Costs Of $55,650 In The Amount Of The Bond.**

In the motion, Plaintiff established that the pendency of the appeal will cause the claim administrator to incur at least $55,650 in additional costs, to maintain the settlement website, communicate with class members about the status of the appeal and their claims, and keep recors (such as addresses) up to date. Objectors generally argue that the bond should not include such costs, but provide no support for the argument. Nor do they dispute the evidentiary showing about the amount that will be incurred. Numerous cases have awarded amounts for the administrative cost—such as additional notice costs—irrespective of the type of settlement. *See, e.g., In re Broadcom Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 45656 at *11-12 (ordering bond of $517,700 based on claims administator's estimate of additional such notice costs to class members). This amount should be included in the bond here.

---

[5] In *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610 (2010), the Court of Appeal held that where the parties had entered into a class action settlement and an objector appealed, the plaintiff's attorney could not use section 1021.5 to recover fees on appeal from the defendant. It did not, however, address whether the plaintiff's attorney could use the section to recover such fees from the objector. Plaintiff is not aware of any other cases that have examined the issue.

### E. It Is Appropriate To Include Other Costs of $15,000 In The Amount Of The Bond.

Both objectors admit that a bond can be imposed for certain costs, such as filing fees and preparing the appellate record. But Cannata claims that "total costs on appeal generally do not exceed $1,000.00 and Courts routinely set bond for the costs on appeal under $1,000." In fact, much larger amounts are often ordered bonded, even for these more run-of-the-mill costs. *See, e.g., Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169 (N.D. Cal. Aug. 10, 2006) (awarding $431,167 bond including an estimated $7,500 in taxable costs); *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 92293 (N.D. Cal. Aug. 18, 2011) (awarding bong including an estiamted $15,000 in taxable costs); *In re Initial Pub. Offering Secs. Litig.*, 2010 U.S. Dist. LEXIS 64348 (S.D.N.Y. June 28, 2010) (same for $25,000).

As neither objector disputes the evidence provided by Plaintiff that costs on appeal are likely to be in the range of $15,000 (see Dkt.# 232-1, ¶ 4), this amount should be included in the bond.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court impose, joint and severally, against Christopher Bandas, Sam P. Cannata, and the Law Offices of Darrell Palmer a $346,814.51 appeal bond.

DATE: April 13, 2012

                                            GUTRIDE SAFIER LLP

                                            /s/ Seth A. Safier
                                            Adam Gutride
                                            Seth A. Safier
                                            Attorneys for Plaintiff

# PROOF OF SERVICE

I, Seth A. Safier, declare:

My business address is 835 Douglass, San Francisco, California. I am employed in the County of San Francisco, where this mailing occurs. I am over the age of 18 years and not a party to the within cause.

On April 13, 2012, I served the following documents:

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR APPEAL BOND

on the following person(s) in this action by placing a true copy thereof as follows:

Jeff McFarland (jeffmcfarland@quinnemanuel.com)      Sam P. Cannata
Stan Karas (skaras@quinnemanuel.com)                 Cannata Phillips LPA, LLC
Quinn Emanuel Urquhart & Sullivan, LLP               9555 Vista Way, Ste. 2000
865 South Figueroa Street, 10th Floor                Cleveland, OH 44125
Los Angeles, CA 90017

Joseph Darrell Palmer
Law Offices of Darrell Palmer
603 North Highway 101, Ste. A
Solana Beach, CA 92075


[X]   BY EMAIL DELIVERY. I caused said documents to be delivered by ECF to the above-mentioned persons.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this document was executed on April 13, 2012, at San Francisco, California.

/s/ Seth A. Safier
_____
Seth A. Safier, Esq.