IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Kevin Embry, | NO. C 09-01808 JW |
|         Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REQUIRE APPELLATE BOND** |
| v. | |
| ACER America Corp., | |
|         Defendant. | |
| _____/ | |

Presently before the Court is Plaintiff's Motion to Require an Appellate Bond.[1] Plaintiff asks that Objector Samuel Cannata ("Cannata" or "Objector") be required to post an appellate bond of

---

[1] (Plaintiff's Notice of Motion and Motion for Appeal Bond; Memorandum in Support Thereof, hereafter, "Motion," Docket Item No. 232.) On April 24, 2012, the Court issued an Order in which it denied this Motion as moot in light of the Court's ruling on a different motion. (See Order Denying Objector's Motion to Reopen Case; Denying as Moot Plaintiff's Motion to Require Appeal Bond, Docket Item No. 245.) Upon a subsequent review of the docket in this case, however, the Court observed that a "number of docketing errors may have occurred," and concluded that the issue of the appellate bond presented in this Motion "should not be addressed" until the "issue of which appeals remain active [in this case] has been settled." (See Order Requesting Additional Briefing on the Status of Appeals at the Ninth Circuit at 1-2, Docket Item No. 247.) In that Order, the Court explained that it would "reconsider its ruling" on this Motion following briefing on whether any appeals remain active. (Id. at 2.) On May 3 and 4, 2012, the parties submitted briefing indicating that the appeal at issue in the present Motion is still active. (See Docket Item Nos. 250, 251.) Accordingly, the Court reconsiders its ruling on the present Motion at this time.

1 $346,814.51 in order to pursue his appeal. (Id. at 4-5.)[2] Plaintiff contends that such a bond is appropriate because the Objector has the ability to post a bond and because his appeal is frivolous. (Id. at 10-13.) The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS in part Plaintiff's Motion, but will require a bond of only $70,650.

"[T]he district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 954-55 (9th Cir. 2007) (citing Fed. R. App. P. 7). "[T]he purpose of [an appellate bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." Fleury v. Richemont N. Am., Inc., No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quotations and citations omitted). In determining whether a bond should be required, the court should consider (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. See id. at *6-7. While an appellate bond should be sufficient to cover costs on appeal, those costs may only include attorney fees if the claim is brought under a fee-shifting statute that would allow recovery from an objecting class member, as opposed to a defendant. Azizian, 499 F.3d at 953-54. Even if a district court concludes that attorney fees are likely to be awarded on the ground that an appeal is frivolous, the district court may not include such fees in an appellate bond. See id. at 954.

Upon review, the Court finds that the posting of an appellate bond is warranted in this case. With regards to the first factor–namely, the ability to post a bond–Objector has not submitted any

---

[2] In his Motion, Plaintiff asks that the Court require that both Objector Cannata and a second Objector in this case, Christopher Bandas, post an appeal bond of $346,814.51 "joint[ly] and severally." (See Motion at 17.) However, after Plaintiff filed his Motion, Objector Bandas' appeal in this matter was dismissed for failure to pay appellate fees. (See Docket Item No. 241.) Accordingly, the Court considers Plaintiff's Motion only as to Objector Cannata. Objector Bandas has represented to the Court that he has moved the Ninth Circuit Court of Appeals to reopen his appeal. (See Docket Item No. 252.) In the event that the Bandas appeal again becomes active, Plaintiff may re-file his motion as to Objector Bandas.

evidence or even contended that he is unable to post a bond.[3]  In the absence of evidence that posting a bond will pose a substantial hardship, this factor weighs in favor of requiring a bond.[4]  With regards to the second factor–the difficulty of collecting payment post-appeal–Objector Cannata resides outside of the jurisdiction of the Ninth Circuit,[5] which also weighs in favor of requiring a bond.[6]  Finally, the Court finds that the merits of Objector's appeal weigh heavily in favor of requiring a bond, insofar as his objections to the settlement are lacking in merit.  Objector's primary objections to the settlement are that the claims process is overly burdensome and that the amount of attorney fees requested is excessive.[7]  However, the Court carefully considered each of these objections and overruled them prior to approving the settlement.  (See Docket Item No. 217.)  Thus, because all three factors weigh in favor of requiring an appellate bond, the Court finds that a bond is warranted.

With regards to the amount of the bond, however, the Court finds that the $346,814.51 requested by Plaintiff is not warranted.  Plaintiff requests only $70,650 in anticipated costs and $276,164.51 in anticipated "delay damages," which Plaintiff contends will result from the delay in class members obtaining relief caused by Objector's appeal.[8]  The Court finds, however, that unlike costs, which may be included in the value of a bond under Rule 7, such anticipated damages may not

---

[3] (See Response to Plaintiff's Motion for Rule 7 Appeal Bond, hereafter, "Opp'n," Docket Item No. 238.)

[4] See Fleury, 2008 WL 4680033, at *7 ("There is no indication that plaintiff is financially unable to post bond, and thus this factor weighs in favor of a bond.") (citation omitted).

[5] (See Opp'n at 1 (listing address in Cleveland, Ohio).)

[6] See Fleury, 2008 WL 4680033, at *7.

[7] (See Docket Item No. 200.)  Although Objector originally filed his objections on behalf of his minor children, the Court granted Objector's Motion to substitute himself as Objector after it became clear that Objector, and not his children, were members of the class.  (See Docket Item No. 217.)

[8] (Motion at 5.)

3

be required as part of a bond.[9] Thus, because Plaintiff only anticipates incurring $70,650 in actual costs, the Court finds that a bond of $70,650 is appropriate.

Accordingly, the Court GRANTS in part Plaintiff's Motion to Require an Appellate Bond. Objector Cannata shall either: (1) post a bond of $70,650 within 14 days of the publication of this Order, or (2) file a notice of dismissal of his appeal.

Dated:  June 5, 2012

JAMES WARE
United States District Chief Judge

---

[9] See Fleury, 2008 WL 4680033, at *8.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Gutride adam@gutridesafier.com
Adam Joseph Bedel ajbedel@quinnemanuel.com
Jeffery David McFarland jdm@quinnemanuel.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Sam Cannata samcannata@cannataphillipslaw.com
Seth Adam Safier seth@gutridesafier.com
Stan Karas stankaras@quinnemanuel.com
Todd Michael Kennedy todd@gutridesafier.com

**Dated: June 5, 2012**                                   **Richard W. Wieking, Clerk**

                                                          **By:    /s/ JW Chambers**
                                                                **William Noble**
                                                                **Courtroom Deputy**

United States District Court
For the Northern District of California