**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for KEVIN EMBRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNA

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>     Plaintiff,<br><br>          v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50<br><br>     Defendants | Case No. CV-09-1808 (JW)<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION RE ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REQUIRE APPELLATE BOND**<br><br>Date: _____, 2012<br>Time: 9:00 am<br>Place: Courtroom 9, 19th Floor<br>Judge: Hon. James Ware |

1

**MOTION FOR RECONSIDERATION**

Plaintiff respectfully moves for reconsideration of the Court's Order of June 5, 2012, granting, in part, Plaintiff's motion for appellate bond (Dkt.# 253). Plaintiff specifically moves the Court to extend the Order to include, and apply to, Objector Christopher Bandas and his counsel of record, the Law Offices of Darrell Palmer. This motion is based on the following Memorandum of Points and Authorities, the complete file and record in this action, and all other matters of which the Court may take notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On June 26, 2012 Plaintiff moved this Court for leave to seek reconsideration of the Court's Order[1] of June 5, 2012, granting, in part, Plaintiff's motion for appellate bond. (N.D. Cal. Dkt.# 257). On July 10, 2012, this Court granted Plaintiff's motion for leave to move for reconsideration. (N.D. Cal. Dkt.# 260.) The Court ordered Plaintiff to file, no later than July 13, 2012, his motion for reconsideration as a separate docket item. (*Id.*, at p. 2.)

Plaintiff now moves for reconsideration with regard to a single issue. This Court's Order of June 5, 2012 (N.D. Cal. Dkt.# 253) ("the Order") ordered Objector Cannata to either: (1) post a bond of $70,650 within 14 days of the publication of this Order, or (2) file a notice of dismissal of his appeal. The Order stated that it was not applied to Objector Christopher Bandas because, at that time, his appeal was not active; rather, it has been dismissed for failure to prosecute. (N.D. Cal. Dkt.# 253.)

On June 25, 2012, the Ninth Circuit granted Bandas' order to reinstate his appeal. (9th Cir. Appeal No. 12-15555 Dkt.# 10.)   As his appeal is now active, Plaintiff moves for reconsideration to request that the Order be applied, jointly and several, to Bandas and his attorney of record, the Law Offices of Darrell Palmer.

## II.  ARGUMENT

Plaintiff had previously filed two motions related to Objectors Christopher Bandas and Sam Cannata:  (1) for leave to take discovery (N.D. Cal. Dkt.# 228) and (2) for imposition of an appellate bond, joint and severally, against Cannata, Bandas and the Law Offices of Darrell Palmer (N.D. Cal. Dkt.# 232).

On April 24, the Court issued an order denying the motions as moot as they concerned Bandas and the Law Offices of Darrell Palmer, on the grounds that the appeal had been dismissed. (N.D. Cal. Dkt.# 245.)   As the motions were not moot as to objector Sam Cannata, whose appeal remained pending, Plaintiff immediately notified the Court, and the parties, of his intent to appear and argue at the scheduled hearing. (N.D. Cal. Dkt.# 246.)  The Court then

---

[1] *See* N.D. Cal. Dkt.# 253.

1

1  issued an order asking for additional briefing as to the status of the appeals and stated that it
2  would reconsider its denial of the motions if any appeal remains active.  (N.D. Cal. Dkt.# 247.)
3  The parties submitted additional briefing.  (N.D. Cal. Dkt.# 250-252.)
4        This Court considered the additional briefing, and, on June 5, ordered Objector Cannata
5  (1) post a bond of $70,650 within 14 days of the publication of the Order, or (2) file a notice of
6  dismissal of his appeal.[2]  The amount of the bond was based on the costs likely to be incurred on
7  appeal, including, for example, costs of notifying claimants about the pendency of the appeal and
8  keeping track of claimant's address changes, but it excluded attorneys' fees on appeal.  The Order
9  further stated that the Court only considered the bond request as to Objector Cannata because
10 Objector Bandas had represented to the Court that his appeal had been dismissed.   The Court
11 stated, however, that "in the event that the Bandas appeal again becomes active," Plaintiff may
12 renew his bond request as to Objector Bandas.  (N.D. Cal. Dkt.# 253.)
13       In the Order, the Court found that the merits of Cannnata's "appeal weigh heavily in favor
14 of requiring a bond, insofar as his objections to the settlement are lacking in merit."   The same
15 finding should be made with respect to Bandas' appeal.   (N.D. Cal. Dkt.# 232.)  Indeed, less than
16 two months ago, the Ninth Circuit addressed the identical objections raised in other cases by both
17 Bandas and Palmer (who were acting as counsel for other objectors) and held that none of the
18 objections had merit. *See Stern v. Gambello,* 2012 U.S. App. LEXIS 9955 (9th Cir. May 17,
19 2012) (attorney Palmer); *Hartless v. Clorox Co.*, 2012 U.S. App. LEXIS 10539 (9th Cir. May 24,
20 2012) (attorneys Bandas and Palmer).
21       On that basis, and for each of the reasons set forth in Plaintiff's motion (N.D. Cal. Dkt.#
22 232), Plaintiff requests that the Order be extended, and applied, to Objector Bandas and his
23 counsel of record, the Law Offices of Darrell Palmer.
24 DATE:  July 11, 2012
25                                 GUTRIDE SAFIER LLP
26                                 /s/ Seth A. Safier
                                Adam Gutride
27                                 Seth A. Safier
28

---

[2] Cannata did not post a bond.  Rather, he dismissed his appeal on June 15, 2012.

**PROOF OF SERVICE**

I, Seth A. Safier, declare:

My business address is 835 Douglass, San Francisco, California. I am employed in the County of San Francisco, where this mailing occurs. I am over the age of 18 years and not a party to the within cause.

On July 11, 2012, I served the following documents:

**PLAINTIFF'S MOTION FOR RECONSIDERATION RE ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REQUIRE APPELLATE BOND**

on the following person(s) in this action by placing a true copy thereof as follows:

Jeff McFarland (jeffmcfarland@quinnemanuel.com)
Stan Karas (skaras@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Joseph Darrell Palmer
Law Offices of Darrell Palmer
603 North Highway 101, Ste. A
Solana Beach, CA 92075

[X]   BY EMAIL DELIVERY. I caused said documents to be delivered by ECF to the above-mentioned persons.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this document was executed on July 11, 2012, at San Francisco, California.

/s/ Seth A. Safier