Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Christopher Bandas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, individually and on behalf of himself, the general public and those similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50,<br><br>     Defendants. | Case No. 09-cv-1808-JW<br><br>**OBJECTOR CHRISTOPHER BANDAS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Objector and Class Member Christopher Bandas (hereinafter, "Objector") submits the following argument in opposition to Plaintiff's Motion for Reconsideration of the Court's Order Re Order Granting in Part Plaintiff's Motion to Require Appellate Bond. (Doc. 257.) Objector requests that the Court permit Objector to submit briefing regarding the propriety of imposing an appeal bond, and in what amount, on this appellant.

## I. LEGAL AUTHORITY

Objector requests that he be permitted time to meaningfully oppose any appellate bond imposed upon him. Local Rule 7-3(a) permits any opposition to a motion to be filed 14 days after the moving papers are served and filed. Plaintiff's counsel acknowledges that this bond motion was not applied to

1

this Objector because his appeal was dismissed on April 18, 2012 by the Ninth Circuit for failure to pay fees. (Doc. 257, p. 1.) Plaintiff moved this Court for the imposition of an appellate bond prior to the dismissal of Objector's appeal, but prior to the deadline to file his opposition to Plaintiff's bond motion, the Court deemed Plaintiffs' motion moot. (Doc. 232) Thus, this Objector has not had the opportunity to meaningfully oppose the motion and discuss the relevant test utilized by the Ninth Circuit in assessing whether to impose an appeal bond and, if so, in what amount.

A.  **Imposition of an Appeal Bond is Discretionary under Rule 7.**

Federal Rule of Appellate Procedure 7 states that the district court "may" grant an appeal bond at its own discretion in an amount to cover appellate costs. The language of the statute and underlying case law indicate that the appropriateness of imposing an appeal bond on an appellant in any dollar amount is within the sound discretion of the Court. Courts within this Circuit ordinarily rely on *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 960, 961 (9th Cir. 2007) and *Fleury v. Richemont North America Inc.*, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) to review the propriety of an appeal bond request.

The *Fleury* court stated that F.R.A.P. 7 was only appropriate to the extent necessary to ensure reimbursement of an appellee. Specifically, the court noted that a bond is not designed to impose an independent penalty on the appellant for filing an appeal in the first place. *Fleury* at *6, citing *Azizian* 499 F.3d at 961. This Circuit confirmed in *Azizian* that Rule 7 "authorizes a bond only to cover "costs' on appeal as expressly defined by rule or statute…The Ninth Circuit held the express language of Rule 7 which encompasses only "costs" must be given literal effect." (Citations omitted.) *Fleury*, 2008 WL 4680033 at *8.

To ensure a fair and appropriate bond amount, the Ninth Circuit analyzes the following factors: (1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay the appellee's costs if the appeal loses, and (3) the merits of the appeal. *Fleury* at *7.

In the instance the Court determines an appeal bond should also be applied to this appellant, the bond must be limited to expected costs on appeal, pursuant to Fed. R. App. P. 38(e). These costs encompass <u>only</u>, (1) the preparation and transmission of the record, (2) the reporter's transcript, if

1  needed to determine the appeal, (3) premiums paid for a supersedes bond or other bond to preserve
2  rights pending appeal and (4) the fee for filing the notice of appeal.
3        This Rule of appellate procedure does not permit reimbursement of any other costs.  Here, the
4  costs that are likely to be incurred will only include the preparation and transmission of the record, the
5  reporter's transcript, and the fee for filing the notice of appeal.  Since the record will not be extensive,
6  given the finite issues being appealed, this cost will not be a significant one.  The reporter's transcript is
7  likely to be in the hundred dollar range, and the notice of appeal has already been filed, and the cost
8  been borne by, this appellant.  Therefore, assuming *arguendo* that appellant is not successful, these costs
9  will be *de minimis*.

10  **A.**  **The Azizian/Fleury Factors Indicate an Appeal Bond is Not Warranted in this Case.**
11      **1.** *The Financial Ability of the Appellant is a Neutral Factor.*
12        The financial ability of the appellant is the first factor the Court may use to determine whether to
13  impose an appeal bond.  Generally speaking, an appellant's ability to pay an appeal bond weighs in
14  favor of imposing one.  The *Fleury* Court discussed this first factor and determined that circumstances
15  of that appellant's financial status weighed neither positively nor negatively in its determination of
16  whether to impose an appeal bond.  The Court determined this based on the fact that there was no
17  indication that the Appellant was unable to post a bond in the $1,000.00 to $5,000.00 dollar range.
18  Here, appellant is an attorney.   He is perfectly capable of providing a reasonable amount to cover any
19  potential costs to which appellees may be entitled.  Therefore, this factor should weigh neutrally in the
20  Court's determination. *Fleury* 2008 WL 4680033, at *7.
21      **2.** *The Risk of Non-Payment is Nil.*
22        The risk that an appellant will shirk his duty to pay costs after an unsuccessful appeal is also a
23  factor that weighs in favor of the imposition of an appeal bond. The *Fleury* Court noted that, while there
24  was no indication that the appellant before it would not pay the appeal costs, appellant was also not a
25  resident of California or of any state within the Ninth Circuit and that these factors weighed in favor of
26  imposition of an appeal bond.  *Id.* at *7.
27        Appellant is an attorney in the state of Texas.  As a member of the state bar, he is obliged to
28  adhere to the highest ethical guidelines.  Therefore, the likelihood that he would shirk his duty to pay

any costs owed by him is unlikely.  Furthermore, his attorney of record has already offered a reasonable bond amount be deposited in appellees trust account to assure them of payment.  At this point, this offer has not been accepted.  However, the willingness by appellant and his counsel should be noted in the analysis of this factor.  Therefore, this factor should weigh against imposition of a bond.

### 3. *This Appeal is Meritorious.*

An appeal is frivolous "if the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir. 1983). The fact that there is a body of federal jurisprudence regarding attorney's fees shows reasonable persons may have differing opinions on this issue of reasonable attorney's fee awards.  This Court's determination regarding fairness of the settlement notwithstanding, Objector has a right to appeal this final adjudication of his claims to a higher court. *Devlin v. Scardelletti*, 536 U.S. 1, *2 (2005.) Objector's difference of opinion does not mean he did not provide meritorious arguments supporting this objection. Therefore, because the appeal is not frivolous, this factor too should weigh against imposition of a bond.

Plaintiffs devote an extraordinary amount of argument to covering Mr. Palmer's other cases in their effort to urge the Court to impose this bond on the grounds that the appeal is frivolous.   Further, Plaintiffs offer no support for their extraordinary request that the bond be imposed not just on the appellant, but on his counsel of record as well.  This is improper for several reasons, not the least of which Plaintiffs have misrepresented facts to the Court with respect to court's ruling on other appeal bonds; in *Gemelas v. Dannon,* only one appellant was deemed by the Court to be frivolous, and this did not include Mr. Palmer or Mr. Bandas.

Plaintiffs contend that the appeal is in bad faith or frivolous, not because of the substance of the objection/appeal, but because of who is representing the class members:  attorneys who have filed objections in the past.  This is improper character evidence properly excluded under Federal Rules of Evidence, Rule 403.  Not only is the proffered evidence of Mr. Palmer's other cases irrelevant to the consideration of the merits of this case, but any probative value is substantially outweighed by the danger of unfair prejudice.  The committee notes state that "these circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful that merely wasting time, at the other extreme. *Slough, Relevancy Unraveled,* 5 Kan. L. Rev. 1, 12-15

4

(1956); Trautman, *Logical or Legal Relevancy – a Conflict in Theory,* 5 Van. L. Rev. 385, 392 (1952); McCormick §152, pp. 319-21." (1975 Committee Notes to Rule 403)

Mr. Palmer is not even a party to this litigation, and yet Plaintiffs request the Court to consider evidence of his professional career, none of which is relevant to the merits of the objection or appeal. This runs afoul of Rule 404 as well. The committee notes, again, shed light on the impropriety of this type of submission: "the circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay." 2006 Committee Notes to Rule 404.

Judge Phillips, in *True v. American Honda,* 749 F.Supp.2d 1052 (C.D.Cal. 2010), stated that an objection is not to be measured by who wrote it, but by its content:

> The Objectors here have raised serious, legitimate concerns about the adequacy of the proposed settlement. . . . First, Plaintiffs attack many of the Objectors' counsel because they have represented objectors in other actions in the past. This has no greater bearing on the merits of the objections raised than a plaintiff's counsel's experience in filing class action suits speaks to the merits of claims he brings. [¶] Second, Plaintiffs suggest that the Court should not give weight to the objections of the Goldberg objectors, as they are all attorneys. Plaintiffs cite no authority for this proposition, and the Court sees no reason why it should give less consideration to the views of any class member simply because of his or her profession.
> 749 F.Supp.2d at 1079.

Apart from the litany of cases Mr. Palmer has participated in, he has enjoyed success in other settlements which resulted in improvements to the settlement. Judge Phillips, in the *True v. American Honda* case, noted that Mr. Palmer's objections were "meritorious," and his suggestions were incorporated in the subsequent settlement (representing Margaret Peterman). His efforts, together with other objectors' counsel, in *Rodriguez v. West Publishing Corp.,* 563 F.3d 948 (9th Cir. 2009), were also appreciated by the court and resulted in an improvement for the class.

Ultimately, courts are not just "weary" of professional objectors, but are also "weary" of the personal attacks against them. Two recent cases denied appeal bonds for this simple reason:

> The Parties provide no justification for the amount of the bond beyond their intense dislike for objectors in general and these Objectors in particular. In fact, while the Objectors have suggested a lesser amount might be appropriate, the Court does not believe a bond is "necessary to ensure payment of costs on appeal."

*In re Bisphenol-A Polycarbonate Plastic Products Liability Litigation,* 4-08-md-01967-ODS, Dkt. 763, 7/26/11 (J. Ortrie D. Smith).  Judge Baer, in the Southern District of New York, denied a request for appeal bond for the same reasons:

> Plaintiffs have failed to demonstrate that there is a substantial risk of nonpayment of appeal costs of the Objectors, merely noting that appellants are scattered around the country.  At *2.  Although the Plaintiffs characterize several of the attorneys involved in this appeal as "professional objectors," I do not find that they have exhibited any bad faith or vexatious conduct in filing this appeal or in the litigation in general.  Merely characterizing some of the attorneys as "professional objectors" without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough.  At *3.
> *Blessing v. Sirius XM Radio,* 2011 WL 5873383 (S.D.N.Y 11/22/11)(J. Harold Baer, Jr.).

Finally, it is worth recognizing that Mr. Palmer recently won his appeal to the Ninth Circuit in the *Dennis v. Kellogg* case, which recognized that *cy pres* provisions must be tied to the purposes of the lawsuit, and that the fee award must be reasonable (striking down an alleged 19% fee award as unreasonable).   Judge Smith, in the *Bisphenol* matter, chose this approach:

> The Court will neither comment on, nor strike those comments.  Beyond ignoring them, the Court will simply state for the Record that it does not regard the Objectors' arguments or appeal as frivolous.  The Court does not agree with the Objectors – that much is clear from the Court's ruling approving the settlement.  However, the Court also acknowledges that some of the issues raised are novel and are worthwhile subjects of an appeal.
> *In re Bisphenol, supra,* Dkt. 763, n.1.

The same approach is advisable in this matter.

## II. CONCLUSION

For the foregoing reasons, Objector respectfully requests that the Court deny Plaintiff's request for reconsideration but, if it is inclined to grant the present motion, permit Objector to more fully respond to the motion requesting bond and provide relevant evidence in support.

Dated:   July 18, 2012                      By:  ____/s/ Joseph Darrell Palmer_____
                                                                           Joseph Darrell Palmer
                                                                           Attorney for Objector Christopher Bandas

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2012, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

           ___/s/ Joseph Darrell Palmer_____
           Joseph Darrell Palmer
           Attorney for Objector