**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for KEVIN EMBRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNA

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ACER AMERICA CORPORATION,<br><br>Defendants | Case No. CV-09-1808 (JW)<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION RE ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REQUIRE APPELLATE BOND**<br><br>Judge: Hon. James Ware |

**REPLY MEMORANDUM**

**I.     INTRODUCTION**

This Court previously imposed an appellate bond of $70,650 on objector Sam Cannata. It declined to impose the same bond on objector Christopher Bandas, and the Law Offices of Darrell Palmer, because Bandas' appeal had been dismissed for failure to pay the filing fees. After Bandas paid the fees and his appeal was reinstated, Plaintiff sought reconsideration, so that the same bond requirement would be imposed on Bandas and his attorney. (Cannata has since voluntarily dismissed his appeal.)

Bandas provides no valid reason that he should not be subjected to the same bond that was imposed on Cannata. To the contrary, he merely makes the identical arguments that the Court already rejected in deciding to impose a bond.

**II.    ARGUMENT**

**A.     Bandas Previously Opposed The Imposition of An Appellate Bond.**

Citing Local Rule 7-3, Bandas first argues that he should have received 14 days to oppose Plaintiff's motion for reconsideration because he has not previously "had the opportunity to meaningfully oppose" Plaintiff's motion for an appellate bond. He further contends that "prior to the deadline to file his opposition to Plaintiff's [original] bond motion, the Court deemed Plaintiffs' (sic) motion moot." (Dkt.# 262 at 2.) Bandas misrepresents the facts. The original motion was filed March 23 (Dkt.# 232), and Bandas opposed it 14 days later on April 6. (Dkt.# 239.) The Court did not rule on the motion until April 24. (Dkt.# 245.) Bandas must know that he filed a prior opposition, as his current opposition includes the identical arguments he made last time. (Compare Dkt.## 239 & 262.)

**B.     Bandas Does Not Dispute The Changed Circumstances.**

Bandas does not dispute that the reinstatement of his appeal constitutes a changed circumstance that justifies reconsideration of the original order. He cannot so dispute, as the bond originally was denied as to Bandas, and the Law Offices of Darrell Palmer, solely on the grounds that his appeal had been dismissed.

### C. This Court Correctly Imposed A Bond on Objector Cannata; The Same Analysis Equally Applies to Objector Bandas.

On June 5, the Court found that it was appropriate to impose a bond of $70,650 to cover anticipated costs on appeal. This amount was the sum of (1) $15,000 that Plaintiff's counsel testified would be incurred to prepare and copy the record and briefs and obtain the reporters transcript and (2) $55,650 that the claims administrator testified would be incurred for additional claims administration pending appeal. (Dkt.# 232 at 13, 17.)[1] The Court simultaneously rejected Plaintiff's request for a bond of an additional $276,164.51 in "delay damages." (Dkt.# 253.) Plaintiff did not request, and the Court did not impose, any bond to cover attorneys' fees on appeal. The Court finally found that the merits of the "appeal weigh heavily in favor of requiring a bond, insofar as his objections to the settlement are lacking in merit." (Id.)

Bandas does not specifically address any findings in the Order. Instead, he rehashes the same arguments regarding why no bond should be imposed, all of which were similarly made by Cannata, and rejected by this Court. Plaintiff briefly re-addresses each argument.

#### 1. The Bond Should Include Costs of Claims Administration Pending Appeal.

Bandas again argues this Court may only impose a bond for Rule 38 costs of preparing the transcript and record, but again fails to provide any support for the argument. He does not address the cases that have imposed bonds for cost of claims administration pending appeal. *See, e.g., In re Broadcom Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 45656 at *11-12 (ordering bond of $517,700 based on claims administrator's estimate of additional such notice costs to class members). And he admits that the "language of the statute and underlying case law indicate that the appropriateness of imposing an appeal bond on an appellant in any dollar amount is within the sound discretion of the Court." (Dkt.# 262 at 2:9-11.) Despite numerous chances, he also does

---

[1] The claims administrator, Amy Lake of Rust Consulting, attested that this amount would be necessary to pay for the following tasks: updating addresses and other information needed to remain in contact with Class members, locating lost Class members, providing notices to Class members to apprise them of Objectors' appeal and keep them informed about the status of the appeal, paying monthly fees for maintaining the website created to inform class members, and providing phone support to answer inquiries from the Class members. (Dkt.# 232-1.)

not dispute Plaintiff's evidentiary showing about the amount that will be incurred.

### 2. All Factors Support Imposition of The $70,650 Bond.

#### a. Bandas Admits That He Is Able To Pay For A Bond.

Bandas admits that he is able to afford an appellate bond "to cover any potential costs to which appellees may be entitled" (Dkt.# 262 at 3), and claims that this factor should accordingly "weigh neutrally." But as the Court held last time, "In the absence of evidence that posting a bond will pose a substantial hardship, this factor weighs in favor of requiring a bond." (Dkt.# 253 at 3, *citing Fleury v. Richemont North America, Inc., No*. C-05-4525 EMC, 2008 U.S. Dist. LEXIS 88166 (N.D. Cal. Oct. 21, 2008), at *21-22.) Bandas further argues that in *Fleury*, the court actually found the factor neutral, but that was only because the court decided to impose a very small bond of $5000; it said "Given the size of the bond which this Court is inclined to impose, the factor is neutral." *Fleury*, 2008 U.S. Dist. LEXIS 88166 at *22. Here, the bond is a much higher amount: $70,650. *Fleury* sets forth the law clearly: "There is no indication that plaintiff is financially unable to post bond, and thus this factor weighs in favor of a bond." *Id., quoting Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-CV-74891-DT, 2008 U.S. Dist. LEXIS 45726, at *7 (E.D. Mich. June 12, 2008).

#### b. The Risk of Non-Payment Remains High.

Bandas also admits that "he resides outside of the jurisdiction of the Ninth Circuit," but claims that because he is an attorney, the risk of "non-payment" of "costs" is nil. He still does not submit any evidence, such as a sworn declaration, to establish a willingness to pay, nor does he explain how costs could be collected from him. Instead, he argues that his good faith is established by his attorney's offer to pay costs of a thousand dollars, or less than 1.5% of the total. Because Bandas does not dispute his place of residence or provide any way to guarantee payment, the second factor—i.e., the difficulty of collecting payment post-appeal—also weighs in favor of requiring a bond. (Dkt.# 253, *citing Fleury*, 2008 U.S. Dist. LEXIS 88166, at *7.)

#### c. The Appeal Is Without Merit.

Bandas finally contends, again without any support, that his appeal is not frivolous. He claims, for example, that there is a body of "jurisprudence regarding fees," which shows that

"reasonable persons may have differing opinions." But as was fully briefed in connection with the underlying objection, the Ninth Circuit has *expressly rejected all of the* specific objections made by Bandas in this case. *See, e.g., Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (detailed time records not required); *see also In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935 (9th Cir. 2011). Further, the same arguments have been rejected approximately one dozen times in this District alone, including five cases in the past year, where Bandas made the exact same objection.[2] Indeed, Bandas' latest opposition ignores the two recent Ninth Circuit cases where the court addressed these same exact objections, raised by both Bandas and Palmer (who were acting as counsel for other objectors), and held that none of the objections had merit. *See Stern v. Gambello,* 2012 U.S. App. LEXIS 9955 (9th Cir. May 17, 2012) (attorney Palmer); *Hartless v. Clorox Co.*, 2012 U.S. App. LEXIS 10539 (9th Cir. May 24, 2012) (attorneys Bandas and Palmer).

Bandas also argues that his appeal should not be deemed frivolous merely because it was filed by two professional objectors, which he contends amounts to improper character evidence. He then highlights cases where he and his attorney have been successful, albeit with different objections.[3] Though Bandas presents many arguments that are aimed at justifying his line of work, not once does he actually address the merits of *this* appeal.

In sum, Bandas still cannot establish that there is any merit to his appeal, let alone that the

---

[2] *See, e.g., Smith et al v. Wal-Mart Stores, Inc.,* 4:06-cv-02069-SBA (N.D. Cal. Sept. 7, 2010, Dkt.# 409; Dkt.## 426, 438); *Yeagley v. Wells Fargo & Company et al.,* 3:05-cv-03403-CRB (N.D. Cal. June 8, 2007, Dkt.# 110; Dkt.## 135, 142); *In re: Static Random Access Memory (SRAM) Antitrust Litigation,* 4:07-md-01819-CW (N.D. Cal. Sept. 1, 2011, Dkt.# 1385; Dkt.## 1391, 1393, 1408); *Sullivan v. Kelly Services, Inc.,* 4:08-cv-03893-CW (N.D. Cal. July 25, 2011, Dkt.# 117; Dkt.# 144); *Kramer v. Autobytel Inc et al.,* 4:10-cv-02722-CW (N.D. Cal. Jan. 5, 2012, Dkt.# 128; Dkt.# 148); *Chuck Browning v. Yahoo!, Inc.,* 5:04-cv-01463-HRL (N.D. Cal. May 15, 2007, Dkt.# 159: Dkt.# 200); *In re Mercury Interactive Securities Litigation*, 5:05-cv-03395-JF (N.D. Cal. Jan. 13, 2011, Dkt.# 401; Dkt.# 416); *The NVIDIA GPU Litigation,* 5:08-cv-04312-JW (N.D. Cal. Nov. 5, 2010, Dkt.# 296); *Fiori et al v. Dell, Inc, et al,* 5:09-cv-01518-JW (N.D. Cal. Feb. 21, 2011, Dkt.# 212; Dkt.# 216); *Yingling et al v. eBay, Inc.*, 5:09-cv-01733-JW (N.D. Cal. Feb. 14, 2011, Dkt.# 212; Dkt.# 218); *In re MagSafe Apple Power Adapter Litigation,* 5:09-cv-01911-JW (N.D. Cal. Jan, 6, 2012, Dkt.# 86); *In Re: Wachovia Corp.,* 5:09-md-02015-JF (N.D. Cal. Mar. 10, 2011, Dkt.# 124; Dkt## 207, 210; *In re: Google Buzz Privacy Litigation,* 5:10-cv-00672-JW (N.D. Cal. Jan. 10, 2011, Dkt.# 179; Dkt.# 128).

[3]

4

appeal is likely to succeed. The lack of merit to the appeals provides the third factor requiring imposition of an appeal bond. *See Yingling v. eBay, Inc.*, 2011 U.S. Dist. LEXIS 79738, at *5 (N.D. Cal. July 5, 2011), *citing Fleury*, 2008 U.S. Dist. LEXIS 88166, at *8.[4]

### 3. The Bond Should Be Imposed Jointly And Severally On Bandas And His Counsel Of Record.

Bandas finally repeats his argument that the bond may not be imposed on the Law Offices of Darrell Palmer. (Compare Dkt.# 239 & 262.) He states "Plaintiffs offer no support for their extraordinary request that the bond be imposed not just on the appellant, but on his counsel of record." (Dkt.# 262 at 4.) Last time he wrote that he had done an "omnibus search of all federal cases" and found no precedent for such a bond. (Dkt.# 239 at 2.) Both statements are false. Plaintiff has pointed out, at least twice, that such a bond was, in fact, imposed *on Bandas himself* in another case: *Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169 (N.D. Cal. Aug. 10, 2006) (court ordered joint and several appeal bond of $431,167 against objector and his counsel, Bandas). It is clear that Bandas and his counsel have no response to *Conroy*, so they prefer to pretend as if the case does not exist.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court impose, joint and severally, against Christopher Bandas and the Law Offices of Darrell Palmer a $70,650 appeal bond.

DATE:  July 20, 2012

GUTRIDE SAFIER LLP

/s/ Seth A. Safier
Adam Gutride
Seth A. Safier

835 Douglass Street
San Francisco, California 94114

---

[4] Bandas does not directly address a fourth factor, which is "whether the appellant has shown bad faith or vexatious conduct." *See Fleury v. Richemont North America, Inc., No*. C-05-4525 EMC, 2008 U.S. Dist. LEXIS 88166, at *19 (N.D. Cal. Oct. 21, 2008). The parties' positions on this issue are well-known, and need not be revisited.

**PROOF OF SERVICE**

I, Seth A. Safier, declare:

My business address is 835 Douglass, San Francisco, California. I am employed in the County of San Francisco, where this mailing occurs. I am over the age of 18 years and not a party to the within cause.

On July 20, 2012, I served the following documents:

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION RE ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REQUIRE APPELLATE BOND**

on the following person(s) in this action by placing a true copy thereof as follows:

Jeff McFarland (jeffmcfarland@quinnemanuel.com)
Stan Karas (skaras@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Joseph Darrell Palmer
Law Offices of Darrell Palmer
603 North Highway 101, Ste. A
Solana Beach, CA 92075

[X]   BY EMAIL DELIVERY. I caused said documents to be delivered by ECF to the above-mentioned persons.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this document was executed on July 20, 2012, at San Francisco, California.

/s/ Seth A. Safier