Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Christopher Bandas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, individually and on behalf of himself, the general public and those similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50,<br><br>            Defendants. | Case No. 09-cv-1808-JW<br><br>**MOTION TO STAY POSTING OF APPEAL BOND BY OBJECTOR/APPEALLANT CHRISTOPHER BANDAS**<br><br><br><br>Date: September 10, 2012<br>Time: 9:00 a.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. James Ware |

COMES NOW, CHRISTOPHER BANDAS, Appellant and Objector (hereinafter, "Objector" or "Sweeney") in the above captioned matter to file this Motion to stay the payment of an appeal bond pending his appeal of that order. (Docket 265, "Doc."). Objector respectfully submits the following arguments in support of his motion.

**I.   STATEMENT OF FACTS**

On February 18, 2012, this Court granted final approval of the class action settlement. (Doc. 218.) The final order did not address the concerns of this Objector and so he filed his notice of appeal

1

to the Ninth Circuit on March 12, 2012. (Doc. 222.) Class counsel filed their motion for an appeal bond from this Objector on March 23, 2012. (Doc. 232.) This Court denied the appeal bond request as moot because, at that time, Objector's appeal had been dismissed by the Ninth Circuit. (Doc. 253.) On June 25, 2012, the Ninth Circuit reinstated the Bandas appeal, and Plaintiffs moved for reconsideration of the bond motion as it applied to Objector Bandas. (Doc. 259, 261.)  Objector opposed this motion arguing, among other things, that he was able to pay *reasonable* appeal costs, in the amount cited by Plaintiffs' counsel. (Doc. 239.)

This Court granted Plaintiff's renewed motion for an appellate bond on July 31, 2012. (Doc. 265.) The Court's order requires Objector to deposit a $70,650 bond for potential costs on appeal. *Id.* at *4. Appellant intends to appeal the Court's order at docket entry 265. Accordingly, this Appellant requests that the imposition of the bond itself be stayed pending the outcome of his appeal from this order. Appellant contends the bond was not awarded in conformance with precedent from within this Circuit and is excessive given the likely costs that will be incurred from this appeal.

## II. LEGAL ARGUMENT

**A.   The Federal Rules Permit a Stay Pending the Outcome of the Appeal of this Court's Order.**

Federal Rule of Appellate Procedure[1] ("Rule") 8(a)(1)(A) permits a party to move the district court for a stay of the judgment or order of a district court pending appeal. The party seeking the stay of the district court order pending appeal is required to show the following: (1) its strong position on the merits of its appeal, (2) any irreparable injury if the stay was denied, (3) that the stay would not substantially harm other parties to litigation, and (4) that public interest favors a stay. *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960 (10th Cir. 1992.)

---

[1] Hereinafter, all references to "Rule" shall be to these rules unless otherwise noted.

    *a. The Merits of Appellant's Appeal.*

The Court has imposed an excessive appeal bond against this Objector. (Doc. 265.) This bond far exceeds any likely costs on appeal, many times over. The appeal from this order is meritorious based upon a review of Ninth Circuit jurisprudence and a strict reading of the Rules.

    i. *The Rules Indicate this Appeal is Meritorious.*

The legal standard for the imposition of an appellate bond and the amount, if any, is governed under Rule 7, the purpose of which is "to ensure that the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on appeal." The purpose of the rule is to "protect ... an appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time Warner, Inc.,* 2007 WL 2741033, *4 (S.D.N.Y. Sept. 20, 2007); see also, *Page v. A.H. Robins Co.*, 85 F.R.D. 139, 139-40 (E.D.Va. 1980.) Rule 38 delineates the exact costs that are compensable in the instance of a failed appeal: (1) the preparation of the record; (2) the reporter's transcript, if needed; (3) premiums paid for a supersedes bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal. Notably, these costs do not appear likely to be significant in this appeal.

A district court may not impose a bond in an amount beyond what is necessary under Rule 38 to insure adequate security if to do so would effectively preclude pursuit of an appeal. *Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972) (holding that statute conditioning appeal on posting of double bond was unconstitutional under Fourteenth Amendment equal protection clause). Rule 7 was not intended to be used as a means of discouraging appeals, even if perceived to be frivolous. *In re American President Lines, Inc*, 779 F.2d 714, 717 (C.A. D.C. 1985). See also, *Azizian v. Federated Dept. Stores, Inc*., 499 F.3d 950, 960 (9th Cir. 2007).

This Court has ordered a very high appeal bond. This amount is far more than what is necessary to cover any costs owed on appeal. Objector requests that the bond amount be reduced, or his ability to appeal may be affected.

## ii.   *Ninth Circuit Precedent Indicates this Appeal is Meritorious.*

The Ninth Circuit articulated the grounds upon which a district court may impose an appellate bond in *Azizian,* supra; see also *Fleury v. Richemont N. Am., Inc*., No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008.) A review of these cases reveals that the bond awarded was excessive.

An appellant's financial ability is the first factor in the *Fleury/Azizian* analysis. Generally speaking, an appellant's ability to pay an appeal bond weighs in favor of imposing one. *Fleury* at *7. Plaintiffs have admitted that the costs on this appeal will likely not exceed $15,000. (Motion at p. 1.) Objector has admitted that he can afford to pay for costs in that amount. (See Doc. ---, p. 11.) Despite this expressed willingness, the Court has imposed a bond fair in excess of the likely costs. The Court provided no analysis regarding the reason for such a lofty bond amount.

The next factor considered in this Circuit is whether an appellant would be willing to pay costs after an unsuccessful appeal. The *Fleury* court noted that, while there was no indication appellant would refuse to pay costs, appellant was also not a resident of California or of any state within the Ninth Circuit and that fact weighed in favor of imposition of an appeal bond. *Fleury* at *7. In this case Objector is willing to pay reasonable costs which are more likely not to exceed $15,000 by Plaintiffs own admission. This factor weighs against imposition of an appeal bond.

The *Fleury* Court also permits the district court to conduct a cursory review of the merits, only to the extent this "informs the likelihood that the appellant will lose and thus be liable for costs." *Fleury* at *6. The true analysis regarding the merits belongs in the purview of the Ninth Circuit.

*Azizian,* 499 F.3d at 960. The Ninth Circuit held that "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38." *Id.* at 961.

Here, this appeal bond functions as a *de facto* means to discourage Appellant's appeal. Appellant cannot pay this excessive bond amount and is ordered to dismiss his appeal as a result. Thus, the appeal from this Court's order is a meritorious one and weighs in favor of a stay.

      iii. *Appellant Would Suffer Irreparable Injury if this Stay is Not Imposed While Appellees Will Suffer None.*

If the stay is not imposed, Appellant will be unable to pay his appeal bond and will certainly have his appeal dismissed for this failure. Dismissing an appeal for failure to post an appeal bond is within the discretion of the appellate court. *Hargraves v. Bowden,* 217 F.2d 839, 840 (9th Cir.1954). Dismissal of an appeal is a discretionary, not mandatory, matter to be decided by the court. *In re Heritage Bond Litigatin,* 233 Fed.Appx. 627, 631 (9th Cir. 2007.) Dismissal is generally warranted where the appellant shows a flagrant disregard for the court's order. *Id.*

Here, Appellant is taking reasonable steps to ensure that his inability to comply with this Court's order does not result in a dismissal. Appellant simply cannot post such an exorbitant appeal bond and does not believe that case or statutory law supports the imposition of one in this amount. Contrarily, Appellees will not suffer any harm as a result of this brief stay pending resolution of this appeal bond issue. The case is concluded and is awaiting final resolution before the court of appeals. The extent to which a brief stay before this Court, which no longer has any active matters pending with respect to the underlying case, will prejudice the Appellees pales in comparison to the damage that will be done if Appellant misses his deadline to post the appellate bond and his appeal is dismissed. Thus, this prong weighs in favor of a stay.

      iv. *Public Interests Favor Imposition of a Stay.*

Appellant contends that public interest weighs in favor of imposition of a stay. As described above, the only possible negative outcome for any party would be for Appellant in the instance this Court denies this stay. Denial of this stay would surely result in the death knell of Appellant's underlying appeal. Further, denial of this request for a stay could prove to have a significant chilling effect on other litigant's desire to appeal. A track record of district courts' (a) imposition of lofty appeal bonds and (b) denial of a litigant's procedurally proper efforts to have that appeal bond reviewed for fairness under a higher court would certainly produce an undesired effect on other litigants who would choose to avoid an appeal altogether.

### III. **CONCLUSION**

For the foregoing reasons, Objector respectfully requests this Court stay imposition of the appeal bond as ordered at docket entry 265, pending the outcome of his appeal regarding same.

                                            LAW OFFICES OF DARRELL PALMER

Dated: August 6, 2012                By: /s/ Joseph Darrell Palmer
                                                 Joseph Darrell Palmer
                                                 Attorney for Objector, CHRISTOPHER BANDAS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2012, I electronically filed the foregoing MOTION TO STAY POSTING OF APPEAL BOND BY OBJECTOR/APPELLANT CHRISTOPHER BANDAS with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

            ___/s/ Joseph Darrell Palmer____
            Joseph Darrell Palmer
            Attorney for Objector