**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiff KEVIN EMBRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EMBRY, an individual, on behalf of himself, the general public and those similarly situated<br><br>    Plaintiff,<br><br>        v.<br><br>ACER AMERICA CORPORATION; AND DOES 1 THROUGH 50<br><br>    Defendants | CASE NO. CV-09-1808 (JW)<br><br>PLAINTIFF'S OPPOSITION TO MOTION TO STAY POSTING OF APPEAL BOND; REQUEST FOR LEAVE TO CONDUCT DISCOVERY<br><br>Date: September 10, 2012<br>Time: 9:00 am<br>Courtroom: 9, 9th Floor<br>Judge: Hon. James Ware |

In his ongoing campaign to delay distribution of class members' settlement benefits in order to extort attorneys' fees, Objector Bandas now asks this Court to stay imposition of a $70,650 bond pending resolution of yet another frivolous appeal. This is standard operating procedure for Objector and his counsel. Indeed, this same <u>exact</u>[1] motion was recently denied by this Court in *In Re Magsafe Apple Power Adapter Litigation*, Case No. 5:09-cv-01911-JW. (Safier Decl., Exs. A-B.) The Ninth Circuit also "recently denied a nearly identical stay application brought by another Objector in the same case." (Id., at Ex. B-C.)

Like all of Bandas' filings, this motion is barely coherent and entirely unsupported by the facts of this case or well-established Ninth Circuit law. It should be summarily rejected and Plaintiff should be granted leave of Court to depose Mr. Bandas regarding his new statements contending, for the first time, that he will be unable to pay costs when he loses on appeal.

I.  ARGUMENT

    A.  **Legal Standard**

The factors regulating the issuance of a stay are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Humane Society of U.S. v. Gutierrez*, 527 F.3d 788, 789-90 (9th Cir. 2008). The Ninth Circuit has recognized that the issues of likelihood of success on the merits and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *See Humane Society of U.S.*, 527 F.3d at 790 (*citing Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). In this instance, the probability of a successful appeal is nil; there is also no irreparable injury.

    B.  **There Is No Cause To Stay The Required Bond Or Dismissal.**

---

[1] Indeed, counsel left references to previous cases in this motion. *See, e.g.,* Dkt.# 267, at 1:21 (stating "hereinafter, "Objector" or "Sweeney."); *see also* Exhibit A to Safier Declaration.

### 1. Objector Has Exactly Zero Likelihood of Success on Appeal.

Bandas fails to make even a minimal showing that "he is likely to succeed on the merits." *Hilton*, 481 U.S. at 776. He absolutely will not succeed on the merits of this appeal because, as this Court is aware, the Ninth Circuit has previously denied the exact same arguments. (Safier Decl., Ex. C.)

Objector nevertheless reiterates the arguments, none of which have any more merit on this time around. He first argues that the bond is excessive. But he still does not dispute the evidence in the record establishing the propriety of the bond amount. Nor does he dispute that the bond amount is well within the range that has been required of objectors in many class action settlements. Moreover, nothing in Rule 7 requires Plaintiff, or this Court, to make any showing of the precise amount of costs that will be incurred on appeal. *See* Fed. R. App. Proc. 7; *see also In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47659, * 42 (D.N.J. July 2, 2007) ("[objector] does not offer any case law in support of its argument that Plaintiffs be required to make some sort of delineated showing of costs for a bond motion."). To the contrary, Rule 7 states that this Court may, in its discretion, require a bond in "in any ... amount necessary to ensure payment of costs on appeal." *See* Fed. R. App. Proc. And "[i]n practice, district courts are usually responsible at the conclusion of an appeal for taxing all appellate costs...." *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 959 (9th Cir. 2007). Objector has had numerous opportunities to demonstrate that the bond amount is excessive, but he remains incapable of doing so.[2] The required security is reasonable and necessary, and well within the bounds of this Court's discretion.

Objector next argues that he "cannot pay this excessive bond amount." This argument should be ignored because this is the first time that he has made the argument. Moreover, the argument is entirely unsupported. Unlike the objector in *In Re Magsafe Apple Power Adapter Litigation*, Case No. 5:09-cv-01911-JW, Bandas curiously has not submitted a declaration, likely because he can easily afford the

---

[2] Objector further argues that this Court "provided no analysis regarding the reason for such a lofty bond." This too is false. This Court correctly found that "that the $346,814.51 requested by Plaintiff is not warranted. Plaintiff requests only $70,650 in anticipated costs and $276,164.51 in anticipated 'delay damages,' which Plaintiff contends will result from the delay in class members obtaining relief caused by Objector's appeal." (Dkt.## 253; 265.)

bond. (Safier Decl., Exs. A-B.) Indeed, his attorney has informed Plaintiff's counsel that Bandas "has plenty of money" to pay fees and/or costs. (Id.)

### 2. Objector Will Suffer No Injury Absent A Stay.

Objector suggests that he will be irreparably injured if a stay is not imposed because he will have to dismiss his appeal. But there can be no injury from having to dismiss a frivolous appeal because there is no right to pursue a frivolous appeal. This is precisely why the right to appeal "may be limited by statute requiring, for instance, the posting of security for 'expenses ... which may be incurred' on appeal without offending principles of Equal Protection or Due Process fairness." *Adsani v. Miller*, 139 F.3d 67, 77 (2d Cir. 1998) 21 (*citing Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 551-52 (1949)). The United States Supreme Court has stated that government has the power "to close its courts ... if the condition of reasonable security is not met." *Cohen*, 337 24 U.S. at 552. In truth, the only actual (though unstated) "harm" that will be sustained by Objector (and his attorney) is that they will no longer be able to attempt to extort fees from the parties through delay.

### 3. Class Members Will Be Injured If A Stay Is Imposed.

Unlike Bandas and his attorney, class members will continue to be injured if a stay is imposed. As set forth in Plaintiff's bond motion, the value of the settlement benefits continue to erode over time. The recovery software, for example, is needed when a class member's computer fails. Many class members have already experienced such a failure and are unable to use their computers until the software is distributed. The longer it takes for class members to receive the recovery software, the more likely it will be that they will be unable to restore their computers. Even if the computers do not fail, it is likely that many class members will have modified or replaced their current computers and/or operating systems by the time the recovery software can be sent.

### 4. The Public Interest Favors Rejecting A Stay.

Bandas finally contends that the public interest weighs in favor of a stay because dismissal of his appeal may "chill" other litigant's desire to appeal. This is preposterous. The public interest is best served by class members getting their settlement benefits as soon as possible. It is further served by chilling the frivolous appeals that are routinely filed by serial professional objectors such as Messrs. Bandas and Palmer.

### C. Plaintiff Should Be Granted Leave to Depose Bandas.

On March 20, 2012, Plaintiff filed a motion for administrative relief to conduct discovery. (Dkt.# 228.) For the first time, in his stay motion, Bandas contends, through his attorney, that he "will be unable to pay his appeal bond." This is of great concern to Plaintiff because the costs associated with Bandas' appeal are mounting. Furthermore, Plaintiff intends to apply to the Ninth Circuit for attorneys' fees when his appeals are deemed frivolous. *See Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). Plaintiff must be permitted to depose Bandas to determine, *inter alia*, who will pay when his appeal(s) are lost.

## II. CONCLUSION

Based on the foregoing, this Court should deny the motion to stay and order Bandas to appear at deposition within 10 days.

DATE: August 10, 2012

GUTRIDE SAFIER LLP

/s/ Seth A. Safier /s/
Adam Gutride
Seth A. Safier
Attorneys for Plaintiff

## PROOF OF SERVICE

I, Seth A. Safier, declare:

My business address is 835 Douglass, San Francisco, California. I am employed in the County of San Francisco, where this mailing occurs. I am over the age of 18 years and not a party to the within cause.

On August 10, 2012, I served the following documents:

PLAINTIFF'S OPPOSITION TO MOTION TO STAY POSTING OF APPEAL BOND; REQUEST FOR LEAVE TO CONDUCT DISCOVERY

DECLARATION OF SETH A. SAFIER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STAY POSTING OF APPEAL BOND; REQUEST FOR LEAVE TO CONDUCT DISCOVERY

on the following person(s) in this action by placing a true copy thereof as follows:

Jeff McFarland (jeffmcfarland@quinnemanuel.com)
Stan Karas (skaras@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Joseph Darrell Palmer
Law Offices of Darrell Palmer
603 North Highway 101, Ste. A
Solana Beach, CA 92075

[X]   BY EMAIL DELIVERY. I caused said documents to be delivered by ECF to the above-mentioned persons.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this document was executed on August 10, 2012, at San Francisco, California.

/s/ Seth A. Safier

_____
Seth A. Safier, Esq.