IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Kevin Embry, | NO. C 09-01808 JW |
|         Plaintiff,<br>  v. | **ORDER DENYING MOTION FOR STAY** |
| ACER America Corp., | |
|         Defendant. | |

Presently before the Court is Objector Bandas' Motion for Stay.[1] In his Motion for Stay, Objector Bandas requests that the Court stay its July 31 Order[2]–which required Objector Bandas to either (1) post an appellate bond in the amount of $70,650, or (2) file a notice of dismissal of his appeal in this case–on the grounds that: (1) his appeal is meritorious, and (2) the appellate bond required by the Court is "exorbitant." (Motion at 1-6.) Plaintiff responds that the July 31 Order should not be stayed, as the appeal is not meritorious and the appellate bond required is not excessive.[3]

---

[1] (Motion to Stay Posting of Appeal Bond by Objector/Appeallant [sic] Christopher Bandas, hereafter, "Motion," Docket Item No. 267.)

[2] (Order Granting Plaintiff's Motion for Reconsideration; Requiring Appellate Bond, hereafter, "July 31 Order," Docket Item No. 265.)

[3] (Plaintiff's Opposition to Motion to Stay Posting of Appeal Bond; Request for Leave to Conduct Discovery at 1-5, hereafter, "Opp'n," Docket Item No. 270.)

1   "A stay is not a matter of right, even if irreparable injury might otherwise result." <u>Nken v.
2   Holder</u>, 129 S. Ct. 1749, 1760 (2009) (citation omitted).  Rather, it is "an exercise of judicial
3   discretion," and the "propriety of its issue is dependent upon the circumstances of the particular
4   case." <u>Id.</u> (citations omitted).  "The party requesting a stay bears the burden of showing that the
5   circumstances justify an exercise of that discretion." <u>Id.</u>

6   The standard for determining whether to grant a stay pending an appeal is similar to the
7   standard for issuing a preliminary injunction.  <u>See</u> <u>Tribal Village of Akutan v. Hodel</u>, 859 F.2d 662,
8   663 (9th Cir. 1988).  In considering whether to issue such a stay, district courts consider the
9   following factors: (1) "whether the stay applicant has made a strong showing that he is likely to
10  succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3)
11  "whether issuance of the stay will substantially injure the other parties interested in the proceeding";
12  and (4) "where the public interest lies."  <u>Nken</u>, 129 S. Ct. at 1760 (citation omitted).  The first two
13  factors "are the most critical." <u>Id.</u> at 1761; <u>see also</u> <u>Big Lagoon Rancheria v. California</u>, 759 F.
14  Supp. 2d 1149, 1164 (N.D. Cal. 2010).

15  Alternatively, a party may seek a stay pursuant to the "serious questions" test, which requires
16  a moving party to demonstrate "serious questions going to the merits" and that the "balance of
17  hardships tips sharply in the plaintiff's favor," along with a likelihood of irreparable injury and that
18  the stay is in the public interest.  <u>See</u> <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134-
19  35 (9th Cir. 2011); <u>see also</u> <u>Big Lagoon Rancheria</u>, 759 F. Supp. 2d at 1164 n.2.

20  Upon review, the Court does not find good cause to stay its July 31 Order.  In particular, the
21  Court finds that Objector Bandas has neither shown that he is "likely to succeed on the merits" nor
22  demonstrated "serious questions going to the merits."  Instead, Objector Bandas merely asserts that
23  his appeal is "meritorious."  (Motion at 3-4.)  However, as the Court explained in its July 31 Order,
24  the Court has already found that "the merits of [Objector Bandas'] appeal weigh heavily in favor of
25  requiring a bond, insofar as his objections to the settlement are lacking in merit."  (July 31 Order at
26  3.)  In particular, the Court explained that it had "carefully considered each of [Objector Bandas']
27  objections" to the settlement in this case, and "overruled them prior to approving the settlement."

1 (Id.) Thus, the Court finds that Objector Bandas' contentions regarding the merits of his appeal do
2 not constitute either a "strong showing" that he is likely to succeed on the merits or a demonstration
3 of "serious questions going to the merits,"[4] insofar as the Court has already expressly considered the
4 merits of his appeal, and found that his objections to the settlement lack merit.[5]

5       Accordingly, the Court DENIES the Motion for Stay. Moreover, the Court observes that in
6 its July 31 Order, it required Objector Bandas to either (1) post an appellate bond in the amount of
7 $70,650, or (2) file a notice of dismissal of his appeal in this case.[6] Objector Bandas has not
8 dismissed his appeal.[7] Neither has Objector Bandas posted the appellate bond required by the July
9 31 Order. The Court places Objector Bandas on notice that failure to immediately comply with the
10 Court's July 31 Order may result in a finding of civil contempt and the imposition of appropriate
11 sanctions.

12       Thus, the Court ORDERS that on or before **August 24, 2012**, Objector Bandas shall either
13 post the appellate bond required by the July 31 Order or dismiss his appeal. Failure to undertake

---

[4] Nken, 129 S. Ct. at 1760; Cottrell, 632 F.3d at 1134-35.

[5] In fact, Objector Bandas' Motion for Stay is, in effect, a request that the Court reconsider its July 31 Order, insofar as the Motion declines to accept the Court's finding in that Order that Objector Bandas' objections to the settlement lack merit. However, Objector Bandas did not file a motion for leave to file a motion for reconsideration of the July 31 Order.

[6] As observed above, the Motion for Stay contends that the amount of the appellate bond required by the Court in its July 31 Order is "exorbitant." (See, e.g., Motion at 4 (contending that the amount is "excessive" and that the Court "provided no analysis regarding the reason for such a lofty bond amount").) In fact, however, the Court expressly considered Objector Bandas' contention that a bond of $70,650 is "excessive" in its July 31 Order. (See July 31 Order at 4 n.12.) As the Court explained in that Order, Plaintiff made a sufficient evidentiary showing that a bond in that amount is reasonable, given the costs of maintaining contact with class members for the duration of an appeal, as well as the costs associated with preparing the record for appeal. (Id.)

[7] Instead of taking either of the actions required by the July 31 Order, Objector Bandas amended his notice of appeal to include the July 31 Order in his already pending appeal. (See Docket Item No. 268.)

3

either of these actions, as discussed above, may result in a finding of civil contempt and the imposition of sanctions.[8]

Dated: August 22, 2012

JAMES WARE
United States District Chief Judge

---

[8] In his Opposition, Plaintiff requests leave to depose Objector Bandas as to his ability to pay, insofar as Objector Bandas' Motion for Stay contends that Objector Bandas will be unable to pay the appellate bond. (Opp'n at 5.) As Plaintiff observes, Objector Bandas did not contend, in the briefing that led to the Court's July 31 Order, that he would be unable to pay an appellate bond. (See Objector Christopher Bandas's Response in Opposition to Plaintiff's Motion for Reconsideration at 3-4, Docket Item No. 262 (contending that the "risk of non-payment [by Objector Bandas] is nil," and further contending that Objector Bandas is "perfectly capable of providing a reasonable amount to cover any potential costs to which appellees may be entitled").) However, in light of this Order, the Court finds that the request for a deposition regarding Objector Bandas' ability to pay is premature at this time. If Objector Bandas fails to comply with the terms of this Order, Plaintiff may file the appropriate discovery motion regarding Objector Bandas' ability to pay, as well as the appropriate motion for sanctions.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Gutride adam@gutridesafier.com
Adam Joseph Bedel ajbedel@quinnemanuel.com
Jeffery David McFarland jdm@quinnemanuel.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Sam Cannata samcannata@cannataphillipslaw.com
Seth Adam Safier seth@gutridesafier.com
Stan Karas stankaras@quinnemanuel.com
Todd Michael Kennedy todd@gutridesafier.com

**Dated: August 22, 2012**               **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers**
         **William Noble**
         **Courtroom Deputy**

United States District Court
For the Northern District of California