United States District Court
For the Northern District of California

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6             FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                   SAN FRANCISCO DIVISION

8    Kevin Embry,                              NO. C 09-01808 JW

9              Plaintiff,             **ORDER GRANTING MOTION FOR
          v.                          CONTEMPT; STRIKING OBJECTOR
10                                     BANDAS' OBJECTION**

11   ACER America Corp.,

              Defendant.
12   _____/

13         Presently before the Court is Plaintiff's Motion for Contempt.[1]  In his Motion, Plaintiff

14   requests that the Court find Objector Christopher Bandas ("Bandas") in civil contempt for his failure

15   to comply with the Court's prior orders in this case, and further requests that the Court impose

16   various sanctions on Bandas.  (See id.)  The Court finds it appropriate to take the Motion under

17   submission without oral argument.  See Civ. L.R. 7-1(b).  Although Objector Bandas has not filed an

18   Opposition, in light of the Court's prior orders, and in light of Objector Bandas' history of failing to

19   comply with the Court's orders, the Court finds that it can address the Motion without an

20   Opposition.

21   **A.    Background**

22         On August 8, 2011, the parties filed a joint motion for preliminary approval of a class action

23   settlement in this case.  (Docket Item No. 175.)  On October 24, 2011, after requiring the parties to

24   make several revisions to their proposed order, the Court granted preliminary approval of the

25   settlement.  (Docket Item No. 195.)  On January 9, 2012, Plaintiff filed a motion for final approval

26   of the settlement.  (Docket Item No. 198.)  On January 23, 2012, Objector Bandas filed his

27   _____

28         [1]  (Plaintiff's Notice of Motion and Motion for Sanctions and Civil Contempt; Memorandum
     of Points and Authorities, hereafter, "Motion," Docket Item No. 273.)

United States District Court
For the Northern District of California

1   Objection to the settlement.[2]  On February 13, 2012, after requiring the parties to make several

2   revisions to their proposed final approval order, the Court held a hearing.[3]  (Docket Item No. 215.)

3   On February 14, 2012, the Court granted final approval of the settlement.  (Docket Item No. 218.)

4   On February 24, 2012, the Court issued an order in which it clarified that all objections that were not

5   specifically addressed in the final approval order were overruled.  (See Docket Item No. 221.)  In

6   particular, in that order the Court expressly considered Objector Bandas' objections, which the

7   Court observed were "not to the terms of the settlement itself, but only as to the amount of attorney

8   fees and the sufficiency of the evidence submitted in support of class counsel's request for fees."

9   (Id. at 2.)  The Court explained that it had "discussed at length the fairness of the fee award" in its

10  final approval order, and further explained that "[i]nherent in the finding that the fee award is fair is

11  the finding that the Court had adequate information to assess class counsel's request for fees."  (Id.)

12  Accordingly, "[f]or purposes of clarity," the Court reiterated that it had considered and overruled all

13  objections to the settlement and fee award, including Objector Bandas' objections.  (Id.)

14         On March 12, 2012, Objector Bandas appealed the settlement to the Ninth Circuit.  (Docket

15  Item No. 222.)  On March 23, 2012, Plaintiff filed a motion requesting that Objector Bandas, along

16  with other Objectors who had appealed, be required to pay an appellate bond.  (Docket Item No.

17  232.)  On April 18, 2012, the Ninth Circuit dismissed the appeal for failure to pay the appeal fees.

18  (Docket Item No. 241.)  On April 23, 2012, Objector Bandas moved the Court to reopen the case, on

19  the basis of his contention that the appeal had been dismissed "prematurely" by the Ninth Circuit.

20  (Docket Item No. 243.)  On April 24, 2012, the Court denied both the motion for an appellate bond

21  and Objector Bandas' motion to reopen the case, finding that the former motion was moot in light of

22  the Ninth Circuit's dismissal of the appeal, while the latter motion was properly to be decided by the

23

24

25      [2]  (Objection of Christopher Bandas to Proposed Settlement and Notice of Intent to Appear,
    hereafter, "Objection," Docket Item No. 199.)  In his Objection, Objector Bandas criticized several
26  aspects of the attorney fee application, and in particular requested that the Court "analyze the fee
    request [made by class counsel] with . . . heightened scrutiny."  (Id. at 4-7.)

27      [3]  Objector Bandas did not appear at the hearing.

28                                                          2

United States District Court

For the Northern District of California

1   Ninth Circuit itself.  (Docket Item No. 245.)  On June 25, 2012, Objector Bandas' appeal was

2   reinstated by the Ninth Circuit following his payment of fees.  (Docket Item No. 259.)

3           On July 31, 2012, the Court issued an order requiring Objector Bandas to either: (1) post an

4   appellate bond in the amount of $70,650; or (2) file a notice of dismissal of his appeal.[4]  On August

5   6, 2012, Objector Bandas filed a motion seeking a stay of the Court's July 31 Order.  (Docket Item

6   No. 267.)  On August 22, 2012, the Court denied that motion.  (See Order Denying Motion for Stay,

7   hereafter, "August 22 Order," Docket Item No. 272.)  In its August 22 Order, the Court reiterated

8   the conclusion of its July 31 Order, and observed that Objector Bandas had neither posted the

9   appellate bond required by that order nor dismissed his appeal.  (Id. at 3.)  Accordingly, the Court

10  ordered Objector Bandas to take one of those two actions on or before August 24, 2012, and placed

11  him "on notice that failure to immediately comply with the Court's July 31 Order may result in a

12  finding of civil contempt and the imposition of appropriate sanctions."  (Id.)  The Court also stated

13  that "[i]f Objector Bandas fails to comply with the terms of [the August 22 Order], Plaintiff may file

14  . . . the appropriate motion for sanctions."  (Id. at 4 n.8.)

15          On August 27, 2012, in accordance with the Court's August 22 Order, Plaintiff filed the

16  present Motion, on the grounds that Objector Bandas had neither posted the required appellate bond

17  nor dismissed his appeal.  (See Motion.)

18  **B.**   **Discussion**

19          At issue is whether Objector Bandas should be held in contempt of court for failing to

20  comply with the Court's orders, and what, if any, sanctions should be imposed as a result.

21          Civil contempt consists of "a party's disobedience to a specific and definite court order by

22  failure to take all reasonable steps within the party's power to comply."  Reno Air Racing Ass'n,

23  Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  Such contempt "need not be willful, and there

24  is no good faith exception to the requirement of obedience to a court order."  In re Dual-Deck Video

25  Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993) (internal quotations and citation

26

27     [4] (Order Granting Plaintiff's Motion for Reconsideration; Requiring Appellate Bond at 4, hereafter, "July 31 Order," Docket Item No. 265.)

28                                               3

**United States District Court**
For the Northern District of California

1  omitted).  "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to

2  compensate the party pursuing the contempt action for injuries resulting from the contemptuous

3  behavior, or both."  Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986)

4  (citations omitted).  Compensatory awards are limited to "actual losses *sustained as a result of the*

5  *contumacy*."  Id. (emphasis in original).

6       Upon review, the Court finds that Objector Bandas' failure to comply with the Court's July

7  31 Order and August 22 Order warrants a finding that Objector is in contempt, and imposes the

8  sanction of striking Objector's objection to the Final Settlement.  Accordingly, the Court ORDERS

9  Objector's Objection STRICKEN, which means that the Objection has no force or effect on the

10  Final Settlement.[5]

11       The Clerk of Court shall send a copy of this Order to the Ninth Circuit, where Objector's

12  appeal is pending.[6]

13       The Clerk shall close this file.

14

15  Dated:  August 29, 2012

16                                              JAMES WARE
                                                United States District Chief Judge

17

18

19

20

21

22

23

24

_____

25       [5] As discussed above, the Court had previously overruled Objector's Objection in the course
of granting final settlement approval.

26

27       [6] In light of this Order, the Court DENIES as moot Plaintiff's Motion for Administrative
Relief Shortening Time, Docket Item No. 274.

28                                              4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Gutride adam@gutridesafier.com
Adam Joseph Bedel ajbedel@quinnemanuel.com
Jeffery David McFarland jdm@quinnemanuel.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Sam Cannata samcannata@cannataphillipslaw.com
Seth Adam Safier seth@gutridesafier.com
Stan Karas stankaras@quinnemanuel.com
Todd Michael Kennedy todd@gutridesafier.com

**Dated:  August 29, 2012**                                  **Richard W. Wieking, Clerk**

                                                              **By:       /s/ JW Chambers**
                                                                    **William Noble**
                                                                    **Courtroom Deputy**

**United States District Court**
For the Northern District of California